**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE;
DR. ANDREA WESLEY; DR. JOSEPH
WESLEY; ROBERT EVANS; GARY
FREDERICKS; PAMELA HAMMER**       **PLAINTIFFS**

**VS.**       **CIVIL ACTION NO. 3:22-cv-734-DPJ-HSO-LHS**

**STATE BOARD OF ELECTION
COMMISSIONERS; TATE REEVES,** *in his
official capacity as Governor of Mississippi*;
**LYNN FITCH,** *in her official capacity as
Attorney General of Mississippi*; **MICHAEL
WATSON,** *in his official capacity as Secretary
of State of Mississippi*; **DAN EUBANKS,** *in his
official capacity as Ranking House Member of
the Standing Joint Legislative Committee on
Reapportionment and Redistricting*; **and DEAN
KIRBY,** *in his official capacity as Vice
Chairman of the Standing Joint Legislative
Committee on Reapportionment and
Redistricting*       **DEFENDANTS**

---

**SEPARATE ANSWER AND DEFENSES OF STATE EXECUTIVE DEFENDANTS
TO PLAINTIFFS' COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF**

---

COME NOW Defendants State Board of Election Commissioners, Tate Reeves, in his

official capacity as Governor of Mississippi, Lynn Fitch, in her official capacity as Attorney

General of Mississippi, and Michael Watson, in his official capacity as Secretary of State of

Mississippi, (hereinafter collectively "Defendants") by and through counsel, and file this their

Answer and Defenses to the Complaint for Declaratory Judgment and Injunctive Relief [Dkt. #1]

filed against them by the Plaintiffs, Mississippi State Conference of the National Association for

the Advancement of Colored People, Dr. Andrea Wesley, Dr. Joseph Wesley, Robert Evans, Gary Fredericks, and Pamela Hammer, (hereinafter collectively "Plaintiffs") herein, as follows:

## FIRST DEFENSE

Defendants allege a lack of subject matter jurisdiction and move for dismissal.

## SECOND DEFENSE

Defendants allege a lack of personal jurisdiction and move for dismissal.

## THIRD DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted, and Defendants move for dismissal.

## FOURTH DEFENSE

Defendants allege a misjoinder of parties and/or claims.

## FIFTH DEFENSE

Plaintiffs' Complaint fails to join necessary and/or indispensable parties, and Defendants move for joinder or, alternatively, for dismissal.

## SIXTH DEFENSE

Defendants allege a lack of standing in bar of Plaintiffs' claims.

## SEVENTH DEFENSE

Defendants affirmatively plead the doctrine of sovereign immunity and the provisions and protections of the Eleventh Amendment to the United States Constitution, as well as any and all privileges and immunities afforded thereby, in bar of Plaintiffs' claims.

## EIGHTH DEFENSE

Defendants affirmatively plead the doctrine of legislative immunity in bar of Plaintiffs' claims.

## NINTH DEFENSE

Defendants invoke the principle of judicial nonintervention in impending elections, *viz.*, the so-called "*Purcell* principle" predicated upon *Purcell v. Gonzalez*, 549 U.S. 1 (2006).  To the extent Plaintiffs seek relief in close temporal proximity to any upcoming election, it would be inequitable to afford them such relief at such a late date.

## TENTH DEFENSE

Defendants invoke all applicable statutes of limitations and the doctrines of laches, waiver, and estoppel in bar of Plaintiffs' claims.

## ELEVENTH DEFENSE

AND NOW, without waiving the above and foregoing defenses, and responding to Plaintiffs' Complaint paragraph by paragraph, Defendants answer and allege as follows:

1.      Defendants deny that the Mississippi Legislature's 2022 State Senate and State House redistricting plans violate Section 2 of the Voting Rights Act of 1965 and/or the Constitution of the United States as alleged in the first sentence of Paragraph 1 of Plaintiffs' Complaint.  The remaining allegations contained in the first sentence of Paragraph 1 of Plaintiffs' Complaint are statements of intent, and as such require no response from Defendants.  Defendants deny the allegations contained in the second sentence of Paragraph 1 of Plaintiffs' Complaint.

2.      Defendants deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.      Except to state that Mississippi's demographic statistics and trends, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.      Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.     Except to state that the demographics of the enacted legislative districts, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.     Defendants deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.     Defendants deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.     Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.     Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint and deny that Plaintiffs are entitled to declaratory, injunctive, or any other relief in the premises.

10.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint and deny that this Court has subject matter jurisdiction as to all claims against all defendants.

11.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.     Except to state that venue is proper in the Northern Division of the Southern District of Mississippi, and except to further state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiffs' Complaint and therefore deny the same.

16.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiffs' Complaint and therefore deny the same.

17.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiffs' Complaint and therefore deny the same.

18.     Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of Paragraph 19 of Plaintiffs' Complaint and therefore deny the same.  Defendants deny the remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of Paragraph 20 of Plaintiffs' Complaint and therefore deny the same.  Defendants deny the remaining allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of Paragraph 22 of Plaintiffs' Complaint and therefore deny the same.  Defendants deny the remaining allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of Plaintiffs' Complaint and therefore deny the same.

24.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of Plaintiffs' Complaint and therefore deny the same.

25.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of Plaintiffs' Complaint and therefore deny the same.

26.     Defendants deny the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiffs' Complaint and therefore deny the same.

28.     Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of Plaintiffs' Complaint and therefore deny the same.

30.     Defendants deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.     Defendants admit that Tate Reeves is the Governor of the State of Mississippi and is a member of the State Board of Election Commissioners.  Plaintiffs' representation that Governor Reeves is sued in his official capacity is a statement of intent, and as such requires no response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.     Defendants admit that Lynn Fitch is the Attorney General of the State of Mississippi and is a member of the State Board of Election Commissioners.  Plaintiffs' representation that General Fitch is sued in her official capacity is a statement of intent, and as such requires no response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.     Defendants admit that Michael Watson is the Secretary of State of the State of Mississippi and is a member of the State Board of Election Commissioners.  Plaintiffs' representation that Secretary Watson is sued in his official capacity is a statement of intent, and as such requires no response from Defendants.  Except to state that the law, where applicable, will

speak for itself, Defendants deny the remaining allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.    Defendants admit that Representative Dan Eubanks is a member of the Mississippi State House of Representatives and a member of the Standing Joint Legislative Committee on Reapportionment and Redistricting formed in 2021 pursuant to MISS. CODE ANN. § 5-3-91. Plaintiffs' representation that Representative Eubanks is sued in his official capacity is a statement of intent, and as such requires no response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.    Defendants admit that Senator Dean Kirby is a member of the Mississippi State Senate and is the Vice Chairman of the Standing Joint Legislative Committee on Reapportionment and Redistricting formed in 2021 pursuant to MISS. CODE ANN. § 5-3-91.  Plaintiffs' representation that Senator Kirby is sued in his official capacity is a statement of intent, and as such requires no response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.    Except to state that the law, where applicable, and legislative history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.     Except to state that Mississippi's demographic features, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.     Except to state that Mississippi's demographic trends and voter demographics, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.     Except to state that Mississippi's history and demographic trends, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.     Except to state that Mississippi's legislative and legal history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.     Except to state that Mississippi's electoral history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.     Defendants admit that Mississippi is no longer subject to Section 5 preclearance. Except to state that Mississippi's legislative history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.     Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of Plaintiffs' Complaint and therefore deny the same.

51.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 of Plaintiffs' Complaint and therefore deny the same.

52.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52 of Plaintiffs' Complaint and therefore deny the same.

53.     Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 of Plaintiffs' Complaint and therefore deny the same.

54.     Defendants admit that on or about January 24, 2022, Governor Tate Reeves signed into law a bill redrawing the boundaries of Mississippi's congressional districts, which bill was previously approved by the State House of Representatives and the State Senate.  Except to state that the voting records of the Mississippi Legislature, as determined from accurate sources and where applicable, will speak for themselves, Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 54 of Plaintiffs' Complaint and therefore deny the same.

55.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of Plaintiffs' Complaint and therefore deny the same.

56.     Except to state that the legislative calendar for the 2022 session of the Mississippi Legislature, as determined from accurate sources and where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 of Plaintiffs' Complaint and therefore deny the same.

57.     Except to state that the "tweets" quoted in part in Paragraph 57 of Plaintiffs' Complaint were posted on or about March 27, 2022, to Defendant Governor Tate Reeves's Twitter account, and except to further state that the aforementioned "tweets" will speak for themselves in terms of their content, Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58 of Plaintiffs' Complaint and therefore deny the same.

59.     Except to state that the voting records of the Mississippi Legislature, as determined from accurate sources and where applicable, will speak for themselves, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 59 of Plaintiffs' Complaint and therefore deny the same.

60.     Except to state that the voting records of the Mississippi Legislature, as determined from accurate sources and where applicable, will speak for themselves, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60 of Plaintiffs' Complaint and therefore deny the same.

61.     Except to state that the voting records of the Mississippi Legislature, as determined from accurate sources and where applicable, will speak for themselves, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of Plaintiffs' Complaint and therefore deny the same.

62.     Except to state that the voting records of the Mississippi Legislature, as determined from accurate sources and where applicable, will speak for themselves, and except to further state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of Plaintiffs' Complaint and therefore deny the same.

63.     Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65.     Except to state that the geographic and demographic features of the enacted 2022 maps and the DeSoto County area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' Complaint.

66.     Except to state that the geographic features and voter demographics of the enacted 2022 and 2012 maps and the DeSoto County area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67.     Except to state that the geographic and demographic features of the enacted 2022 maps and the DeSoto County area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68.     Except to state that the geographic and demographic features of the enacted 2022 maps and the DeSoto County area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69.     Except to state that the voter demographics and electoral history of the DeSoto County area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.     Except to state that the geographic and demographic features of the enacted 2022 maps and the Golden Triangle area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.     Except to state that the geographic and demographic features of the enacted 2022 maps and the Golden Triangle area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.     Except to state that the geographic features and voter demographics of the Golden Triangle area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76.     Except to state that the voter demographics and electoral history of the Golden Triangle area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79.     Except to state that the geographic and demographic features of the enacted 2022 maps and the South-Central Mississippi area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80.     Except to state that the geographic features and voter demographics of the South-Central Mississippi area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 80 of Plaintiffs' Complaint.

81.     Except to state that the geographic features and voter demographics of the South-Central Mississippi area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82.     Except to state that the voter demographics and electoral history of the South-Central Mississippi area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85.     Except to state that the geographic and demographic features of the enacted 2022 maps and the Hattiesburg area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86.    Except to state that the geographic features and voter demographics of the Hattiesburg area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.    Except to state that the voter demographics and electoral history of the Hattiesburg area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

88.    Defendants deny the allegations contained in Paragraph 88 of Plaintiffs' Complaint.

89.    Defendants deny the allegations contained in Paragraph 89 of Plaintiffs' Complaint.

90.    Except to state that Mississippi's redistricting and electoral history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 90 of Plaintiffs' Complaint.

91.    Defendants deny the allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92.    Except to state that the geographic and demographic features of the enacted 2022 maps and the Gulfport area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93.    Defendants deny the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94.    Except to state that the geographic and demographic features of the enacted 2022 maps and the Gulfport area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95.    Except to state that the geographic and demographic features of the enacted 2022 maps and the Gulfport area, as determined from accurate sources and where applicable, will speak

for themselves, Defendants deny the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of Plaintiffs' Complaint.

98.     Defendants deny the allegations contained in Paragraph 98 of Plaintiffs' Complaint.

99.     Except to state that the geographic and demographic features of the enacted 2022 maps and the Western Jackson Metro area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 99 of Plaintiffs' Complaint.

100.    Except to state that the geographic and demographic features of the enacted 2022 maps and the Western Jackson Metro area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 100 of Plaintiffs' Complaint.

101.    Except to state that the geographic features and voter demographics of the enacted 2022 maps and the Western Jackson Metro area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 101 of Plaintiffs' Complaint.

102.    Except to state that the voter demographics and electoral history of the Western Jackson Metro area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 102 of Plaintiffs' Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of Plaintiffs' Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of Plaintiffs' Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of Plaintiffs' Complaint.

106.    Except to state that the geographic and demographic features of the enacted 2022 maps and the Golden Triangle area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 106 of Plaintiffs' Complaint.

107.    Except to state that the geographic and demographic features of the enacted 2022 maps and the Golden Triangle area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 107 of Plaintiffs' Complaint.

108.    Except to state that the geographic and demographic features of the enacted 2022 maps and the Golden Triangle area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

109.    Except to state that the voter demographics of the enacted 2022 and 2012 maps and the Golden Triangle area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 109 of Plaintiffs' Complaint.

110.    Defendants deny the allegations contained in Paragraph 110 of Plaintiffs' Complaint.

111.     Defendants deny the allegations contained in Paragraph 111 of Plaintiffs' Complaint.

112.     Defendants admit, on information and belief, the allegations contained in Paragraph 112 of Plaintiffs' Complaint.

113.     Except to state that the voter demographics and electoral history of the Golden Triangle area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 113 of Plaintiffs' Complaint.

114.     Defendants deny the allegations contained in Paragraph 114 of Plaintiffs' Complaint.

115.     Defendants deny the allegations contained in Paragraph 115 of Plaintiffs' Complaint.

116.     Defendants deny the allegations contained in Paragraph 116 of Plaintiffs' Complaint.

117.     Defendants deny the allegations contained in Paragraph 117 of Plaintiffs' Complaint.

118.     Except to state that the geographic and demographic features of the enacted 2022 maps and the area between Meridian and Laurel, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 118 of Plaintiffs' Complaint.

119.     Except to state that the geographic and demographic features of the enacted 2022 maps and the area between Meridian and Laurel, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 119 of Plaintiffs' Complaint.

120.    Except to state that the voter demographics and electoral history of the area between Meridian and Laurel, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 120 of Plaintiffs' Complaint.

121.    Defendants deny the allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122.    Defendants deny the allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123.    Defendants deny the allegations contained in Paragraph 123 of Plaintiffs' Complaint.

124.    Defendants deny the allegations contained in Paragraph 124 of Plaintiffs' Complaint.

125.    Except to state that the geographic and demographic features of the enacted 2022 maps and House District 34, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 125 of Plaintiffs' Complaint.

126.    Except to state that the geographic and demographic features of the prior maps and enacted 2022 maps, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 126 of Plaintiffs' Complaint.

127.    Except to state that the geographic and demographic features of the prior maps and enacted 2022 maps, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 127 of Plaintiffs' Complaint.

128.    Defendants admit, on information and belief, the allegations contained in Paragraph 128 of Plaintiffs' Complaint.

129.    Defendants admit, on information and belief, the allegations contained in the final sentence of Paragraph 129 of Plaintiffs' Complaint.  Defendants deny the remaining allegations contained in Paragraph 129 of Plaintiffs' Complaint.

130.    Defendants deny the allegations contained in Paragraph 130 of Plaintiffs' Complaint.

131.    Defendants deny the allegations contained in Paragraph 131 of Plaintiffs' Complaint.

132.    Except to state that the geographic and demographic features of the enacted 2022 maps, including House District 64, and the surrounding area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 132 of Plaintiffs' Complaint.

133.    Except to state that the voter demographics of the prior maps and enacted 2022 maps, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 133 of Plaintiffs' Complaint.

134.    Except to state that the geographic and demographic features of the enacted 2022 maps and the Jackson Metro area, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 134 of Plaintiffs' Complaint.

135.    Except to state that the demographic features of the enacted 2022 maps and House District 64, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 135 of Plaintiffs' Complaint.

136.    Defendants admit, on information and belief, the allegations contained in Paragraph 136 of Plaintiffs' Complaint.

137.    Defendants deny the allegations contained in Paragraph 137 of Plaintiffs' Complaint.

138.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 138 of Plaintiffs' Complaint.

139.    Defendants deny the allegations contained in Paragraph 139 of Plaintiffs' Complaint.

140.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, and except to further state that the judicial opinion quoted in Paragraph 140 of Plaintiffs' Complaint will speak for itself, Defendants deny the allegations contained in Paragraph 140 of Plaintiffs' Complaint.

141.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 141 of Plaintiffs' Complaint.

142.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, and except to further state that the judicial opinion cited in Paragraph 142 of Plaintiffs' Complaint will speak for itself, Defendants deny the allegations contained in Paragraph 142 of Plaintiffs' Complaint.

143.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 143 of Plaintiffs' Complaint.

144.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 144 of Plaintiffs' Complaint.

145.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 145 of Plaintiffs' Complaint.

146.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, and except to further state that the judicial opinions cited in Paragraph 146 of Plaintiffs' Complaint will speak for themselves, Defendants deny the allegations contained in Paragraph 146 of Plaintiffs' Complaint.

147.     Except to state that the law, where applicable, and Mississippi history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 147 of Plaintiffs' Complaint.

148.     Except to state that Mississippi's voting patterns, related demographics, and electoral history, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 148 of Plaintiffs' Complaint.

149.     Except to state that the judicial opinions cited in Paragraph 149 of Plaintiffs' Complaint will speak for themselves, Defendants deny the allegations contained in Paragraph 149 of Plaintiffs' Complaint.

150.     Except to state that Mississippi's electoral history and voter demographics, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 150 of Plaintiffs' Complaint.

151.     Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, and except to further state that the judicial opinion cited in Paragraph 151 of Plaintiffs' Complaint will speak for itself, Defendants deny the allegations contained in Paragraph 151 of Plaintiffs' Complaint.

152.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 152 of Plaintiffs' Complaint.

153.    Except to state that Mississippi legal and electoral history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 153 of Plaintiffs' Complaint.

154.    Except to state that Mississippi history and socioeconomic data, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 154 of Plaintiffs' Complaint.

155.    Except to state that Mississippi income and employment data, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 155 of Plaintiffs' Complaint.

156.    Except to state that Mississippi housing and homeownership data, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 156 of Plaintiffs' Complaint.

157.    Except to state that Mississippi history and education data, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 157 of Plaintiffs' Complaint.

158.    Except to state that Mississippi health and healthcare data, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 158 of Plaintiffs' Complaint.

159.    Except to state that Mississippi voter participation data, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 159 of Plaintiffs' Complaint.

160.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 160 of Plaintiffs' Complaint.

161.    Except to state that Mississippi history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 161 of Plaintiffs' Complaint.

162.    Except to state that the history of political campaigning in Mississippi, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 162 of Plaintiffs' Complaint.

163.    Except to state that Mississippi's electoral and legislative history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 163 of Plaintiffs' Complaint.

164.    Except to state that Mississippi voter demographics, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 164 of Plaintiffs' Complaint.

165.    Except to state that Mississippi legal and electoral history and Mississippi demographics, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 165 of Plaintiffs' Complaint.

166.    Defendants deny that there is a tenuous policy justification for the enacted 2022 legislative districts.  Defendants are without knowledge or information sufficient to form a belief

as to the remaining allegations contained in Paragraph 166 of Plaintiffs' Complaint and therefore deny the same.

167.    Defendants deny the allegations contained in Paragraph 167 of Plaintiffs' Complaint.

## **COUNT I**

168.    Defendants adopt and incorporate by reference their defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 168 of Plaintiffs' Complaint.

169.    Defendants deny the allegations contained in Paragraph 169 of Plaintiffs' Complaint.

170.    Defendants deny the allegations contained in Paragraph 170 of Plaintiffs' Complaint.

## **COUNT II**

171.    Defendants adopt and incorporate by reference their defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 171 of Plaintiffs' Complaint.

172.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 172 of Plaintiffs' Complaint.

173.    Defendants deny the allegations contained in Paragraph 173 of Plaintiffs' Complaint.

174.    Defendants deny the allegations contained in Paragraph 174 of Plaintiffs' Complaint.

175.   Defendants deny the allegations contained in Paragraph 175 of Plaintiffs' Complaint.

Defendants deny the allegations contained in Paragraphs 176 through 181 of Plaintiffs' Complaint, under the heading "PRAYER FOR RELIEF" and immediately following the unnumbered paragraph commencing "WHEREFORE," and Defendants further deny that Plaintiffs, or any of them, are entitled to a judgment, declaratory relief, injunctive relief, damages, attorneys' fees, interest, costs, or expenses, or to any sum or relief whatsoever of, from, or against Defendants, or any of them, herein.

## TWELFTH DEFENSE

Defendants deny each and every allegation of Plaintiffs' Complaint by which Plaintiffs seek to impose liability upon Defendants and/or secure declaratory relief, injunctive relief, or other relief, and Defendants deny that they or their employees or agents have been or can be guilty of any actionable conduct in the premises.

## THIRTEENTH DEFENSE

Defendants invoke any and all rights and protections afforded to Defendants by any applicable privileges and/or immunities, both absolute and qualified, governmental or otherwise, not already invoked hereinabove, including but not limited to the defense of qualified immunity.

## FOURTEENTH DEFENSE

Some or all of Plaintiffs' claims are subject to 28 U.S.C. § 2284, and Defendants hereby invoke all applicable provisions and protections thereof in defense of Plaintiffs' claims.

## FIFTEENTH DEFENSE

Defendants allege that Plaintiffs' claims sought to be asserted under Section 2 of the Voting Rights Act are barred for lack of a private right of action.

## SIXTEENTH DEFENSE

To the extent Section 2 of the Voting Rights Act prohibits voting measures without proof of intentional discrimination, Section 2 exceeds the authority granted to Congress by the Fourteenth and/or Fifteenth Amendment(s) to the United States Constitution and is unconstitutional.

## SEVENTEENTH DEFENSE

Properly construed, Section 2 of the Voting Rights Act does not support a claim for dilution based on a challenge to a districting plan.

## EIGHTEENTH DEFENSE

To the extent Section 2 of the Voting Rights Act requires Mississippi to draw legislative districts with consideration of race, Section 2 is unconstitutional.

## NINETEENTH DEFENSE

To the extent Section 2 of the Voting Rights Act requires Mississippi to draw legislative districts that violate traditional districting criteria, Section 2 is unconstitutional.

## TWENTIETH DEFENSE

To the extent Section 2 requires a court to assume that polarized voting is evidence of racial bias, Section 2 is unconstitutional.

## TWENTY-FIRST DEFENSE

To the extent Section 2 requires a court to assume that a white voter's support of Republican candidates is evidence of racial basis, Section 2 is unconstitutional.

**TWENTY-SECOND DEFENSE**

To the extent Section 2 requires a court to assume that the failure of redistricting efforts to produce a proportional number of minority districts as compared to the state's black voting age population, or "BVAP," is evidence of racial bias, Section 2 is unconstitutional.

**TWENTY-THIRD DEFENSE**

Plaintiffs' Complaint fails to state any justiciable claim for declaratory relief sufficient to invoke 28 U.S.C. §§ 2201 and/or 2202.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims constitute a non-justiciable political question.

**TWENTY-FIFTH DEFENSE**

The legislative districts that Plaintiffs propose are inconsistent with traditional districting criteria.

**TWENTY-SIXTH DEFENSE**

To the extent that districts proposed by Plaintiffs use race as the predominant consideration in formation, they are unconstitutional.

**TWENTY-SEVENTH DEFENSE**

The legislative districts that Plaintiffs propose fail to properly defer to the Legislature's primary role in the redistricting process.

**TWENTY-EIGHTH DEFENSE**

The relief that Plaintiffs request is against the public interest.

**TWENTY-NINTH DEFENSE**

Defendants reserve the right to amend their answer and defenses to add defenses and/or institute third-party actions as additional facts are developed through discovery.  Defendants do

not waive and further reserve any and all affirmative defenses set forth in federal or state law, as applicable, including but not limited to those set forth in Rules 8(c) and/or 12, *Federal Rules of Civil Procedure*, or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

**AND NOW**, having fully answered the Complaint filed against them herein, Defendants State Board of Election Commissioners, Tate Reeves, in his official capacity of Governor of Mississippi, Lynn Fitch, in her official capacity as Attorney General of Mississippi, and Michael Watson, in his official capacity as Secretary of State of Mississippi, respectfully request that they be dismissed with prejudice from this action with their costs assessed to Plaintiffs.

THIS the 10th day of February, 2023.

<div style="margin-left:40%">

Respectfully submitted,

STATE BOARD OF ELECTION COMMISSIONERS, TATE REEVES, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF MISSISSIPPI, LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI, AND MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF MISSISSIPPI, DEFENDANTS

By:     LYNN FITCH, ATTORNEY GENERAL
        STATE OF MISSISSIPPI

By:     s/Rex M. Shannon III
        REX M. SHANNON III (MB #102974)
        Special Assistant Attorney General

REX M. SHANNON III (MB #102974)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003

</div>

rex.shannon@ago.ms.gov

TOMMIE S. CARDIN (MB #5863)
P. RYAN BECKETT (MB #99524)
B. PARKER BERRY (MB #104251)
BUTLER SNOW LLP
Post Office Box 6010
Ridgeland, Mississippi  39158-6010
Tel.:  (601) 985-4570
Fax:  (601) 985-4500
tommie.cardin@butlersnow.com
ryan.beckett@butlersnow.com
parker.berry@butlersnow.com

ATTORNEYS FOR DEFENDANTS STATE
BOARD OF ELECTION COMMISSIONERS,
TATE REEVES, IN HIS OFFICIAL CAPACITY
AS GOVERNOR OF MISSISSIPPI, LYNN
FITCH, IN HER OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF MISSISSIPPI, AND
MICHAEL WATSON, IN HIS OFFICIAL
CAPACITY AS SECRETARY OF STATE OF
MISSISSIPPI

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 10th day of February, 2023.

s/Rex M. Shannon III
REX M. SHANNON III