IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT

MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE;
DR. ANDREA WESLEY; DR. JOSEPH
WESLEY; ROBERT EVANS; GARY FREDRICKS;
PAMELA HAMNER; BARBARA FINN; OTHO BARNES;
SHIRLINDA ROBERTSON; SANDRA SMITH;
DEBORAH HJULITT; RODESTA TUMBLIN;
DR. KIA JONES; ANGELA GRAYSON;
MARCHELEAN ARRINGTON; AND
VICTORIA ROBERTSON                                                                  PLAINTIFFS

VS.                                        CIVIL ACTION NO.  3:22-CV-734-DPJ-HSO-LHS

STATE BOARD OF ELECTION
COMMISSIONERS; TATE REEVES, *in his
official capacity as Governor of Mississippi*;
LYNN FITCH, *in her official capacity as
Attorney General of Mississippi*; MICHAEL
WATSON, *in his official capacity as Secretary of
State of Mississippi*                                                                   DEFENDANTS

### MOTION TO INTERVENE OF MISSISSIPPI REPUBLICIAN EXECUTIVE COMMITTEE

COMES NOW the Mississippi Republican Executive Committee ("MREC") and respectfully moves this Court for leave to intervene as a defendant here, and would show unto the Court in support thereof the following:

1.     The MREC is the organization designated by the Legislature to register the Mississippi Republican Party with the Secretary of State under Miss. Code Ann. § 23-15-1059 (Rev. 2018).  The Legislature has charged the MREC with responsibility for supervision and control over nominations for all legislative offices under Miss. Code Ann. § 23-15-293 (Rev.

2018).  All candidates for legislative office must qualify with the MREC under Miss. Code. Ann. §§ 23-15-297 & 299 (Rev. 2018).  The MREC is responsible for determining the qualifications of candidates for nomination to legislative office under § 23-15-299(7).  The MREC resolves contests of qualification decisions, subject only to review in the courts, under Miss. Code Ann. § 23-15-961 (Rev. 2018).  *See, e.g., Jones v. Yates*, No. 2023-EC-00395-SCT (Miss. May 11, 2023).  The MREC must canvas the returns of primary elections for legislative offices and declare the results under Miss. Code Ann. § 23-15-567(1) (Rev. 2018).  The MREC also resolves contests concerning the results of primary elections for legislative office under Miss. Code Ann. § 23-15-921 (Rev. 2018), subject to review in court under Miss. Code Ann. § 23-15-927 (Rev. 2018), and ultimate review in the Legislature under Miss. Code Ann. § 23-15-955 (Rev. 2018).  None of the currently named defendants in this action has any authority over any aspect of the process of party nominations for legislative office.

2.   Throughout the long history of redistricting in Mississippi, at both the congressional and legislative level, the Executive Committees have been named as defendants so that they will be empowered to carry out the Court's order in primary elections notwithstanding statutory law to the contrary.  *See, e.g., Mississippi Republican Exec. Committee v. Brooks*, 469 U.S. 1002 (1984), *aff'g, Jordan v. Winter*, 604 F. Supp. 807 (N.D. Miss. 1084); *Watkins v. Fordice*, 791 F. Supp. 646 (S.D. Miss. 1992).  Plaintiffs have suggested no reason why their complaint may now be properly adjudicated without the Executive Committees having authority over legislative primary elections.

3.   It may be that Plaintiffs believe this Court can order full relief under their prayer to "[e]njoin Defendants and their agents from holding elections under the 2022 maps."  Complaint [Dkt. #1] at ¶177.  As explained in Paragraph 1 above, the MREC is not the agent of any of the

2

remaining defendants. It is the agent of the State of Mississippi, empowered and directed by the Legislature to conduct primaries for legislative offices. *Jordan v. Allain*, 619 F. Supp, 98, 116 (S.D. Miss. 1985). Should this Court grant relief to Plaintiffs, no defendant can order the MREC to act in accordance with the judgment; the Legislature has granted no such authority to any of the remaining defendants.

4.  For these reasons, the MREC is a required party under Fed. R. Civ P. 19(a)(1). In the absence of the MREC, the Court cannot accord complete relief among existing parties because its judgment will not affect the political primaries which the remaining defendants do not control. Furthermore, the MREC and its nominees may incur inconsistent obligations should a nomination be determined in a district having one set of boundaries while the general election is conducted in a district having a different set of boundaries.

5.  For the same reasons, the MREC has a right to intervene under Fed. R. Civ. P. 24(a)(2). As already explained, the conduct of primaries and general elections from different districts may as a practical matter impair or impede the movant's ability to protect its interest and that of its nominees.

6.  Given the nature of the injunctive relief sought by Plaintiffs, the remaining defendants cannot adequately represent the interest of the MREC. Any injunction this Court might issue will extend through the next census in 2030. The recently concluded congressional redistricting litigation extended over a period of 20 years, and none of the originally named state officers remained defendants in the case until the end. *Compare Buck v. Watson*, 143 S. Ct. 770 (2023), aff'g, 2022 WL 2168960 (S.D. Miss. May 23, 2022), *with Branch v. Smith*, 538 U.S. 254 (2003), aff'g, 189 F. Supp. 2d 548 (S.D. Miss. 2002). Here, it is not clear that any of the remaining individual defendants will retain their offices throughout the duration of this litigation, and it is

certain that Governor Reeves will not since he is limited to by law to one additional four-year term. The MREC needs to be in this litigation to protect its interest no matter what changes may occur over the duration of any injunction which this Court may enter.

7. In the alternative, this Court should grant permissive intervention under Fed. R. Civ. P. 24(b). The MREC has a common defense with the remaining defendants within the meaning of Rule 24 (b)(1)(b). The MREC is also a government agency charged with administering the challenged redistricting statute within the meaning of Rule 24(b)(2)(A).

8. Because the case management conference has not yet taken place, and because discovery has not yet begun, this motion is timely and will not unduly delay or prejudice the adjudication of the original parties' rights within the meaning of Rule 24(b)(3).

9. Under Rule 24(c), the MREC will adopt the answer to the amended complaint filed on behalf of the remaining defendants. [Dkt. #28].

10. The current defendants in this action do not object to MREC's request. Plaintiffs have advised undersigned counsel for MREC that they will not take a position until they review MREC's motion and will advise the Court whether they oppose the requested relief once it is filed.

11. Because the basis of this motion is sufficiently explained in its text, the MREC seeks leave not to file the separate memorandum brief typically required by this Court's Rule 7(b)(4).

WHEREFORE, PREMISES CONSIDERED, the Mississippi Republican Executive Committee respectfully moves for leave to intervene in this action as a defendant.

RESPECTFULLY SUBMITTED, this the 16th day of May, 2023.

**MISSISSIPPI REPUBLICAN
EXECUTIVE COMMITTEE**

By: */s/ Michael B. Wallace*
MICHAEL B. WALLACE

**OF COUNSEL**:

Michael B. Wallace (MSB #6904)
Charles E. Cowan (MSB #104478)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205-0651
Ph: (601) 968-5500
Fax: (601) 968-5519
mbw@wisecarter.com
cec@wisecarter.com

## CERTIFICATE OF SERVICE

I, Michael B. Wallace, one of the attorneys for the Mississippi Republican Party Executive Committee, do hereby certify that I have this date filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record with ECF.

**SO CERTIFIED**, this the 16th day of May, 2023.

>   */s/ Michael B. Wallace*
>   MICHAEL B. WALLACE