## EXHIBIT A

## DEFINITIONS

The following definitions apply to this SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION and are deemed incorporated into each document request listed below:

1. The term "You" and "Your" shall mean Peyton Strategies, LLC and/or its agents, representatives, attorneys and all other persons acting on its behalf.

2. The term "Plaintiff" or "Plaintiffs" shall mean the Mississippi State Conference of the National Association for the Advancement of Colored People and its agents, representatives, attorneys and all other persons acting on its/his/her behalf and/or the individuals Dr. Andrea Wesley, Dr. Joseph Wesley, Robert Evans, Gary Fredericks, Pamela Hammer, Barbara Finn, Orho Barnes, Shirlinda Robertson, Sandra Smith, Deborah Hulitt, Rodesta Tumblin, Dr. Kia Jones, Angela Grayson, Marcelean Arrington, and Victoria Robertson.

3. The term "Defendant" or "Defendants" shall mean the State Board of Election Commissioners, Governor Tate Reeves, Attorney General Lynn Fitch, and Secretary of State Michael Watson.

4. The term "SBEC" shall mean the State Board of Election Commissioner.

5. The term "Mississippi State Legislative redistricting process" includes both redistricting done related to the Mississippi House of Representatives and redistricting done related to the Mississippi Senate.

6. The term "document" is defined to include all that is encompassed in the usage of the term in Federal Rule of Civil Procedure 34(a)(1)(A). Without limiting the generality of the foregoing, the word "document" means the original and each non-identical copy of any written,

reported or graphic matter, however produced or reproduced, in the possession, custody or control of, or known to, the plaintiff, its agents, representatives, attorneys or other persons acting on his behalf. It includes text messages, E-mail, electronic mail, voice mail, electronic bulletin board postings, and any information stored on and reproducible in documentary form from a computer or other electronic, magnetic, optical or laser-based information storage device, including but not limited to floppy disks, hard disks, tapes or CD-ROM.

7. The term "Litigation" shall mean the above-captioned case.

## DOCUMENTS TO BE PRODUCED

1. All agreements between You and any Plaintiff in this matter related to the 2022 Mississippi State Legislative redistricting process.

2. All documents and communications between You and any Plaintiff in this matter related to the 2022 Mississippi State Legislative redistricting process.

3. All alternative or different Mississippi State Legislative redistricting maps, including any drafts, prepared by You at the request of any Plaintiff.

4. All documents and communications between you and any Plaintiff setting forth the exact criteria used in creating any alternative or different Mississippi State Legislative redistricting maps.

5. All agreements between You and any member of the Mississippi Legislature related to the 2022 Mississippi State Legislative redistricting process.

6. All documents and communications between You and any member of the Mississippi Legislature related to the 2022 State Legislative redistricting process.

7. All alternative or different Mississippi State Legislative redistricting maps, including any drafts, prepared by You at the request of any member of the Mississippi Legislature.

8. All documents and communications between you and any member of the Mississippi Legislature setting forth the exact criteria used in creating any alternative or different Mississippi State Legislative redistricting maps.

9. All documents and communications evidencing any payments made to You by any party relating to Mississippi State Legislative redistricting.

10. All documents and communications relating to voting patterns in Mississippi elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

11. All documents and communications relating to enumerations or estimates by the U.S. Census Bureau regarding population changes, race, ethnicity, language minority status, or U.S. citizenship that were considered in any alternative or different Mississippi State Legislative redistricting maps.

12. With respect to any alternative or different maps created by You, including drafts, all documents and communications regarding:

   a. The origination or source of such maps;

   b. The impetus, rationale, background, or motivation for any such maps;

   c. Shapefiles or datasets used in mapping software, each RED report, each PAR report, each RPV report, demographic data, election data and analyses, and files relating to precinct names, precinct lines, split precents, partisan indexes, population shifts, population deviations, vote registration, Spanish Surname Voter Registration, Asian Surname Voter Registration, Black Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, Asian Surname Voter Turnout, Black Surname Voter Turnout, or changing census geography; and

    d. The potential pairing of any incumbents.

13. All documents and communications related to Your understanding of the criteria necessary for a state legislative body to consider and apply in order to be in compliance with Section 2 of the Voting Rights Act, such as contiguity, compactness, respect for historical boundaries, protection of incumbents, or other criteria.

80931175.v1