**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; DR. ANDREA WESLEY; DR. JOSEPH WESLEY; ROBERT EVANS; GARY FREDERICKS; PAMELA HAMNER; BARBARA FINN; OTHO BARNES; SHIRLINDA ROBERTSON; SANDRA SMITH; DEBORAH HULITT; RODESTA TUMBLIN; DR. KIA JONES; ANGELA GRAYSON; MARCELEAN ARRINGTON; VICTORIA ROBERTSON, <br><br> *Plaintiffs*, <br><br> vs. <br><br> STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi,* <br><br> *Defendants,* <br> AND <br><br> MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE, <br><br> *Intervenor-Defendant.* | **CIVIL ACTION NO.** <br> **3:22-cv-734-DPJ-HSO-LHS** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL**
**SUBPOENA RECIPIENTS' PRODUCTION OF PRIVILEGE LOG**

Plaintiffs the Mississippi State Conference of the National Association for the

Advancement of Colored People, Dr. Andrea Wesley, Dr. Joseph Wesley, Robert Evans, Gary

Fredericks, Pamela Hamner, Barbara Finn, Otho Barnes, Shirlinda Robertson, Sandra Smith,

Deborah Hulitt, Rodesta Tumblin, Dr. Kia Jones, Angela Grayson, Marcelean Arrington, and Victoria Robertson (collectively, "Plaintiffs") submit this Memorandum of Law in support of their Motion to Compel the Mississippi Standing Joint Legislative Committee on Reapportionment and Redistricting ("MS SJLCRR"), Ben Collins, Representative Dan Eubanks, Senator Dean Kirby, Representative Charles "Jim" Beckett (fmr.), James F. Booth, Representative Philip Gunn, Neal Smith, Nathan Upchurch, and Lieutenant Governor Delbert Hosemann (collectively, "Subpoena Recipients") to produce a privilege log pursuant to Federal Rule of Civil Procedure ("Rule") 45(e)(2)(A) or, in the alternative, to submit their purportedly privileged documents for review in camera or for review by a special master.

## **INTRODUCTION**

By refusing to provide Plaintiffs with a privilege log—a black-letter requirement under both the Federal and Local Rules of Civil Procedure—the Defendant-affiliated Subpoena Recipients are attempting to force one of two bad options:  either accept the injustice of proceeding to trial without probative evidence or accept the protracted trial schedule that Defendants were previously denied.  *See* ECF No. 44 (ordering that this litigation be tried on an expedited basis to safeguard against "extending unconstitutional representation" through the November 2024 election).  This is a false choice because there is no requirement that this Court postpone an order compelling the production of a privilege log pending a ruling from the Fifth Circuit in a separate case.  And Rule 45 is not ambiguous:  a third-party subpoena recipient asserting privilege over responsive documents is *required* to describe the withheld documents to enable the parties and the Court to evaluate those assertions.  The Court can, and should, hold the Subpoena Recipients to their obligation under the Rules by ordering the production of a privilege log, and should do so without delay because under these circumstances, delay is tantamount to denial.

2

Although the law is clear, Plaintiffs respectfully submit that the Court has another option that would sidestep the issue entirely: ordering production of the purportedly privileged materials for in camera review or for review by a special master empowered to assess the Subpoena Recipients' claims of legislative privilege. If the Court is not inclined to order the production of a privilege log at this time, this alternative relief would allow Plaintiffs to proceed to trial with the evidence that they are entitled to, while adequately protecting the Subpoena Recipients' assertions of privilege over appropriate documents.

## **BACKGROUND**

Plaintiffs served the Subpoena Recipients with a subpoena to produce documents on June 27, 2023 (for the MS SJLCRR, Mr. Collins, Rep. Eubanks, Sen. Kirby, Rep. Beckett (fmr.), and Mr. Booth), and July 6, 2023 (for Rep. Gunn, Mr. Smith, Mr. Upchurch, and Lt. Gov. Hosemann). *See* ECF Nos. 52–55. Each subpoena contained the same twelve document requests. *See id.* Each of the Subpoena Recipients was involved in the construction of the State Senate and State House district maps that are the subject matter of this case. In essence, the subpoenas seek documents and communications related to the line-drawing decisions that led to the challenged maps, which are especially relevant to Plaintiffs' constitutional claims regarding the use or misuse of race in constructing the lines for certain challenged districts.[1]

---

[1] Plaintiffs challenge certain districts on constitutional grounds—namely, Senate District 2 (De Soto County area), Senate District 48 (Gulfport area), House District 22 (north of the Golden Triangle, between West Point and Tupelo), House District 34 (Grenada County area), and House District 64 (northeast Jackson area)—and also bring a partially overlapping set of challenges to the lines in certain areas under Section 2 of the Voting Rights Act—namely, Senate District 2 (De Soto County area); Senate District 17 (Golden Triangle area); Senate District 35 (Copiah, Simpson, Jefferson Davis Counties area); Senate Districts 42, 44, and 45 (Hattiesburg area); House District 22 (north of the Golden Triangle, between West Point and Tupelo); House District 56 (Western Hinds County area); and House District 84 (Jasper and Clarke Counties area). *See* ECF No. 27. Section 2 prohibits districting schemes that have the result of diluting Black voting strength, regardless of intent. *See, e.g.*, *Allen v. Milligan*, 599 U.S. 1, 25 (2023); *Thornburg v. Gingles*, 478 U.S. 30, 47 (1986).

The Subpoena Recipients served their written objections and responses to the subpoenas on July 27, 2023 (for the MS SJLCRR, Mr. Collins, Rep. Eubanks, Sen. Kirby, Rep. Beckett (fmr.), and Mr. Booth), August 7, 2023 (for Rep. Gunn and Mr. Smith), and August 28, 2023 (for Mr. Upchurch and Lt. Gov. Hosemann).  *See* Ex. A.  The Subpoena Recipients each objected on the basis of legislative privilege to all twelve requests, oftentimes standing on those objections and refusing to provide any responsive documents or information.  *See id.*  Certain of the Subpoena Recipients—Mr. Collins, Sen. Kirby, Rep. Beckett (fmr.), Mr. Booth, Rep. Gunn, and Mr. Smith—produced no responsive documents or information whatsoever.[2]  *See id.*  None of the Subpoena Recipients produced a privilege log.

On August 8, 2023, Plaintiffs requested that the Subpoena Recipients provide a privilege log.  *See* Ex. B.  The Subpoena Recipients responded on August 11, 2023, stating that they would not produce a privilege log.  *See* Ex. C.[3]  Plaintiffs made one further effort to meet and confer with the Subpoena Recipients but were not able to reach a resolution.  *See* Ex. B.  On September 15, 2023, the Parties attended a telephonic conference with the Court to attempt to resolve the issue but were unable to do so.  *See* ECF No. 35.

---

[2] The MS SJLCRR produced certain documents in response to the subpoena, most of which are part of the public record.  Additionally, Rep. Eubanks also produced a single public document of an image from a social media account.

[3] On September 6, 2023, counsel for the Subpoena Recipients confirmed that Mr. Upchurch and Lt. Gov. Hosemann—who had not yet responded to the subpoena at the time the parties met and conferred—would also take the same position regarding documents they are withholding on the basis of legislative privilege.  *See* Ex. B.

## ARGUMENT

I.  **The Subpoena Recipients Must Provide a Privilege Log to Enable Plaintiffs and the Court to Evaluate the Merits of Their Assertions of a Qualified Privilege**

Rule 45(e)(2)(A) requires that "[a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must . . . describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." The Local Rules of this Court further emphasize the necessity of privilege logs by imposing sanctions, including waiver of the claimed privilege or protection, on a party that withholds documents on the basis of privilege and fails to provide a sufficient log.  Unif. Loc. Civ. R. 26(e). By requiring a privilege log, the rules allow Plaintiffs and the Court to evaluate the merits of the Subpoena Recipients' assertions of privilege.  They do not give the Subpoena Recipients unilateral discretion to withhold relevant and responsive documents from discovery.

The requirement to provide a privilege log is especially applicable in the context of an assertion of legislative privilege.  "[L]ike other privileges, the legislative privilege is 'qualified[.]'" *La Union Del Pueblo Entero Tex. v. Abbott*, 68 F.4th 228, 236 (5th Cir. 2023).  Accordingly, the Fifth Circuit has explained that the legislative privilege "must be strictly construed and accepted only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth." *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Parish Gov't*, 849 F.3d 615, 624 (5th Cir. 2017), *citing Perez v. Perry*, No. SA-11-CV-360-OLG-JES, 2014 WL 106927, at *2 (W.D. Tex., Jan. 8, 2014).  Thus, while recognizing that "[t]he state legislative privilege must be protected when it arises . . ., the privilege must not be used as a cudgel to prevent the discovery of non-privileged information or to prevent the discovery of the truth in cases where

the federal interests at stake outweigh the interests protected by the privilege." *League of United Latin Am. Citizens v. Abbott*, No. 22-50407, 2022 WL 2713263, at *2 (5th Cir. May 20, 2022) (citations omitted). It is impossible for either Plaintiffs or the Court to know whether those circumstances exist if the Subpoena Recipients refuse to disclose any details about the documents they are withholding.

Precedent within the Fifth Circuit demonstrates the necessity of a privilege log where the legislative privilege is asserted. In *Hall v. Louisiana*, Case No. 12-cv-657-BAJ-RLB, 2014 WL 1652791 (M.D. La. Apr. 23, 2014), for example, plaintiffs challenging voting maps in Louisiana served a subpoena *duces tecum* on third-party legislators. The legislators moved to quash the subpoenas, arguing, as here, that the requested documents were "legislative in nature" and the legislators were "entitled . . . to absolute immunity." *Id.* at *7. They also argued, as here, that the material requested was irrelevant and that the subpoenas were unduly burdensome. *Id.* at *7-8. The Court discussed the circumstances under which the legislative privilege may be breached and, citing Rule 45(e)(2), found that "[a]ny documents being withheld as privileged under this Order shall be identified in a privilege log." *Id.* at *11. Similarly, in both *La Union* and *Petteway v. Galveston County*, No. 3:22-CV-00057, 2023 WL 3452065, at *8 (S.D. Tex. May 15, 2023), another redistricting case, the court evaluated assertions of legislative privilege over subpoenaed documents—but could only do so because the legislators had provided a log in the first instance.

It is the Subpoena Recipients' burden to establish that the documents they are withholding from discovery are, in fact, protected by the qualified privilege they are asserting. Rule 45(e)(2). They cannot meet that burden if they refuse to even identify the documents at issue.[4]

---

[4] As discussed at the September 15 pre-motion conference, the Fifth Circuit recently ordered rehearing en banc in a case dealing with the necessity of producing a privilege log as to documents for which legislative privilege is claimed. *See Jackson Mun. Airport Auth. v. Harkins*, 78 F.4th 844 (5th Cir. 2023). The District Court had ordered the production of a privilege log, finding that, "because legislative privilege is qualified, the Legislators must produce a

II.     **A Privilege Log Would Not Be Futile Because the Subpoenas Do Not Exclusively Demand Documents Protected by the Qualified Legislative Privilege**

Multiple district courts within the Fifth Circuit, including the Southern District of Mississippi, have adopted the factors laid out in *Rodriguez v. Pataki*, 280 F. Supp. 2d 89 (S.D.N.Y. 2003)—a case involving legislative redistricting—to analyze assertions of legislative privilege. *See, e.g.*, *Petteway*, 2023 WL 3452065, at *7-8; *Perez*, 2014 WL 106927, at *2; *Hall*, 2014 WL 1652791, at *8-9 (citing *Perez*, 2014 WL 106927, at *2).  These factors are:

> (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

*Rodriguez*, 280 F. Supp. 2d at 101 (citation omitted).  It is impossible to apply this analysis to any document that the Subpoena Recipients are withholding in the abstract.  Only the production of a privilege log could potentially allow for this analysis to be performed on specific withheld documents.

Nor would the production of a privilege log be futile because the subpoenas do not exclusively request documents that are necessarily protected by the legislative privilege.  As just one example, in a case arising under the Voting Rights Act, a district court in the Fifth Circuit examined the *Rodriguez* factors and determined that the subpoenaed legislators were required to provide both public records as well as "any facts or information in their possession that were made

---

privilege log before any assertions can be assessed." *Jackson Mun. Airport Auth. v. Harkins*, No. 21-60312, 2023 WL 5522213, at *1 (5th Cir. Aug. 25, 2023), *reh'g en banc granted, opinion vacated sub nom. Jackson Mun. Airport Auth. v. Harkins*, 78 F.4th 844 (5th Cir.  2023).  A Fifth Circuit panel unanimously affirmed on the privilege log issue, holding that "a privilege log is necessary to determine which of the requested documents and communications are protected by legislative privilege" where, as here, third-party legislators served with subpoenas asserted legislative privilege and refused to produce any information about the requested documents to the propounding parties. *Id.* at *5. The panel also ruled that plaintiffs had standing to bring their suit, but that ruling garnered dissent. *Id.* at *6-12.  The order granting en banc review indicates that the Fifth Circuit will address both the unanimously reached privilege log decision and the divided court's standing decision. *See Jackson*, 78 F.4th at 846.

available to lawmakers at the time of their decisions, including any information, reports or recommendations provided by outside consultants, experts or lobbyists in consideration of the legislation, as well as any contractual agreements related thereto." *Hall*, 2014 WL 1652791, at *11. Here, several of Plaintiffs' document requests seek similar categories of information. For example:

- Request No. 1 seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO any 2022 REDISTRICTING PROPOSAL, including but not limited to the 2022 MAPS as well as any ALTERNATIVE maps involving one or more Mississippi State House and/or State Senate districts that were drawn, discussed, or considered";

- Request No. 4 seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO voting patterns in Mississippi elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses"; and

- Request No. 5 seeks "[a]ll DOCUMENTS and COMMUNICATIONS RELATING TO any factor considered when drawing the 2022 MAPS or any ALTERNATIVE MAPS, including, but not limited to, the use of race, the use of political or party information, or traditional REDISTRICTING principles, including but not limited to compactness and contiguity, preservation of political subdivisions, and preservation of communities of interest." *See* Ex. A.

Any non-public data, reports, or other information that was available to the Subpoena Recipients in preparing the 2022 redistricting proposal, 2022 maps, or any alternative maps are responsive to the subpoenas and are at least potentially discoverable. Moreover, and especially

with respect to Plaintiffs' constitutional claims, any documents or communications that bear upon the use or consideration of race in drawing the district lines in places like House District 22 (north of the Golden Triangle, between West Point and Tupelo), House District 34 (Grenada County area), House District 64 (northeast Jackson area), Senate District 2 (De Soto County area), or Senate District 48 (Gulfport area) are also responsive and potentially discoverable.  Such documents and/or communications may be both highly relevant to those claims and unavailable through any other means—key considerations under the *Rodriguez* framework.  *See Rodriguez*, 280 F. Supp. 2d at 101.  At a minimum, any documents for which privilege has been waived are discoverable.  But without a privilege log, Plaintiffs have no way of knowing whether such documents are being withheld.  A log is necessary to ensure that this case does not proceed to trial without discoverable and highly probative evidence.

**III.    Although the Court Need Not Delay an Order Granting Plaintiff's Motion to Compel, Alternative Relief Is Available to Avoid Injustice**

As the Court is aware, the *Jackson* matter is tentatively scheduled to be heard by the Fifth Circuit en banc in January 2024, and a ruling would not be expected for some time thereafter.  But this matter is set for trial in February 2024 and cannot be delayed for the reasons the Court recognized in its June 23, 2023 Scheduling Order.  *See* ECF No. 44.  The timing is such that delaying a resolution of the issue presented in this Motion would effectively deny it entirely, and thereby deny Plaintiffs an opportunity to obtain discoverable documents from the Subpoena Recipients before (or during) trial.

There is no requirement that the Court postpone resolution of this Motion until the Fifth Circuit issues a ruling in a separate case and, for the reasons set forth above, the law is sufficiently clear for the Court to rule now.  However, if the Court is so inclined, Plaintiffs respectfully suggest in the alternative that the Subpoena Recipients should submit their responsive documents for

review in camera or for review by special master empowered to rule on their assertions of legislative privilege.  This alternative relief is not before the en banc panel in *Jackson*; it would avoid the injustice that would result from Plaintiffs being denied access to probative and discoverable materials that have been properly subpoenaed prior to trial; and it would adequately protect any documents that are legitimately privileged.  Should the Court agree that this alternative relief is appropriate, Plaintiffs would respectfully suggest that both parties submit short advisory briefs describing the contours and limitations of the legislative privilege to assist the Court or the special master in its review.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and compel the Subpoena Recipients to produce a privilege log pursuant to Rule 45(e)(2)(A) or, in the alternative, submit their withheld documents for review in camera or for review by a special master.

This the 22 day of September, 2023.

/s/ *Joshua Tom*
Joshua Tom, MSB 105392
*jtom@aclu-ms.org*
ACLU OF MISSISSIPPI
101 South Congress Street
Jackson, MS 39201
(601) 354-3408

Robert B. McDuff, MSB 2532
*rbm@mcdufflaw.com*
MISSISSIPPI CENTER FOR JUSTICE
767 North Congress Street
Jackson, MS 39202
(601) 969-0802

Carroll Rhodes, MSB 5314
Law Offices of Carroll Rhodes
*crhodes6@bellsouth.net*
PO Box 588
Hazlehurst, MS 39083
(601) 894-1464

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:        +1.202.739.3000
Facsimile:        +1.202.739.3001
*john.lavelle@morganlewis.com*

Drew C. Jordan
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone:        +1.713.890.5000
Facsimile:        +1.713.890.5001
*drew.jordan@morganlewis.com*

Ari J. Savitzky
*asavitzky@aclu.org*
Ming Cheung
mcheung@aclu.org
Casey Smith
csmith@aclu.org
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500

Patricia Yan
*pyan@aclu.org*
ACLU FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 457-0800

Ezra D. Rosenberg
*erosenberg@lawyerscommittee.org*
Jennifer Nwachukwu
*jnwachukwu@lawyerscommittee.org*
David Rollins-Boyd
*drollins-boyd@lawyerscommittee.org*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
UNDER LAW
1500 K Street NW Suite 900
Washington, DC 20005
(202) 662-8600

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I, Joshua Tom, do certify that on this day I caused to be served a true and correct copy of

the foregoing by electronic mail to all counsel of record.

This the 22 day of September, 2023.

/s/ *Joshua Tom*
Joshua Tom