**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE; DR.
ANDREA WESLEY; DR. JOSEPH WESLEY;
ROBERT EVANS; GARY FREDERICKS; PAMELA
HAMNER; BARBARA FINN; OTHO BARNES;
SHIRLINDA ROBERTSON; SANDRA SMITH;
DEBORAH HULITT; RODESTA TUMBLIN; DR.
KIA JONES; ANGELA GRAYSON; MARCELEAN
ARRINGTON; VICTORIA ROBERTSON,

       *Plaintiffs*,

       vs.

STATE BOARD OF ELECTION COMMISSIONERS;
TATE REEVES, *in his official capacity as Governor of
Mississippi*; LYNN FITCH, *in her official capacity as
Attorney General of Mississippi*; MICHAEL WATSON,
*in his official capacity as Secretary of State of
Mississippi*,

       *Defendants,*
AND

MISSISSIPPI REPUBLICAN EXECUTIVE
COMMITTEE,

*Intervenor-Defendant.*

**CIVIL ACTION NO.
3:22-cv-734-DPJ-HSO-LHS**

## PLAINTIFFS' CONSENT MOTION TO DISMISS PARTY ANGELA GRAYSON

Plaintiffs respectfully move this Court pursuant to Rules 21 and 41(a)(2) of the Federal

Rules of Civil Procedure, to allow Ms. Angela Grayson to withdraw as plaintiff in this action

without prejudice. This motion is made only as to one individual Plaintiff. In support of this

Motion, Plaintiffs state as follows:

1.   Plaintiff Angela Grayson wishes to voluntarily withdraw as plaintiff in this case.

2. Plaintiffs acknowledge that Local Rule 7(b)(4) requires a memorandum of law to accompany any motion and respectfully ask that this requirement be waived due to the simplicity of this motion.

2. Federal Rule of Civil Procedure 21 provides that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Implementation of Rule 21 "is left to the sound discretion of the trial court." *Burks v. Bogalusa City Sch. Bd.*, No. CIV. A. 98-1333, 1999 WL 64947, at *2 (E.D. La. Feb. 3, 1999). The trial judge's discretionary authority to dismiss a party from the case under Rule 21 shall be exercised on "just terms." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). *See also Bibbs v. Early*, 541 F.3d 267, 274 (5th Cir. 2008). The court may accordingly drop parties so long as they are not indispensable under Rule 19, and upon finding that its actions "avoid prejudice and delay." *Acevedo*, 600 F.3d at 521; see also 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 1685 (3d ed. 2001).

3. There is no time limitation on the district court's ability to drop a party under Rule 21. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). "When there are several plaintiffs in a single suit and one is dismissed out, whether under Rule 21 or any other rule or doctrine, it is as if he had brought a separate suit that was dismissed." *Elmore v. Henderson*, 227 F.3d 1009, 1011–12 (7th Cir. 2000).

4. The Court also has discretion to dismiss a party's claims under Rule 41(a)(2) at the plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The dismissal of a plaintiff's action is typically without prejudice. *Marion ex rel. Nabors v. Holly*

*Springs Health Ctr. Ass'n, Inc*., No. 05-CV-006-P-A, 2005 WL 1661727, at *2 (N.D. Miss. July 15, 2005).

5. Rule 41(a)(2) provides the court with discretion, upon the Plaintiff's request, to dismiss all or part of an action after either an answer or summary judgment motion has been filed. *Plains Growers By & Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973). The purpose of "Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Fraise v. Krantz*, No. 08-CV-1390-HSO-JMR, 2010 WL 537065, at *2 (S.D. Miss. Feb. 2, 2010) (citing *Le Compte v. Mr. Chip, Inc*., 528 F.2d 601, 604 (5th Cir.1976)); see also Fed. R. Civ. P. 41(a)(1). Voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc*., 279 F.3d 314, 317 (5th Cir. 2002).

6. Plaintiff Angela Grayson is among 16 individuals who joined as plaintiffs in this lawsuit and whose claims for relief were included in the Amended Complaint filed on March 3, 2023. All individual plaintiffs are seeking declaratory and injunctive relief.

7. Ms. Grayson no longer wishes to participate as a plaintiff in this case, and respectfully requests the voluntary dismissal of her individual action.

8. Ms. Grayson's allegations or claims are not necessary to, or indispensable in, adjudicating the claims of the remaining plaintiffs; dropping her as a plaintiff and removing her from the caption will not cause prejudice to any parties in this case. Plaintiffs are all seeking identical claims for relief in this case, and another Plaintiff, Dr. Kia Jones, lives in the same challenged district, House District 64. The claims for declaratory and injunctive relief of the remaining individual and organizational plaintiffs will proceed, and Defendants will not be

prejudiced, nor affected in any meaningful way. Nor will granting Plaintiffs' motion lead to delays in the litigation.

9. Plaintiffs have notified all counsel of record for all Defendants that Ms. Grayson wishes to withdraw from this case. Defendants consent to Ms. Grayson withdrawing as plaintiff from this case.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order dropping Angela Grayson from this case pursuant to Rule 21 and/or 41(a)(2) without prejudice, and removing her from the caption of this case.

66666

66666666666

6666

66666666666

6666666

666

66666

6666

66666666666

666666666666

66666

66666

 66666666666666

This the 26th day of September, 2023.

/s/ *Joshua Tom*
Joshua Tom, MSB 105392
*jtom@aclu-ms.org*
ACLU OF MISSISSIPPI
101 South Congress Street
Jackson, MS 39201
(601) 354-3408

Robert B. McDuff, MSB 2532
*rbm@mcdufflaw.com*
MISSISSIPPI CENTER FOR JUSTICE
767 North Congress Street
Jackson, MS 39202
(601) 969-0802

Carroll Rhodes, MSB 5314
Law Offices of Carroll Rhodes
*crhodes6@bellsouth.net*
PO Box 588
Hazlehurst, MS 39083
(601) 894-1464

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:      +1.202.739.3000
Facsimile:      +1.202.739.3001
*john.lavelle@morganlewis.com*

Drew C. Jordan
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone:      +1.713.890.5000
Facsimile:      +1.713.890.5001
*drew.jordan@morganlewis.com*

Ari J. Savitzky
*asavitzky@aclu.org*
Ming Cheung
mcheung@aclu.org
Casey Smith
csmith@aclu.org
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500

Patricia Yan
*pyan@aclu.org*
ACLU FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 457-0800

Ezra D. Rosenberg
*erosenberg@lawyerscommittee.org*
Jennifer Nwachukwu
*jnwachukwu@lawyerscommittee.org*
David Rollins-Boyd
*drollins-boyd@lawyerscommittee.org*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
UNDER LAW
1500 K Street NW Suite 900
Washington, DC 20005
(202) 662-8600

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I, Joshua Tom, do certify that on this day I filed a true and correct copy of the foregoing on the Court's ECF system which sent notification to all counsel of record.

This the 26th day of September, 2023.

/s/ *Joshua Tom*
Joshua Tom