IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE;
DR. ANDREA WESLEY; DR. JOSEPH
WESLEY; ROBERT EVANS; GARY
FREDERICKS; PAMELA HAMNER;
BARBARA FINN; OTHO BARNES;
SHIRLINDA ROBERTSON; SANDRA SMITH;
DEBORAH HULITT; RODESTA TUMBLIN;
DR. KIA JONES; ANGELA GRAYSON; MARCELEAN
ARRINGTON; VICTORIA ROBERTSON,                                PLAINTIFFS

VS.                         CIVIL ACTION NO. 3:22-cv-734-DPJ-HSO-LHS

STATE BOARD OF ELECTION
COMMISSIONERS; TATE REEVES, *in his
official capacity as Governor of Mississippi*;
LYNN FITCH, *in her official capacity as
Attorney General of Mississippi*; MICHAEL
WATSON, *in his official capacity as Secretary
of State of Mississippi*,                                     DEFENDANTS

AND

MISSISSIPPI REPUBLICAN
EXECUTIVE COMMITTEE                                   INTERVENOR-DEFENDANT

**LEGISLATIVE SUBPOENA RECIPIENTS'
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Non-Parties the Standing Joint Legislative Committee on Reapportionment and Redistricting ("Standing Joint Committee"), Former Representative Charles "Jim" Beckett, Senator Dean Kirby, House Speaker Phillip Gunn, Lieutenant Governor Delbert Hosemann, Nathan Upchurch, James F. "Ted" Booth, Ben Collins, and Neal Smith (collectively, the "Legislative Subpoena Recipients") bring this their Response in Opposition to Plaintiffs' Motion

1

to Compel Production of a Privilege Log [Dkt. #80].  The Legislative Subpoena Recipients would show as follows:

1. The Legislative Subpoena Recipients are Mississippi Legislators and their staff and aides.  They were all members of the Standing Joint Committee, staffers or aides involved in the 2022 redistricting of the Mississippi Senate and the Mississippi House of Representatives.  The work of the Standing Joint Committee, including its members, staff and aides, is entirely legislative in nature.

2. The Standing Joint Committee held an open meeting on March 27, 2022, and adopted redistricting plans.  On March 29, the Mississippi House of Representatives adopted a House Redistricting Plan (JR 1), and the Mississippi State Senate adopted a Senate Redistricting Plan (JR 202). On March 31, the House adopted JR 202 and the Senate adopted JR 1 and upon their signing and enrolling, those maps (the "2022 Maps") became law.[1]

3. Once the 2022 Maps became law, the Legislature and the Standing Joint Committee had no remaining role in redistricting and elections.  Enforcing and implementing the law and administering elections is the work of various state and local executive officials and state political parties.  *See* MISS. CODE ANN. § 23-15-211.1 *et seq.*

4. In June of 2023, Plaintiffs served ten separate subpoenas *duces tecum* on various Legislative Subpoena Recipients seeking to discover "the use or misuse of race" in drawing the 2022 Maps.  In response to the Subpoenas served on them, the Standing Joint Committee assembled and produced the entire public record relating to redistricting.  That production included: (1) transcripts of the public meetings; (2) handouts available at public meetings; (3) sign-in sheets and question cards from public meetings; (4) notices and minutes of the Standing Joint

---

[1] The adoption of these Joint Resolutions does not require the Governor's signature.

Committee's hearings and meetings; (5) legislative history of each Joint Resolution; (6) *all* communications with third parties such as citizens and non-legislative public officials; and (7) all contracts between the Standing Joint Committee and third parties. *See* Motion to Compel [Dkt. # 80] at Ex. A and C. In total, the Standing Joint Committee has produced 2,134 pages of records to Plaintiffs. In addition, Rep. Eubanks produced a non-privileged social media message he posted during the relevant period, and Lt. Governor Hosemann and his Chief of Staff Upchurch produced some non-privileged documents and communications with third parties.

5. The Legislative Subpoena Recipients also timely responded and objected to the producing any other records on the grounds of legislative privilege. They withheld, collectively, their communications and records relating to the legislative process itself, all of which are shielded from production by the legislative privilege. *See* Motion to Compel [Dkt. # 80] at Exs. A and C. Those documents include: (1) internal communications among the staff; (2) documents prepared by the Standing Joint Committee or its staff; (3) communications by and amongst the Legislators and the staff of the Standing Joint Committee; (4) communications between Legislators; (5) draft versions of individual districts drawn at the request of individual Legislators; (6) draft redistricting plans; and (7) communications between the Standing Joint Committee and its Members with counsel ("Privileged Documents"). *See* Motion to Compel [Dkt. # 80] at Ex. C. These descriptions of the Privileged Documents were timely provided to Plaintiffs. All of these documents were created and used in the redistricting process, within the sphere of legitimate legislative activity.

6. The Legislative Subpoena Recipients have already incurred significant burdens in terms of cost and expense. They have produced thousands of pages of the public record, transcribed hearings and presentations and are now in written motion practice with the Plaintiffs. The Legislative Subpoena Recipients are not parties to this litigation and should not be subjected

to any additional burdens.  Moreover, the Court should not undergo the unnecessary burden of *in camera* review, nor should the Legislative Subpoena Recipients bear the cost of a special master.

7. This Court should deny Plaintiffs' Motion to Compel the Production of a Privilege Log for the reasons set forth in the Legislative Subpoena Recipients' accompanying Memorandum of Authorities.  *First*, state legislators are immune from compulsory evidentiary process in civil cases regarding their motives. *Second,* the legislative privilege is broad and should be applied broadly to prevent discovery of legislative motive.  *Third*, the production of a privilege log (or alternatively *in camera* production) defeats the purpose of the legislative privilege itself – that is, to remove the burden of participating in discovery in civil lawsuits.

WHEREFOR, PREMISES CONSIDERED, the Legislative Subpoena Recipients ask that this Court deny Plaintiffs' Motion to Compel a Privilege Log [Dkt. # 80] and all relief sought by Plaintiffs.  They ask that this Court hold that the Legislative Subpoena Recipients cannot be compelled to produce evidence of their motives.  The Legislative Subpoena Recipients should not be subjected to the unnecessary burden of preparing a legislative privilege log or the unnecessary burden of producing their Privileged Documents for an *in camera* review by the Court or a special master.  The Legislative Subpoena Recipients pray for such other, further and additional relief as to which they may be entitled.

THIS the 29th day of September, 2023.

                              Respectfully submitted,

                              LEGISLATIVE SUBPOENA RECIPIENTS

                         By: */s/ P. Ryan Beckett*
                              P. Ryan Beckett (MB #99524)

                              ONE OF THEIR COUNSEL

OF COUNSEL:
Tommie S. Cardin (MB #5863)
P. Ryan Beckett (MB #99524)
B. Parker Berry (MB #104251)
**BUTLER SNOW LLP**
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
P.O. Box 6010, Ridgeland, MS 39158-6010
Phone: 601.948.5711
Fax:     601.985.4500
tommie.cardin@butlersnow.com
ryan.beckett@butlersnow.com
parker.berry@butlersnow.com

### CERTIFICATE OF SERVICE

I, P. Ryan Beckett, attorney for the Legislative Subpoena Recipients, hereby certify that I have on this date served the above and foregoing on all counsel of record via electronic mail.

This the 29th day of September, 2023.

                              */s/ P. Ryan Beckett*
                              P. Ryan Beckett

82902978.v1