IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE; DR.
ANDREA WESLEY; DR. JOSEPH WESLEY;
ROBERT EVANS; GARY FREDERICKS; PAMELA
HAMNER; BARBARA FINN; OTHO BARNES;
SHIRLINDA ROBERTSON; SANDRA SMITH;
DEBORAH HULITT; RODESTA TUMBLIN; DR.
KIA JONES; MARCELEAN ARRINGTON;
VICTORIA ROBERTSON,

*Plaintiffs*,

vs.

STATE BOARD OF ELECTION COMMISSIONERS;
TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi*,

*Defendants,*
AND

MISSISSIPPI REPUBLICAN EXECUTIVE
COMMITTEE,

*Intervenor-Defendant.*

CIVIL ACTION NO.
3:22-cv-734-DPJ-HSO-LHS

**PLAINTIFFS' REPLY TO SUBPOENA RECIPIENTS' RESPONSE TO
PLAINTIFFS' MOTION TO COMPEL**

**INTRODUCTION**

In 2017, this Court held that legislators must produce a privilege log identifying documents they claimed were protected by legislative privilege. *Jackson Municipal Airport Authority v.*

1

*Bryant*, No. 3:16-cv-246-CWR-FKB, 2017 WL 6520967, at *9 (S.D. Miss. Dec. 19, 2017) (hereinafter "JMAA"). There, this Court analyzed a nearly identical issue, rejected the legislators' reliance on *In re Hubbard*, and found that the subpoena recipients were required to produce a privilege log under Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure ("Rules")[1] and Local Uniform Civil Rule 26(e). *Id.*

The law has not changed since this Court analyzed the privilege log issue in 2017. Nor has it changed since the Fifth Circuit affirmed this Court's analysis earlier this year. And the only new authority the Subpoena Recipients cite, *La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228 (5th Cir. May 17, 2023), does not hold that a privilege log may be dispensed with where the legislative privilege is asserted. *La Union* did not overturn any precedent, did not comment on (let alone impugn) the Fifth Circuit's unanimous affirmance of this Court's analysis in *JMAA* just *one week prior*, and did not speak *at all* to the issue presented here: whether the recipient of a subpoena who asserts a claim of privilege may flatly decline to do what the Federal Rules (and, in even more emphatic terms, the Local Rules of this District) expressly require. This issue was not before the Fifth Circuit in *La Union* because unlike here, the legislators in that case *actually provided a privilege log*.

*La Union* does not excuse the Subpoena Recipients from their obligations under the Federal and Local Rules. Rather, it highlights their non-compliance. Legislators are not above the law that ordinary citizens must follow. A privilege log is required here.

---

[1] Whether this issue is considered under Rule 26(b)(5)(A)(ii) or Rule 45(e)(2)(A) is immaterial, as the relevant language of the two rules is virtually identical.

**ARGUMENT**

I. **The Subpoena Recipients Have Not Satisfied Their Obligations Under the Federal or Local Rules**

The Subpoena Recipients assert that they "have satisfied Rule 45(e)(2) by 'expressly ma[king] the claim' and 'describ[ing] the nature of the withheld documents and communications' by providing the descriptions of those documents . . . ." Subpoena Recipients' Sept. 9, 2023 Response in Opposition to Plaintiffs' Motion to Compel at 10 (ECF No. 86) ("Opp."). The Subpoena Recipients are referring to and relying on a single sentence in their August 11, 2023, meet and confer letter asserting that the withheld documents "broadly include" seven categories of information that are "entirely legislative in nature." *See* Ex. C to Plaintiffs' Sept. 22, 2023 Motion to Compel (ECF No. 80-3).

That is not remotely close to what the Federal and Local Rules require. A party withholding documents must provide information that "will enable the other parties to assess the claim." Fed. R. Civ. P. 26(b)(2)(A)(ii) and 45(e)(2)(A). The Local Rules elaborate on what, specifically, a log must provide:

> A party withholding information claimed privileged or otherwise protected must submit a privilege log that contains at least the following information: name of the document, electronically stored information, or tangible thing; description of the document, electronically stored information, or tangible thing, which description must include each requisite element of the privilege or protection asserted; date; author(s); recipient(s); and nature of the privilege. To withhold materials without such notices subjects the withholding party to sanctions under FED.R.CIV.P. 37 and may be viewed as a waiver of the privilege or protection.

L.U. Civ. R. 26(e). Withheld documents must be described individually, and *each* description must contain the required information. *Id.; see also E.E.O.C. v. HWCC-Tunica, Inc.*, No. 2:07-cv-171-B-A, 2008 WL 4533906 at *2 (N.D. Miss. Oct. 6, 2008) ("It makes no difference if there are four documents or four thousand – ***each individual document*** that has an attached privilege

3

must meet these minimum requirements" (emphasis added).)  The Subpoena Recipients cannot satisfy their obligation with categorical descriptions.  *See Employers Mut. Cas. Co. v. Maison Heidelberg, P.A.*, No. 3:10-cv-616-TSL-MTP, 2011 WL 1496253, at *1-3 (S.D. Miss. Apr. 20, 2011) ("claims of categorical privilege as to an unspecified number of documents" are not sufficient; log must "provide the requisite elements [of L.U. Civ. R. 26(e)], which serve to properly identify ***each document*** withheld so that [the opposing party] might have sufficient information to develop its arguments as to the merits of the claimed privilege" (emphasis added).)

The Subpoena Recipients suggest that if they were required to provide a log, it would "simply repeat what has been set forth previously, perhaps a couple thousand times."  Opp. at 10.  That would not be adequate for the reasons stated above.  Should the Court determine that the Subpoena Recipients must produce a privilege log, Plaintiffs respectfully request that such order specify that the descriptions of the documents must be individualized, as would be necessary to evaluate the assertions of privilege and as L.U. Civ. R. 26(e) requires.

**II.    Contrary to Subpoena Recipients' Mischaracterization, the Subpoenas Seek Non-Privileged Documents**

Pointing to *La Union*'s unsurprising affirmation that the legislative privilege protects documents that show a legislator's subjective intent in the development of legislation, the Subpoena Recipients argue that a privilege log would be futile because Plaintiffs' discovery requests seek documents related to "motive and nothing more."  Opp. at 8.  Not so.  As stated in Plaintiffs' Opening Brief, Plaintiffs are seeking, in part, "facts or information . . . that were made available to lawmakers at the time of their decisions."  Plaintiffs' Memo of Law in Support of Motion to Compel at 7-8 (ECF No. 81) ("Pltf.s' Opening Brief"), *citing Hall v. Louisiana,* Case No. 12-cv-657-BAJ-RLB, 2014 WL 1652791 (M.D. La. Apr. 23, 2014).  A "motive" is a subjective reason for taking some action, but facts are objective.  A fact does not take on a mantle

4

of privilege when it is shared between an attorney and client (an "absolute" privilege); a fact should not be afforded *more* protection under a *qualified* privilege merely because it is known to a legislator. Cf. *Upjohn Co. v. United States*, 449 U.S. 383, 395-396 (1981) ("[T]he protection of the privilege extends only to communications, and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing" (internal citation omitted).) The data, reports and other facts that the Subpoena Recipients considered when planning the redrawn districts at issue are relevant to the underlying claims of the case and do not themselves reveal the subjective intent behind the Subpoena Recipients' actions.

Plaintiffs' concern that the Subpoena Recipients are withholding (and refusing even to describe) responsive, factual, and non-privileged information is not theoretical. During the floor debate in the State Senate on March 29, 2022, the Chair of the Redistricting Committee stated on the record that a study of racially polarized voting in Mississippi had been commissioned, purportedly "to make sure that we were in compliance with all the criteria" of Section 2 of the Voting Rights Act. Ex. A, March 29, 2022, Mississippi Senate Hearing Tr. at 30:20-22. The Chair refused to provide a copy of it to his fellow senators until *after* the vote was held.[2] Based on how it is described by the Redistricting Committee Chairperson, this study is directly responsive to the Plaintiffs' subpoenas and very relevant to the adjudication of Plaintiffs' claims, and does not in

---

[2] "SENATOR MCDANIEL: He just told you they conducted a study trying to demonstrate or document the racially polarized voting patterns of these 15 majority-minority districts. Now he seems to be indicating he doesn't have the study. I'm just trying to get a copy of it.
[COMMITTEE CHAIRMAN] SENATOR KIRBY: Do not have it with us, but we certainly do have it, he says.
SENATOR MCDANIEL: When can I see it?
SENATOR KIRBY: I don't know that. Hold on, I'll have to ask. I have no idea.
SENATOR MCDANIEL: It's a big deal. It's a big issue. I think this body is entitled to see that right now.
SENATOR KIRBY: I'm told **after the process is over, you'll be welcome to see it**.
SENATOR MCDANIEL: **You mean after we vote** –
SENATOR KIRBY: **That's right.**
…
SENATOR MCDANIEL: … [W]e need to see that data. We need to see that data.
SENATOR KIRBY: **As soon as the process is over, Senator, you're welcome to it.**" *Id.* at 31:13-33:24 (emphasis added).

5

itself reveal any legislator's motivations concerning the passage of legislation. Regardless of any ultimate ruling on whether that or any other particular document is protected by the legislative privilege, the point for present purposes is that Plaintiffs would not even be aware that this obviously relevant study *exists* but for the fact that it happened to come up at a hearing.[3] The Federal Rules require more.

### III. Records Are Not Protected Just Because They Are Within the Scope of Legislative Activity

Without a proper privilege log, Plaintiffs are unable to determine whether the Subpoena Recipients are withholding documents that are not within the scope of the privilege in the first instance. That is precisely why individualized descriptions on a privilege log are required under the Federal and Local Rules.

To the extent the withheld documents fall within the scope of the legislative privilege, *La Union* demonstrates that further analysis is required to determine (1) whether the privilege was waived, and (2) whether there are "extraordinary instances" in which the legislative privilege must yield. *La Union*, 68 F.4th at 236-38. It is impossible for the parties or the Court to undertake this analysis without even knowing what the documents are. Nor is it the case that this analysis must come out in the Subpoena Recipients' favor as to every document they are withholding. In holding that waiver occurs when documents are disclosed "publicly," for example, *La Union* reasons that "the privilege log shows that the legislators did not send privileged documents to third parties *outside* the legislative process; instead they brought third parties *into* the process. That

---

[3] Even if this study is somehow privileged, the Subpoena Recipients cannot, in an official hearing, cite it as evidence that the maps pass muster under the Voting Rights Act but then hide behind an assertion of privilege when asked to present the proof. Fairness dictates that privilege is waived when a party attempts to use it as both sword and shield. *Cf. In re Itron, Inc.*, 883 F.3d 553, 559 (5th Cir. 2018) (citing "numerous cases across jurisdictions finding waiver when a client asserts reliance on an attorney's advice as an element of a claim or defense" (internal citations omitted).)

decision did not waive the privilege." *Id.* at 237 (emphasis in original).  Information shared with third parties who are not necessary to "propos[e], formulat[e] [or] pass[] legislation" would be shared "outside the legislative process" and would not further any interest protected by the privilege.  *Id.*  Here, withheld documents may have been shared with such parties "outside the legislative process" without necessarily being accessible to Plaintiffs.  *Id.* at 236.  But neither Plaintiffs nor the Court can know whether that occurred without a privilege log.[4]

## IV.  Plaintiffs' Proposal that the Court or a Special Master Conduct an *In Camera* Review is Reasonable and Appropriate as an Alternative

Plaintiffs proposed that the Court or a special master review the Subpoena Recipients' documents *in camera* as an alternative to ordering the production of a privilege log.  The Subpoena Recipients object to this approach, arguing that it "imposes as much or more of a burden on these non-party citizen legislators and their staff and aides, than would be required by a log."  Opp. at 15.  That makes no sense.  Logging the responsive documents requires that they be collected and then described in the manner dictated by L.U. Civ. R. 26(e).  Providing them for *in camera* review requires only the first of those steps.  And to suggest that the "citizen legislators" would be doing any of this work themselves – as opposed to the experienced outside legal counsel they have retained – beggars belief.

The Subpoena Recipients' remaining argument is that such review would be burdensome for the Court or, if reviewed by a special master, it would be "expensive."[5]  What that burden or expense might look like is anyone's guess, because the Subpoena Recipients have not stated the number of documents they are withholding or provided any other information that would give the

---

[4] The Subpoena Recipients also argue that *La Union* instructs district courts within the Fifth Circuit not to consider the *Rodriguez* factors.  Opp. at 11-12.  Whatever may have been argued in the parties' briefs, *Rodriguez* is not mentioned once in the *La Union* opinion.

[5] The Subpoena Recipients concede that "[r]eview by a special master would be timely."  Opp. at 15.

7

Court some basis to evaluate those objections. It does not even appear that they have made any effort to identify the supposedly "thousands" of documents at issue. But whatever burden or expense an *in camera* review might entail, those factors must be balanced against the injustice that would occur if this important litigation were decided without the evidence that Plaintiffs are entitled to. The Court has already recognized the import of this case in its ruling that the matter proceed to trial expeditiously. Vague and unsupported "burden" or "expense" objections do not deserve greater weight than the adjudication of claims that implicate all Mississippians' basic right to fair representation in government and an equally open political process.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion and compel the Subpoena Recipients to produce a privilege log consistent with Federal and Local Rules or, in the alternative, submit their withheld documents for review *in camera* or for review by a special master.

This the 4th day of October, 2023.

<u>/s/Joshua Tom</u>
Joshua Tom, MSB 105392
*jtom@aclu-ms.org*
ACLU OF MISSISSIPPI
101 South Congress Street
Jackson, MS 39201
(601) 354-3408

Robert B. McDuff, MSB 2532
*rbm@mcdufflaw.com*
MISSISSIPPI CENTER FOR JUSTICE
767 North Congress Street
Jackson, MS 39202
(601) 969-0802

Carroll Rhodes, MSB 5314
Law Offices of Carroll Rhodes
*crhodes6@bellsouth.net*
PO Box 588
Hazlehurst, MS 39083
(601) 894-1464

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:     +1.202.739.3000
Facsimile:      +1.202.739.3001
*john.lavelle@morganlewis.com*

Drew C. Jordan
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone:     +1.713.890.5000
Facsimile:      +1.713.890.5001
*drew.jordan@morganlewis.com*

Ari J. Savitzky
*asavitzky@aclu.org*
Kelsey Miller
*kmiller1@aclu.org*
Ming Cheung
mcheung@aclu.org
Casey Smith
csmith@aclu.org
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500

Patricia Yan
*pyan@aclu.org*
ACLU FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 457-0800

Ezra D. Rosenberg
*erosenberg@lawyerscommittee.org*
Jennifer Nwachukwu
*jnwachukwu@lawyerscommittee.org*
David Rollins-Boyd
*drollins-boyd@lawyerscommittee.org*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW Suite 900
Washington, DC 20005
(202) 662-8600

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I, Joshua Tom, do certify that on this day I caused to be served a true and correct copy of the foregoing by electronic mail to all counsel of record.

      This the 4th day of October, 2023.

                                              /s/Joshua Tom
                                              Joshua Tom