**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; DR. ANDREA WESLEY; DR. JOSEPH WESLEY; ROBERT EVANS; GARY FREDERICKS; PAMELA HAMNER; BARBARA FINN; OTHO BARNES; SHIRLINDA ROBERTSON; SANDRA SMITH; DEBORAH HULITT; RODESTA TUMBLIN; DR. KIA JONES; ANGELA GRAYSON; MARCELEAN ARRINGTON; VICTORIA ROBERTSON,** | **PLAINTIFFS** |
| **VS.** | **CIVIL ACTION NO. 3:22-cv-734-DPJ-HSO-LHS** |
| **STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES,** *in his official capacity as Governor of Mississippi*; **LYNN FITCH,** *in her official capacity as Attorney General of Mississippi*; **MICHAEL WATSON,** *in his official capacity as Secretary of State of Mississippi,* | **DEFENDANTS** |
| **AND** | |
| **MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE** | **INTERVENOR-DEFENDANT** |

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS**

Defendants State Board of Election Commissioners, Governor Tate Reeves, Attorney General Lynn Fitch, and Secretary of State Michael Watson (collectively, "Defendants") submit this memorandum of authorities in support of their Motion to Compel Peyton Strategies, LLC, Senator Derrick T. Simmons and Representative Robert L. Johnson III (collectively, the "Subpoenaed Non-Parties") to comply with non-party subpoenas issued pursuant to Federal Rule

1

of Civil Procedure 45 (the "Subpoena" or "Subpoenas").  The Subpoenaed Non-Parties have failed to timely respond to the Subpoenas at all.  They have not produced any documents responsive to the Subpoenas, nor have they served any objection to the Subpoenas.  Instead, they have simply ignored the Subpoenas.  Because the Subpoenas seek relevant information and the Subpoenaed Non-Parties have waived any objections thereto, this Court should enter an order compelling the Subpoenaed Non-Parties to produce documents responsive to Defendants' Subpoenas.

## **BACKGROUND**

Following the 2020 Census, the Mississippi Legislature was required by the United States Constitution and the Mississippi Constitution to "apportion the state in accordance with the Constitution of the state and of the United States into consecutive numbered senatorial and representative districts of contiguous territory."  U.S. CONST. art. I, § 2; MISS. CONST. art. 13, § 254.  That work began with the creation of the Standing Joint Committee[1] —a committee of legislators that is created to deliberate and draw legislative maps. *See* MISS. CODE ANN. § 5-3-91-103, 121.  On March 29, the Mississippi House of Representatives adopted a House Redistricting Plan (JR 1), and the Mississippi State Senate adopted a Senate Redistricting Plan (JR 202). On March 31, the House adopted JR 202 and the Senate adopted JR 1 and upon their signing and enrolling, those maps (the "2022 Maps") became law (the "2022 Legislative Redistricting Process").[2]

---

[1] The "Standing Joint Committee" is the commonly used name of the Standing Joint Legislative Committee on Reapportionment, which is charged by statute with reapportioning the two chambers of the State Legislature, and the Standing Joint Congressional Redistricting Committee, which is charged by statute with redistricting the State's Congressional seats.  *See* MISS. CODE ANN. §§ 5-3-91-103, 121.

[2] The adoption of these Joint Resolutions does not require the Governor's signature.

This case was brought by the Mississippi Conference of the NAACP and individual Plaintiffs alleging that the 2022 Maps violate both the Fourteenth Amendment of the U.S. Constitution and the Voting Rights Act.  *See* Amended Complaint [Dkt. # 27].  As part of their defense, the Defendants issued and served certain Subpoenas on the Subpoenaed Non-Parties seeking document and communications related to their role or participation in the 2022 Legislative Redistricting Process, including the alternative maps presented by Senator Simmons and Representative Johnson during the floor debates preceding adoption.  The requests are reasonable and proportional to the needs of the case.

On August 1, 2023, Defendants issued a Subpoena to Peyton Strategies, LLC c/o Charles Taylor, Principal seeking relevant documents.  [Dkt # 63].  Mr. Taylor was served on August 11, 2023, and the Subpoena listed August 21, 2023 as the date of compliance. *Id.*  The subpoena to Peyton Strategies seeks documents and communications between Peyton Strategies and Plaintiffs or any member of the Mississippi Legislature related to the 2022 Legislative Redistricting Process.  On information and belief, Peyton Strategies assisted Senator Simmons in drawing and/or preparing the alternative map presented by Senator Simmons on the floor of the Senate on March 27, 2022.  The deadline for Peyton Strategies to respond or object was no later than August 21, 2023.  To date, Peyton Strategies has ignored the Subpoena, thereby failing to respond, object or produce the requested records.

On August 30, 2023, Defendants issued a Subpoena to Senator Derrick T. Simmons, in his official capacity as a member of the Mississippi State Senate, District 12 seeking relevant documents.  [Dkt. # 74].  The Subpoena to Senator Simmons seeks documents and communications with the Plaintiffs and all other third parties regarding the 2022 Legislative Redistricting Process, including the alternative map presented by Senator Simmons on the floor of

the Senate on March 27, 2022. Senator Simmons was served on August 31, 2023, and the Subpoena listed September 13, 2023 as the date of compliance. *Id.* The deadline for Senator Simmons to respond or object was no later than September 13, 2023. To date, Senator Simmons has ignored the Subpoena, thereby failing to respond, object or produce the requested records.

On September 12, 2023, Defendants issued a Subpoena to Representative Robert L. Johnson III, in his official capacity as a member of the Mississippi House of Representatives, District 94 seeking relevant documents. [Dkt. # 76]. The Subpoena to Representative Johnson seeks documents and communications with the Plaintiffs and all other third parties regarding the 2022 Legislative Redistricting Process, including the alternative map presented by Representative Johnson on the floor of the House of Representatives on March 27, 2022. Representative Johnson was served on September 12, 2023, and the Subpoena listed September 26, 2023 as the date of compliance. *Id.* The deadline for Representative Johnson to respond or object was no later than September 26, 2023. To date, Representative Johnson has ignored the Subpoena, thereby failing to respond, object or produce the requested records.

Counsel for the Defendants were previously advised by counsel for the Plaintiffs that they do not represent Senator Simmons or Representative Johnson. Counsel for the Defendants attempted to confer with counsel for Plaintiffs to confirm that they also do not represent Peyton Strategies. *See* 10/04/23 E-mail from Beckett to Tom, Ex. A to the Motion. As of the time of this filing, counsel for Plaintiffs has not responded. No other lawyer has contacted counsel for Defendants to advise that they represent the Subpoenaed Non-Parties. Thus, to the extent counsel for the Defendants have any obligation to "meet and confer" with non-Parties, counsel for the Defendants have no one with whom to "meet and confer" in this instance.

**ARGUMENT**

**A. The Subpoenaed Non-Parties should be ordered to comply with the Subpoenas.**

Under Federal Rule of Civil Procedure 45, subpoena recipients can serve objections on the party seeking discovery or its attorney. *See* Fed. R. Civ. P. 45(d)(2)(B). "The objection[s] must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Id.* "Either in lieu of or in addition to serving objections on the party seeking discovery, a person can 'timely' file a motion to quash or modify the subpoena." *In re Ex Parte Application of Grupo Mexico SAB de CV for an Ord. to Obtain Discovery for Use in a Foreign Proceeding*, No. 3:14-MC-0073-G, 2015 WL 12916415, at *3 (N.D. Tex. Mar. 10, 2015) (quoting Fed. R. Civ. P. 45(d)(3)(A)).[3]

"Courts within the Fifth Circuit have consistently held that failure to serve timely objections to a Rule 45 subpoena generally results in a waiver of all grounds for objection, including privilege." *Louisiana Generating, L.L.C. v. Illinois Union Ins. Co.*, No. CIV.A. 10-516-JJB-SC, 2011 WL 6259052, at *2 (M.D. La. Dec. 14, 2011) (collecting cases); *accord Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 448 (N.D. Tex. 2015) ("'The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections,' as does failing to file a timely motion to quash." (internal citation omitted)). An exception exists, and the "failure to act timely will not bar consideration of objections," in cases involving "unusual circumstances" where "good cause [is] shown." *Andra*

---

[3] "While 'timely is not defined in the rule nor elaborated upon in the advisory committees notes . . . , [i]n general, courts have read timely to mean within the time set in the subpoena for compliance.'" *Grupo Mexico*, 2015 WL 12916415, at *3 (quoting *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002)); *accord Ruelas v. W. Truck & Trailer Maint., Inc.*, No. PE:18-CV-00002-DC-DF, 2019 WL 13150120, at *1 (W.D. Tex. Oct. 8, 2019).

*Grp.*, 312 F.R.D. at 449 (quoting *Bell Inc. v. GE Lighting*, LLC, No. 6:14–cv–00012, 2014 WL 1630754, at *9 (W.D.Va. Apr. 23, 2014)).

Here, the Subpoenaed Non-Parties have neither responded and produced documents nor responded to raise objections. They have simply ignored the Subpoenas altogether. Any objections that could have been asserted by the Subpoenaed Non-Parties have therefore been waived by each of them.

Likewise, a party withholding information under a claim that it is protected or subject to protection as trial-preparation material must "expressly make the claim" and "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." *See* Fed. R. Civ. P.. 45(e)(2)(A*)*; *see, e.g. Mayfield v. City of Madison, Mississippi*, 2019 WL 13171420 at *2 (S.D. Miss. Dec. 17, 2019) (Ball, J.); *Mears v. Jones*, 2017 WL 8682109 at *1 (S.D. Miss. June 13, 2017) (Parker, J.); *Romac Environmental Servs., LLC v. Wildcat Fluids, LLC*, 2022 WL 1924106 at *1 (W.D. La. June 3, 2022). Here, the Subpoenaed Non-Parties have not raised any claims of privilege. The time for doing so has passed.

The Subpoenaed Non-Parties cannot simply ignore the Subpoenas duly issued by this Court. The Defendants request that this Court enter an Order enforcing the Subpoenas, waiving or overruling any untimely objections or assertions of privilege, and compelling the Subpoenaed Non-Parties to comply with the Subpoenas and produce all responsive documents and communication within their possession, custody or control.

## **CONCLUSION**

  The Subpoenaed Non-Parties have not produced any documents, raised any objections or asserted any claims of privilege. All objections or claims of privilege have been waived by failing to assert them within the time specified by Rule 45. For these reasons, Defendants' Motion to Compel should be granted. Nevertheless, even if the Subpoenaed Non-Parties had not waived their objections, Defendants have demonstrated that the Subpoenas seek items that are relevant and proportional to the instant case. Accordingly, this Court should enter an order compelling the Subpoenaed Non-Parties to comply with Defendants' Subpoenas within 10 days of entry of the Court's order.

THIS the 6th day of October, 2023.

              Respectfully submitted,

              STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF MISSISSIPPI; LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI; MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE, DEFENDANTS

          By: */s/ P. Ryan Beckett*
            P. Ryan Beckett (MB #99524)

            ONE OF THEIR COUNSEL

OF COUNSEL:
Tommie S. Cardin (MB #5863)
P. Ryan Beckett (MB #99524)
B. Parker Berry (MB #104251)
**BUTLER SNOW LLP**
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
P.O. Box 6010, Ridgeland, MS 39158-6010
Phone: 601.948.5711
Fax: 601.985.4500
tommie.cardin@butlersnow.com
ryan.beckett@butlersnow.com
parker.berry@butlersnow.com


Rex M. Shannon III (MB #102974)
**STATE OF MISSISSIPPI**
**OFFICE OF THE ATTORNEY GENERAL**
**CIVIL LITIGATION DIVISION**
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov

## CERTIFICATE OF SERVICE

I, P. Ryan Beckett, attorney for the Legislative Subpoena Recipients, hereby certify that I have on this date served the above and foregoing on all counsel of record via electronic mail.

I further certify that I served the above and foregoing via U.S. Mail on the following:

Peyton Strategies, LLC
c/o Charles Taylor, Principal
1420 School Park St.
Jackson, MS 39213

Senator Derrick T. Simmons
Simmons & Simmons, PLLC
207 Main Street
Greenville, MS 38701

Representative Robert L. Johnson, III
P.O. Box 1678
Natchez, MS 39121

This the 6th day of October, 2023.

                                                         */s/ P. Ryan Beckett*
                                                         P. Ryan Beckett

82973849.v1