AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

EXHIBIT 1

MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al.
*Plaintiff*
v.
STATE BOARD OF ELECTION COMMISSIONERS, et al.
*Defendant*

Civil Action No. 3:22-cv-734-DPJ-HSO-LHS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Peyton Strategies, LLC c/o Charles Taylor, Principal
1072 J.R. Lynch Street, Suite 10, Jackson, MS 39203
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Exhibit A attached hereto. In lieu of appearing at Butler Snow, LLP, it is acceptable to comply with this subpoena by mailing the documents to Butler Snow, LLP, Attn: P. Ryan Beckett, P.O. Box 6010, Ridgeland, Mississippi 39158-6010 or by e-mailing the documents to P. Ryan Beckett at ryan.beckett@butlersnow.com.**

| Place: Butler Snow LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157 | Date and Time:
10/26/2023 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/12/2023

*CLERK OF COURT*                        OR        [signature]

*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants**, who issues or requests this subpoena, are:
P. Ryan Beckett, BUTLER SNOW LLP, P.O. Box 6010, Ridgeland, MS 39158, ryan.beckett@butlersnow.com (601) 985-4557

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:22-cv-734-DPJ-HSO-LHS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

The following definitions apply to this SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION and are deemed incorporated into each document request listed below:

1. The term "You" and "Your" shall mean Peyton Strategies, LLC and/or its agents, representatives, attorneys and all other persons acting on its behalf.

2. The term "Plaintiff" or "Plaintiffs" shall mean the Mississippi State Conference of the National Association for the Advancement of Colored People and its agents, representatives, attorneys and all other persons acting on its/his/her behalf and/or the individuals Dr. Andrea Wesley, Dr. Joseph Wesley, Robert Evans, Gary Fredericks, Pamela Hammer, Barbara Finn, Orho Barnes, Shirlinda Robertson, Sandra Smith, Deborah Hulitt, Rodesta Tumblin, Dr. Kia Jones, Angela Grayson, Marcelean Arrington, and Victoria Robertson.

3. The term "Defendant" or "Defendants" shall mean the State Board of Election Commissioners, Governor Tate Reeves, Attorney General Lynn Fitch, and Secretary of State Michael Watson.

4. The term "SBEC" shall mean the State Board of Election Commissioner.

5. The term "Mississippi State Legislative redistricting process" includes both redistricting done related to the Mississippi House of Representatives and redistricting done related to the Mississippi Senate.

6. The term "document" is defined to include all that is encompassed in the usage of the term in Federal Rule of Civil Procedure 34(a)(1)(A). Without limiting the generality of the foregoing, the word "document" means the original and each non-identical copy of any written,

reported or graphic matter, however produced or reproduced, in the possession, custody or control of, or known to, the plaintiff, its agents, representatives, attorneys or other persons acting on his behalf. It includes text messages, E-mail, electronic mail, voice mail, electronic bulletin board postings, and any information stored on and reproducible in documentary form from a computer or other electronic, magnetic, optical or laser-based information storage device, including but not limited to floppy disks, hard disks, tapes or CD-ROM.

7. The term "Litigation" shall mean the above-captioned case.

## DOCUMENTS TO BE PRODUCED

1. All agreements between You and any Plaintiff in this matter related to the 2022 Mississippi State Legislative redistricting process.

2. All documents and communications between You and any Plaintiff in this matter related to the 2022 Mississippi State Legislative redistricting process.

3. All alternative or different Mississippi State Legislative redistricting maps, including any drafts, prepared by You at the request of any Plaintiff.

4. All documents and communications between you and any Plaintiff setting forth the exact criteria used in creating any alternative or different Mississippi State Legislative redistricting maps.

5. All agreements between You and any member of the Mississippi Legislature related to the 2022 Mississippi State Legislative redistricting process.

6. All documents and communications between You and any member of the Mississippi Legislature related to the 2022 State Legislative redistricting process.

7. All alternative or different Mississippi State Legislative redistricting maps, including any drafts, prepared by You at the request of any member of the Mississippi Legislature.

2

8. All documents and communications between you and any member of the Mississippi Legislature setting forth the exact criteria used in creating any alternative or different Mississippi State Legislative redistricting maps.

9. All documents and communications evidencing any payments made to You by any party relating to Mississippi State Legislative redistricting.

10. All documents and communications relating to voting patterns in Mississippi elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

11. All documents and communications relating to enumerations or estimates by the U.S. Census Bureau regarding population changes, race, ethnicity, language minority status, or U.S. citizenship that were considered in any alternative or different Mississippi State Legislative redistricting maps.

12. With respect to any alternative or different maps created by You, including drafts, all documents and communications regarding:

    a. The origination or source of such maps;

    b. The impetus, rationale, background, or motivation for any such maps;

    c. Shapefiles or datasets used in mapping software, each RED report, each PAR report, each RPV report, demographic data, election data and analyses, and files relating to precinct names, precinct lines, split precents, partisan indexes, population shifts, population deviations, vote registration, Spanish Surname Voter Registration, Asian Surname Voter Registration, Black Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, Asian Surname Voter Turnout, Black Surname Voter Turnout, or changing census geography; and

3

      d. The potential pairing of any incumbents.

    13. All documents and communications related to Your understanding of the criteria necessary for a state legislative body to consider and apply in order to be in compliance with Section 2 of the Voting Rights Act, such as contiguity, compactness, respect for historical boundaries, protection of incumbents, or other criteria.

83275891.v1