IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE;
DR. ANDREA WESLEY; DR. JOSEPH
WESLEY; ROBERT EVANS; GARY
FREDERICKS; PAMELA HAMNER;
BARBARA FINN; OTHO BARNES;
SHIRLINDA ROBERTSON; SANDRA
SMITH; DEBORAH HULITT; RODESTA
TUMBLIN; DR. KIA JONES; ANGELA
GRAYSON; MARCELEAN ARRINGTON;
VICTORIA ROBERTSON                                    **PLAINTIFFS**

VS.                                    **CIVIL ACTION NO. 3:22-cv-734-DPJ-HSO-LHS**

STATE BOARD OF ELECTION
COMMISSIONERS; TATE REEVES, *in his*
*official capacity as Governor of Mississippi*;
LYNN FITCH, *in her official capacity as*
*Attorney General of Mississippi*; MICHAEL
WATSON, *in his official capacity as Secretary*
*of State of Mississippi*                                    **DEFENDANTS**

---

### RESPONSES OF DEFENDANT MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF MISSISSIPPI, TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

---

Defendant Michael Watson. in his official capacity as Secretary of State of Mississippi,

("Defendant") by and through counsel, and pursuant to FED. R. CIV. P. 33, hereby serves these his

responses to Plaintiffs' first set of interrogatories. as follows:

#### OBJECTION

Defendant objects to Plaintiffs' "DEFINITIONS" and "INSTRUCTIONS AND RULES

OF CONSTRUCTION" to the extent they seek to impose any obligation on Defendant beyond

1



that imposed by the *Federal Rules of Civil Procedure*.  Subject to and without waiving his

objection, Defendant hereby responds to Plaintiffs' first set of interrogatories.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**:  Identify any Person (including, but not limited to, any

Legislator; elected official and any of his or her aides or representatives; candidate for elected

office and any of his or her aides, representatives, or campaign staff; any representative, employee,

or agent of a local, state, or national political party, party organization; or non-profit organization;

lobbyist; political activist; expert; political organization; community organization; consultant or

consulting firm; strategist; attorney; law firm; special interest group; public interest group; non-

governmental organization; any Defendant and any individual, group, office, or entity associated

with such Defendant; and/or any governmental entity or representative thereof) that you contacted

and/or that contacted you regarding the 2022 Redistricting Process, including but not limited to

any Alternative Maps.

**RESPONSE**:  Defendant objects to this interrogatory on the grounds that it is overly broad,

sweeping, and unduly burdensome, and further to the extent that it is not reasonably limited in

scope or time.  Defendant further objects to this interrogatory on the grounds that it seeks discovery

of information that is not proportional to the needs of the case, and therefore exceeds the scope of

permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*.  Subject to and

without waiving his objections, and as Defendant appreciates the intent of this interrogatory,

Defendant identifies Ben Collins, GIS Director, Mississippi Legislature, Standing Joint Legislative

Committee on Reapportionment and Joint Legislative Committee on Performance Evaluation and

Expenditure Review.  Further responding, the Secretary of State recalls discussing redistricting in

general with legislators but did not offer any input regarding the 2022 House Map or 2022 Senate Map. He does not recall the specific legislators with whom he communicated.

**INTERROGATORY NO. 2**: For each Joint Committee Meeting at which the 2022 Redistricting Process and/or Alternative Maps were discussed, state the date of the meeting; the location of the meeting; the length of the meeting; the identity of each Person who attended the meeting; and whether any minutes, recordings, agendas, notes, or other records of the meeting were taken.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is overly broad, and further on the grounds that it seeks discovery of information that is not proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant has no information responsive to this interrogatory.

**INTERROGATORY NO. 3**: Excluding those identified in response to Interrogatory No. 2, for any meetings that you attended (including but not limited to private meetings, public meetings, town halls, conferences or press events) at which the 2022 Redistricting Process and/or Alternative Maps were discussed, state the date of the meeting; the location of the meeting; the length of the meeting; the identity of each Person who attended the meeting; and whether any minutes, recordings, agendas, notes, or other records of the meeting were taken.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is overly broad, sweeping, and unduly burdensome, and further to the extent that it is not reasonably limited in scope or time. Defendant further objects to this interrogatory on the grounds that it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds

the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant does not recall attending any such meetings and has no information responsive to this interrogatory.

**INTERROGATORY NO. 5**[1]: Identify all of your employees, independent contractors, staff members or other agents who, at any time during the Relevant Period, participated in any activities and/or engaged in any communications regarding the 2022 Redistricting Process, including but not limited to any Alternative Maps.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "activities." Defendant further objects to this interrogatory on the grounds that it is overly broad, sweeping, and unduly burdensome, and further to the extent that it is not reasonably limited in scope or time. Defendant further objects to this interrogatory on the grounds that it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant has no information responsive to this interrogatory. Defendant states that while his office provides data from the Statewide Election Management System ("SEMS") as requested by legislative staff involved in the redistricting process, Defendant's office has no role in the development or enactment of redistricting legislation.

---

[1] Note: Plaintiffs' First Set of Interrogatories does not contain an Interrogatory No. 4.

**INTERROGATORY NO. 6**: Identify any study, report, recommendation, memorandum, data, or analysis considered or relied upon in connection with the 2022 Redistricting Process, including but not limited to any Alternative Maps.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "analysis." Defendant further objects to this interrogatory on the grounds that it calls for speculation and is argumentative, as it incorrectly assumes that Defendant, who is not a member of the Mississippi Legislature, can identify what information legislators "considered or relied upon" in enacting the 2022 House and Senate Maps and/or in evaluating any Alternative Maps. Defendant further objects to this interrogatory on the grounds that it is overly broad, sweeping, and unduly burdensome, and further to the extent that it is not reasonably limited in scope or time. Defendant further objects to this interrogatory to the extent that it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Defendant further objects to this interrogatory to the extent it seeks discovery of information that is protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant does not know what information or data legislators considered or relied upon in the 2022 redistricting process and has no information responsive to this interrogatory. Defendant states that while his office provides data from the Statewide Election Management System ("SEMS") as requested by legislative staff involved in the redistricting process, Defendant's office has no role in the development or enactment of redistricting legislation.

**INTERROGATORY NO. 7**:  Identify the criteria used or considered in connection with the creation or development of the 2022 House Map or any Alternative Maps.

**RESPONSE**:  Defendant objects to this interrogatory on the grounds that it calls for speculation and is argumentative, as it incorrectly assumes that Defendant, who is not a member of the Mississippi Legislature, can identify what criteria legislators "used or considered" in enacting the 2022 House Map and/or in evaluating any Alternative Maps.  Defendant further objects to this interrogatory to the extent it calls for a legal conclusion.  Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant states that the Mississippi Secretary of State's Office was not involved in the development or enactment of the 2022 House Map or legislative consideration of alternative maps and has no information responsive to this interrogatory.

**INTERROGATORY NO. 8**:  Identify the criteria used or considered in connection with the creation or development of the 2022 Senate Map or any Alternative Maps.

**RESPONSE**:  Defendant objects to this interrogatory on the grounds that it calls for speculation and is argumentative, as it incorrectly assumes that Defendant, who is not a member of the Mississippi Legislature, can identify what criteria legislators "used or considered" in enacting the 2022 Senate Map and/or in evaluating any Alternative Maps.  Defendant further objects to this interrogatory to the extent it calls for a legal conclusion.  Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant states that the Mississippi Secretary of State's Office was not involved in the development or enactment of the 2022 Senate Map or legislative consideration of alternative maps and has no information responsive to this interrogatory.

**INTERROGATORY NO. 9**:  Identify any policies, procedures, and practices, whether formal or informal, that were used or considered in connection with the 2022 Redistricting Process or any Alternative Maps.

**RESPONSE**:  Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "policies, procedures, and practices, whether formal or informal." Defendant further objects to this interrogatory on the grounds that it calls for speculation and is argumentative, as it incorrectly assumes that Defendant, who is not a member of the Mississippi Legislature, can identify what information legislators "used or considered" in enacting the 2022 House and Senate Maps and/or in evaluating any Alternative Maps. Defendant further objects to this interrogatory on the grounds that it is overly broad and not reasonably limited in scope or time. Defendant further objects to this interrogatory on the grounds that it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant has no information responsive to this interrogatory. Defendant states that while his office provides data from the Statewide Election Management System ("SEMS") as requested by legislative staff involved in the redistricting process, Defendant's office has no role in the development or enactment of redistricting legislation.

**INTERROGATORY NO. 10**:  Identify all Persons who may possess information or documents related to the 2022 Redistricting Process or any Alternative Maps.

**RESPONSE**: Defendant objects to this interrogatory on the grounds that it is overly broad, sweeping, and unduly burdensome, and further to the extent that it calls for speculation and is not reasonably limited in scope or time. Defendant further objects to this interrogatory on the grounds

that it seeks discovery of information that is not proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant identifies Ben Collins, GIS Director, Mississippi Legislature, Standing Joint Legislative Committee on Reapportionment and Joint Legislative Committee on Performance Evaluation and Expenditure Review. Defendant presumes that Mississippi legislators who were involved in the 2022 redistricting process may have information responsive to this interrogatory. Defendant otherwise has no information responsive to this interrogatory. Defendant states that while his office provides data from the Statewide Election Management System ("SEMS") as requested by legislative staff involved in the redistricting process, Defendant's office has no role in the development or enactment of redistricting legislation.

**INTERROGATORY NO. 11**: Identify all individuals whom you may call as witnesses at trial.

**RESPONSE**: Defendant objects to this interrogatory to the extent it seeks information regarding witnesses who may be called solely for rebuttal or impeachment purposes. Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant states that he has not yet determined whom he may call at trial. Defendant may call or cross-examine any party, any expert identified by any party, and any individual identified in any party's initial disclosures or discovery responses, including but not limited to any individual identified in any document produced during the course of discovery. Discovery is ongoing. Defendant reserves the right to supplement his response to this interrogatory in compliance with the *Federal Rules of Civil Procedure* and the governing case management deadlines.

**INTERROGATORY NO. 12**:   Identify any individual associated with the U.S. Department of Justice who participated in oversight over any portion of Mississippi pursuant to Section 5 of the Voting Rights Act of 1965 since January 1, 2000.

**RESPONSE**:  Defendant objects to this interrogatory on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "associated with the U.S. Department of Justice" or "oversight over any portion of Mississippi."  Defendant further objects to this interrogatory on the grounds that it is not reasonably limited in scope or time and seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*.  Subject to and without waiving his objections, and as Defendant appreciates the intent of this interrogatory, Defendant has no information responsive to this interrogatory.

THIS the 2nd day of _October_, 2023.

Respectfully submitted,

MICHAEL WATSON, IN HIS OFFICIAL
CAPACITY AS SECRETARY OF STATE OF
MISSISSIPPI, DEFENDANT

AS TO INTERROGATORY RESPONSES:

By:    _____
KYLE KIRKPATRICK,
ASSISTANT SECRETARY OF STATE,
ELECTIONS DIVISION, MISSISSIPPI
SECRETARY OF STATE'S OFFICE

AS TO OBJECTIONS:

By:    LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By:    _____
REX M. SHANNON III (MB #102974)
Special Assistant Attorney General

9

REX M. SHANNON III (MB #102974)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov
TOMMIE S. CARDIN (MB #5863)
P. RYAN BECKETT (MB #99524)
B. PARKER BERRY (MB #104251)
BUTLER SNOW LLP
Post Office Box 6010
Ridgeland, Mississippi 39158-6010
Tel.: (601) 985-4570
Fax: (601) 985-4500
tommie.cardin@butlersnow.com
ryan.beckett@butlersnow.com
parker.berry@butlersnow.com

ATTORNEYS FOR DEFENDANTS STATE
BOARD OF ELECTION COMMISSIONERS,
TATE REEVES, IN HIS OFFICIAL CAPACITY
AS GOVERNOR OF MISSISSIPPI, LYNN
FITCH, IN HER OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF MISSISSIPPI, AND
MICHAEL WATSON, IN HIS OFFICIAL
CAPACITY AS SECRETARY OF STATE OF
MISSISSIPPI

## DECLARATION

Pursuant to 28 U.S.C. § 1746, I, Kyle Kirkpatrick, Assistant Secretary of State, Elections Division, Mississippi Secretary of State's Office, as duly authorized on behalf of Michael Watson, in his official capacity as Secretary of State of Mississippi, hereby certify under penalty of perjury under the laws of the United States of America that the foregoing responses to interrogatories are true and correct to the best of my knowledge and information at the time of this declaration.

Executed this the 2nd day of October , 2023.

KYLE KIRKPATRICK,
ASSISTANT SECRETARY OF STATE,
ELECTIONS DIVISION, MISSISSIPPI
SECRETARY OF STATE'S OFFICE

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named defendant, do hereby certify that I have this date caused to be served, via electronic mail, a true and correct copy of the above and foregoing to all counsel of record in the above-styled and numbered cause.

THIS the 2nd day of October, 2023.

REX M. SHANNON III

11