IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE;
DR. ANDREA WESLEY; DR. JOSEPH
WESLEY; ROBERT EVANS; GARY
FREDERICKS; PAMELA HAMNER;
BARBARA FINN; OTHO BARNES;
SHIRLINDA ROBERTSON; SANDRA
SMITH; DEBORAH HULITT; RODESTA
TUMBLIN; DR. KIA JONES; ANGELA
GRAYSON; MARCELEAN ARRINGTON;
VICTORIA ROBERTSON                                          **PLAINTIFFS**

VS.                            CIVIL ACTION NO. 3:22-cv-734-DPJ-HSO-LHS

STATE BOARD OF ELECTION
COMMISSIONERS; TATE REEVES, *in his
official capacity as Governor of Mississippi*;
LYNN FITCH, *in her official capacity as
Attorney General of Mississippi*; MICHAEL
WATSON, *in his official capacity as Secretary
of State of Mississippi*                                    **DEFENDANTS**

---

### RESPONSES OF DEFENDANT MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF MISSISSIPPI, TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

---

Defendant Michael Watson, in his official capacity as Secretary of State of Mississippi, ("Defendant") by and through counsel, and pursuant to FED. R. CIV. P. 34, hereby serves these his responses to Plaintiffs' first set of requests for production of documents, as follows:

### OBJECTION

Defendant objects to Plaintiffs' "DEFINITIONS" and "INSTRUCTIONS AND RULES OF CONSTRUCTION" to the extent they seek to impose any obligation on Defendant beyond

1


EXHIBIT B

that imposed by the *Federal Rules of Civil Procedure*. Subject to and without waiving his objection, Defendant hereby responds to Plaintiffs' first set of requests for production of documents.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**: All Documents that you reviewed or relied upon in preparing your responses to Plaintiffs' First Set of Interrogatories.

**RESPONSE**: Defendant objects to this request on the grounds that it is overly broad, sweeping, and unduly burdensome. Defendant further objects to this request on the grounds that it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Defendant further objects to this request to the extent it seeks discovery of information that is protected by any privilege, including but not limited to the attorney-client privilege and the work product doctrine, and to the extent it invades the mental impressions, opinions, and theories of counsel.

**REQUEST FOR PRODUCTION NO. 2**: All Documents and Communications relating to the 2022 Redistricting Process.

**RESPONSE**: Defendant objects to this request on the grounds that it is overly broad, sweeping, and unduly burdensome. Defendant further objects to this request on the grounds that it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Defendant further objects to this request to the extent it seeks discovery of information that is protected by any privilege, including but not limited to the attorney-client privilege and the work product doctrine. Subject to and without waiving his objections, and as Defendant

appreciates the intent of this request, Defendant is producing herewith electronic copies of e-mail correspondence (and related attachments) between Madalan Lennep, PMP, Pharos Consulting Services (Mississippi Secretary of State's Office Statewide Election Management System ("SEMS") contractor), and Ben Collins, GIS Director, Mississippi Legislature, Standing Joint Legislative Committee on Reapportionment and Joint Legislative Committee on Performance Evaluation and Expenditure Review. Defendant has not identified any other responsive documents or materials in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3**: All Documents constituting, containing or reflecting Alternative Maps, including any drafts, amendments, proposals and/or revisions thereto.

**RESPONSE**: Defendant objects to this request on the grounds that it is overly broad, sweeping, unduly burdensome, and duplicative. Defendant further objects to this request on the grounds that it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Defendant further objects to this request to the extent it is not reasonably limited in scope or time. Defendant further objects to this request to the extent it seeks discovery of information that is protected by any privilege, including but not limited to the attorney-client privilege and the work product doctrine. Subject to and without waiving his objections, and as Defendant appreciates the intent of this request, Defendant has not identified any responsive documents in Defendant's possession, custody, or control. Defendant states that while his office provides data from the Statewide Election Management System ("SEMS") as requested by legislative staff involved in the redistricting process, Defendant's office has no role in the development or enactment of redistricting legislation.

**REQUEST FOR PRODUCTION NO. 4**: All Documents constituting, containing or reflecting any data or intermediary files considered, used or relied upon in the creation of the Senate Map, House Map, and any Alternative Maps, including, but not limited to, shapefiles, files or datasets used in mapping software, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, voter affiliation, or changing census geography.

**RESPONSE**: Defendant objects to this request on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "intermediary files," "partisan indexes," or "changing census geography." Defendant further objects to this request on the grounds that it calls for speculation and is argumentative, as it incorrectly assumes that Defendant, who is not a member of the Mississippi Legislature, can identify what information legislators "used or relied upon" in enacting the 2022 House and Senate Maps and/or in evaluating any Alternative Maps. Defendant further objects to this request on the grounds that it is overly broad, sweeping, unduly burdensome, and duplicative, and further to the extent that it is not reasonably limited in scope or time. Defendant further objects to this request to the extent that it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving his objections, and as Defendant appreciates the intent of this request, Defendant does not know what information or data legislators considered or relied upon in the 2022 redistricting process. To the extent it may be responsive to this request, Defendant is producing herewith electronic copies of e-mail correspondence (and related attachments) between Madalan Lennep, PMP, Pharos Consulting Services (Mississippi Secretary of State's Office Statewide Election Management System ("SEMS") contractor), and Ben Collins, GIS Director, Mississippi Legislature, Standing

4

Joint Legislative Committee on Reapportionment and Joint Legislative Committee on Performance Evaluation and Expenditure Review. Defendant has not identified any other responsive documents or materials in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5**: All Documents and Communications used in, prepared for, summarizing, or otherwise relating to any Joint Committee Meeting, including, but not limited to, notes, transcripts, meeting minutes, attendance records, reports, presentations, meeting and calendar invitations, memoranda, preparation materials, and recordings.

**RESPONSE**: Defendant objects to this request on the grounds that it is overly broad, and further on the grounds that it seeks discovery of information that is not proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Defendant further objects to this request to the extent it seeks discovery of information that is protected by any privilege, including but not limited to the attorney-client privilege and the work product doctrine. Subject to and without waiving his objections, and as Defendant appreciates the intent of this request, Defendant has not identified any responsive documents in Defendant's possession, custody, or control. Defendant states that while his office provides data from the Statewide Election Management System ("SEMS") as requested by legislative staff involved in the redistricting process, Defendant's office has no role in the development or enactment of redistricting legislation.

**REQUEST FOR PRODUCTION NO. 6**: All Documents and/or Communications relating to the 2022 Redistricting Process exchanged between, among, with, or within any Defendant and any individual, group, office, or entity associated with such Defendant; any Legislator; elected official and any of his or her aides or representatives; candidate for elected office and any of his or her aides, representatives, or campaign staff; any representative, employee,

5

or agent of a local, state, or national political party, party organization, or non-profit organization; lobbyist; political activist; expert; political organization; community organization; consultant or consulting firm; strategist; attorney; law firm; special interest group; public interest group; non-governmental organization; any governmental entity or representative thereof) [*sic*]; and/or any member of the public.

**RESPONSE**: Defendant objects to this request on the grounds that it is vague and ambiguous as drafted, and further on the grounds that it is overly broad, sweeping, unduly burdensome, and duplicative. Defendant further objects to this request on the grounds that it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Defendant further objects to this request to the extent it is not reasonably limited in scope or time. Defendant further objects to this request to the extent it seeks discovery of information that is protected by any privilege, including but not limited to the attorney-client privilege and the work product doctrine. Subject to and without waiving his objections, and as Defendant appreciates the intent of this request, Defendant is producing herewith electronic copies of e-mail correspondence (and related attachments) between Madalan Lennep, PMP, Pharos Consulting Services (Mississippi Secretary of State's Office Statewide Election Management System ("SEMS") contractor), and Ben Collins, GIS Director, Mississippi Legislature, Standing Joint Legislative Committee on Reapportionment and Joint Legislative Committee on Performance Evaluation and Expenditure Review. Defendant has not identified any other responsive documents or materials in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7**: All Documents and/or Communications relating to voting patterns in Mississippi elections with respect to race, ethnicity, or language

minority status, including, but not limited to, any calculations, reports, audits, estimates, projections, or other analyses, that were used or considered in connection with the 2022 Redistricting Process.

**RESPONSE**: Defendant objects to this request on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "language minority status" or "other analyses." Defendant further objects to this request on the grounds that it calls for speculation and is argumentative, as it incorrectly assumes that Defendant, who is not a member of the Mississippi Legislature, can identify what information legislators "used or considered" in enacting the 2022 House and Senate Maps. Defendant further objects to this request on the grounds that it is overly broad, sweeping, unduly burdensome, and duplicative, and further to the extent that it is not reasonably limited in scope or time. Defendant further objects to this request to the extent that it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving his objections, and as Defendant appreciates the intent of this request, Defendant does not know what information or data legislators considered or relied upon in the 2022 redistricting process. To the extent it may be responsive to this request, Defendant is producing herewith electronic copies of e-mail correspondence (and related attachments) between Madalan Lennep, PMP, Pharos Consulting Services (Mississippi Secretary of State's Office Statewide Election Management System ("SEMS") contractor), and Ben Collins, GIS Director, Mississippi Legislature, Standing Joint Legislative Committee on Reapportionment and Joint Legislative Committee on Performance Evaluation and Expenditure Review. Defendant has not identified any other responsive documents or materials in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8**: All Documents and/or Communications related to any Alternative Maps, including, but not limited to, any notes, requests, opinions, thoughts, or views about the maps, the lines drawn, or the district shapes.

**RESPONSE**: Defendant objects to this request on the grounds that it is overly broad, sweeping, unduly burdensome, and duplicative. Defendant further objects to this request on the grounds that it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Defendant further objects to this request to the extent it is not reasonably limited in scope or time. Defendant further objects to this request to the extent it seeks discovery of information that is protected by any privilege, including but not limited to the attorney-client privilege and the work product doctrine. Subject to and without waiving his objections, and as Defendant appreciates the intent of this request, Defendant does not know what information or data legislators considered or relied upon in the 2022 redistricting process. To the extent it may be responsive to this request, Defendant is producing herewith electronic copies of e-mail correspondence (and related attachments) between Madalan Lennep, PMP, Pharos Consulting Services (Mississippi Secretary of State's Office Statewide Election Management System ("SEMS") contractor), and Ben Collins, GIS Director, Mississippi Legislature, Standing Joint Legislative Committee on Reapportionment and Joint Legislative Committee on Performance Evaluation and Expenditure Review. Defendant has not identified any other responsive documents or materials in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9**: All Documents and/or Communications relating to the creation, design, and/or development of the 2022 House Map.

**RESPONSE**: Defendant objects to this request on the grounds that it is overly broad, sweeping, unduly burdensome, and duplicative. Defendant further objects to this request on the grounds that it seeks discovery of information that is not proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Defendant further objects to this request to the extent it is not reasonably limited in scope or time. Defendant further objects to this request to the extent it seeks discovery of information that is protected by any privilege, including but not limited to the attorney-client privilege and the work product doctrine. Subject to and without waiving his objections, and as Defendant appreciates the intent of this request, Defendant does not know what information or data legislators considered or relied upon in the 2022 redistricting process. To the extent it may be responsive to this request, Defendant is producing herewith electronic copies of e-mail correspondence (and related attachments) between Madalan Lennep, PMP, Pharos Consulting Services (Mississippi Secretary of State's Office Statewide Election Management System ("SEMS") contractor), and Ben Collins, GIS Director, Mississippi Legislature, Standing Joint Legislative Committee on Reapportionment and Joint Legislative Committee on Performance Evaluation and Expenditure Review. Defendant has not identified any other responsive documents or materials in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10**: All Documents and/or Communications relating to the creation, design, and/or development of the 2022 Senate Map.

**RESPONSE**: Defendant objects to this request on the grounds that it is overly broad, sweeping, unduly burdensome, and duplicative. Defendant further objects to this request on the grounds that it seeks discovery of information that is not proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil*

*Procedure*. Defendant further objects to this request to the extent it is not reasonably limited in scope or time. Defendant further objects to this request to the extent it seeks discovery of information that is protected by any privilege, including but not limited to the attorney-client privilege and the work product doctrine. Subject to and without waiving his objections, and as Defendant appreciates the intent of this request, Defendant does not know what information or data legislators considered or relied upon in the 2022 redistricting process. To the extent it may be responsive to this request, Defendant is producing herewith electronic copies of e-mail correspondence (and related attachments) between Madalan Lennep, PMP, Pharos Consulting Services (Mississippi Secretary of State's Office Statewide Election Management System ("SEMS") contractor), and Ben Collins, GIS Director, Mississippi Legislature, Standing Joint Legislative Committee on Reapportionment and Joint Legislative Committee on Performance Evaluation and Expenditure Review. Defendant has not identified any other responsive documents or materials in Defendant's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11**: All Documents and/or Communications relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract for goods or services relating to the 2022 Redistricting Plan.

**RESPONSE**: Defendant objects to this request on the grounds that it is overly broad, sweeping, unduly burdensome, and duplicative. Defendant further objects to this request on the grounds that it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Defendant further objects to this request to the extent it is not reasonably limited in scope or time. Defendant further objects to this request to the extent it seeks discovery

of information that is protected by any privilege, including but not limited to the attorney-client privilege and the work product doctrine. Subject to and without waiving his objections, and as Defendant appreciates the intent of this request, Defendant has not identified any responsive documents in Defendant's possession, custody, or control. Defendant states that while his office provides data from the Statewide Election Management System ("SEMS") as requested by legislative staff involved in the redistricting process, Defendant's office has no role in the development or enactment of redistricting legislation.

**REQUEST FOR PRODUCTION NO. 12**: All Documents and/or Communications relating to past and present oversight by the U.S. Department of Justice over Mississippi's redistricting processes according to Section 5 of the Voting Rights Act of 1965 since January 1, 2000.

**RESPONSE**: Defendant objects to this request on the grounds that it is vague and ambiguous, as it fails to explain what is meant by "past and present oversight." Defendant further object to this request on the grounds that it is overly broad, sweeping, unduly burdensome, and not reasonably limited in scope or time. Defendant further objects to this request on the grounds that it seeks discovery of information that is not relevant or proportional to the needs of the case, and therefore exceeds the scope of permissible discovery pursuant to Rule 26, *Federal Rules of Civil Procedure*. Subject to and without waiving his objections, and as Defendant appreciates the intent of this request, Defendant has not identified any responsive documents or materials in Defendant's possession, custody, or control.

THIS the 2nd day of October, 2023.

Respectfully submitted,

MICHAEL WATSON, IN HIS OFFICIAL
CAPACITY AS SECRETARY OF STATE OF
MISSISSIPPI, DEFENDANT

By: LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: _____
REX M. SHANNON III (MB #102974)
Special Assistant Attorney General

REX M. SHANNON III (MB #102974)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov

TOMMIE S. CARDIN (MB #5863)
P. RYAN BECKETT (MB #99524)
B. PARKER BERRY (MB #104251)
BUTLER SNOW LLP
Post Office Box 6010
Ridgeland, Mississippi 39158-6010
Tel.: (601) 985-4570
Fax: (601) 985-4500
tommie.cardin@butlersnow.com
ryan.beckett@butlersnow.com
parker.berry@butlersnow.com

ATTORNEYS FOR DEFENDANTS STATE
BOARD OF ELECTION COMMISSIONERS,
TATE REEVES, IN HIS OFFICIAL CAPACITY
AS GOVERNOR OF MISSISSIPPI, LYNN
FITCH, IN HER OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF MISSISSIPPI, AND
MICHAEL WATSON, IN HIS OFFICIAL
CAPACITY AS SECRETARY OF STATE OF
MISSISSIPPI

**CERTIFICATE OF SERVICE**

I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for the above-named defendant, do hereby certify that I have this date caused to be served, via electronic mail, a true and correct copy of the above and foregoing to all counsel of record in the above-styled and numbered cause.

THIS the 2nd day of October, 2023.

/s/ Rex M. Shannon III
REX M. SHANNON III