IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE;
DR. ANDREA WESLEY; DR. JOSEPH
WESLEY; ROBERT EVANS; GARY
FREDERICKS; PAMELA HAMMER
BARBARA FINN; ORHO BARNES;
SHIRLINDA ROBERTSON; SANDRA
SMITH; DEBORAH HULITT; RODESTA
TUMBLIN; DR. KIA JONES; ANGELA
GRAYSON; MARCELEAN ARRINGTON;
VICTORIA ROBERTSON**                                                    **PLAINTIFFS**

VS.                                          CIVIL ACTION NO. 3:22-cv-734-DPJ-HSO-LHS

**STATE BOARD OF ELECTION
COMMISSIONERS; TATE REEVES,** *in his
official capacity as Governor of Mississippi*;
**LYNN FITCH,** *in her official capacity as
Attorney General of Mississippi*; **MICHAEL
WATSON,** *in his official capacity as Secretary
of State of Mississippi*                                                 **DEFENDANTS**

**DEFENDANTS'** *AMENDED* **FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

Defendants State Board of Election Commissioners ("SBEC"), Governor Tate Reeves, Attorney General Lynn Fitch, and Secretary of State Michael Watson (hereinafter collectively "Defendants"), by and through undersigned counsel, propound the following *amended* first set of interrogatories to each Plaintiff to be answered individually, pursuant to Rule 33 of the Federal Rules of Civil Procedure:

**I. DEFINITIONS AND INSTRUCTIONS**

As used in these interrogatories, the following definitions shall apply:



a. The words "Plaintiff," "you," or "your" mean the individual natural person plaintiffs and his/her agents, representatives, attorneys and all other persons acting on its/his/her behalf, and/or the Mississippi State Conference of the National Association for the Advancement of Colored People and its agents, representatives, attorneys and all other persons acting on its/his/her behalf.

b. The term "document" is defined to include all that is encompassed in the usage of the term in Federal Rule of Civil Procedure 34(a)(1)(A). Without limiting the generality of the foregoing, the word "document" means the original and each non-identical copy of any written, reported or graphic matter, however produced or reproduced, in the possession, custody or control of, or known to, the plaintiff, its agents, representatives, attorneys or other persons acting on his behalf. It includes text messages, E-mail, electronic mail, voice mail, electronic bulletin board postings, and any information stored on and reproducible in documentary form from a computer or other electronic, magnetic, optical or laser-based information storage device, including but not limited to floppy disks, hard disks, tapes or CD-ROM.

c. The terms "identify" or "identity" mean, with respect to persons, to state the full name, present or last known address, current or last known employment and position or title therein, and telephone number; and with respect to documents, said terms shall mean to state the general nature of the document (for example, letter, telegram, photograph or memorandum), the date, the author, the addressee, and the location and custodian of the document.

d. The term "communication(s)" means any written or oral transfer or exchange between two or more persons of any information, including, but not limited to, personal conversations, correspondence, electronic mail, telephone calls, voice mail, telegrams, facsimile transmissions, computer data transmissions, telexes, and inter-office memoranda.

2

e.  The term "person(s)" means any natural individual in any capacity whatsoever or any entity or organization.

f.  The terms "relate to," "regarding," "refer to," "reflecting," "describing," and "concerning" are intended broadly, but not in a way designed to seek information that is irrelevant, or beyond the scope authorized by Rule 26(b)(1).  Accordingly, the terms should be understood and read in their common, dictionary-sense as meaning "to have to do with, to be of importance to, to involve, or to in some manner, direct or indirect, to evidence, define, describe, or explain."  Any objection to an Interrogatory on the ground that it is overbroad, based solely on the use of one or the other of these terms, is therefore not appropriate.

g.  "Complaint" means the Amended Complaint for Declaratory Judgment and Injunctive Relief filed in this matter against Defendants.

## II.  SUPPLEMENTATION OF RESPONSES

Answers to the Interrogatories hereby propounded are sought on a continuing basis during the pendency of this action in accordance with the Federal Rules of Civil Procedure.

## III.  INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify by name and address all persons believed or known by you to have knowledge concerning the subject matter of this action and the allegations and averments of the Complaint, and specify the facts, events, issues, and subject matter about which each such person has knowledge.

**INTERROGATORY NO. 2:** For each individual Plaintiff, please state your full name, nicknames and any aliases, present address, the date and place of your birth, your social security number, and if you have a driver's license, the state of issuance and your driver's license number.

**INTERROGATORY NO. 3:** For each individual Plaintiff, state the address of each

residence you have occupied from the time you reached the age of 18 to the present, including the dates you resided at each location.

**INTERROGATORY NO. 4:** For each individual Plaintiff, please identify each and every election, including party primaries, you voted in since the year 2000.

**INTERROGATORY NO. 5:** For each individual Plaintiff, state whether you have ever been convicted of a crime or imprisonment in excess of one year or more, and/or which crime involved dishonesty of false or false statement, and if so, identify the crime for which you were convicted, the date of the conviction, and the court in which the conviction was obtained.

**INTERROGATORY NO. 6:** For each Plaintiff, please identify your political party affiliation, if any.

**INTERROGATORY NO. 7:** Please identify each and every person from whom you or anyone acting on your behalf (including, without limitation, your attorneys, any investigator working for your attorneys, or you, or any other person) have obtained a statement (e.g. written, recorded or otherwise) or affidavit concerning any fact, matter or event having any connections or relevance to the claims or defenses in this lawsuit.

**INTERROGATORY NO. 8:** If you contend that any employee and/or agent of Defendants, or any other person for whose admission Defendants might be chargeable, has made any admission, within the meaning of Federal Rule of Evidence 801, in relation to any of the allegations in the Complaint, please:

(1)   Identify the substance of such admission(s);

(2)   Identify the person allegedly making the admission(s);

(3)   Identify the place and date when made;

(4)   Name all witnesses to the alleged admission(s); and

(5)     Describe the circumstances under which you believe the statement was made.

**INTERROGATORY NO. 9:**  Please identify all persons whom you will call, or may call, as fact witnesses in the trial of this Action, and for each person state whether you will call, or only may call, the person to testify at trial.

**INTERROGATORY NO. 10:**  Please identify each document, electronic or otherwise, and thing in your possession, custody, or control that you may use to support your claims or defenses in this matter.

**INTERROGATORY NO. 11:**  Please identify each and every fact on which you rely in support of your allegation that there was a violation of Section 2 of the Voting Rights Act, as alleged in the Complaint in the failure to draw each of the following:  a Senate District in (1) the Desoto County area, (2) the Golden Triangle area, (3) the South-Central Mississippi area near Copiah, Simpson, and Jefferson Davis Counties, and (4) the Hattiesburg area; a House District in (1) the Western Hinds County area, (2) the area north of the Golden Triangle between West Point and Tupelo, and (3) the area between Laurel and Meridian in and around Jasper and Clark counties.

**INTERROGATORY NO. 12:**  Please identify each and every fact on which you rely in support of your allegation that race was the predominant factor, and thus a racial gerrymander in violation of the Fourteenth Amendment to the U.S. Constitution, in the drawing of each of the following: Senate District 2, Senate District 48, House District 22, House District 34 and House District 64.

**INTERROGATORY NO. 13:**  Please identify all alternative maps created and all persons involved in the creation of any alternative House district maps, including the redistricting map proposed by Representative Robert Johnson during the House floor debate on March 29,

5

2022, as referenced in paragraph 76 of the Complaint.

**INTERROGATORY NO. 14:**  Please identify the exact criteria used in the creation of any alternative House district maps, including but not limited to the proposed House Districts in (1) the Western Hinds County area, (2) the area north of the Golden Triangle between West Point and Tupelo, and (3) the area between Laurel and Meridian in and around Jasper and Clark counties, and (4) redistricting map proposed by Representative Robert Johnson during the House floor debate on March 29, 2022, as referenced in paragraph 76 of the Complaint.

**INTERROGATORY NO. 15:**  Please identify all alternative maps created and all persons involved in the creation of any alternative Senate district maps, including the redistricting map proposed by Senator Derrick Simmons, during the Senate floor debate on March 29, 2022, as referenced in paragraph 77 of the Complaint.

**INTERROGATORY NO. 16:**  Please identify the exact criteria used in the creation of any alternative Senate district maps, including but not limited to the proposed Senate Districts in (1) the Desoto County area, (2) the Golden Triangle area, (3) the South-Central Mississippi area near Copiah, Simpson, and Jefferson Davis Counties, (4) the Hattiesburg area, and (5) the redistricting map proposed by Senator Derrick Simmons, during the Senate floor debate on March 29, 2022, as referenced in paragraph 77 of the Complaint.

**INTERROGATORY NO. 17:**  Please identify any grounds or basis *other than race* used by the Plaintiffs or their representatives in connection with the drawing of the 10 new districts sought in the Complaint.

**INTERROGATORY NO. 18:**  Please identify by name and date any individual Plaintiff and any representative of the Mississippi State Conference of the NAACP who attended any of the nine public meetings held throughout the State by the Standing Joint Legislative Committee

on Reapportionment and Redistricting.

**INTERROGATORY NO. 19:** Please identify by name and date any individual Plaintiff and any representative of the Mississippi State Conference of the NAACP who attended any of the four public, open meetings held by the Standing Joint Legislative Committee on Reapportionment and Redistricting.

**INTERROGATORY NO. 20:** Please identify the date and substance of any and all communications between or among Plaintiffs, or their representatives, and any member of the Mississippi House of Representatives or of the Mississippi Senate relating or pertaining to the redistricting process or any other fact alleged in the Complaint.

**INTERROGATORY NO. 21:** Please identify the date and substance of any and all communications between or among Plaintiffs, or their representatives, and the U.S. Department of Justice (including, but not limited to, the Voting Rights Section of the Civil Rights Division) relating or pertaining to the allegations contained in the Complaint.

**INTERROGATORY NO. 22:** Please identify the date and substance of any and all communications related to legislative redistricting in Mississippi between or among Plaintiffs, or their representatives, and the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any Legislator, the Standing Joint Legislative Committee on Reapportionment and Redistricting, any campaign or candidate for the Mississippi State Senate, any campaign or candidate for the Mississippi House of Representatives, any national political party, any state political party organizations, any local political party organization, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, the Mississippi Republican Executive Committee, the Mississippi Democratic Party,

Fair Lines American, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Mississippi, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

**INTERROGATORY NO. 23:** Please identify all contracts related to and all payments made or money spent on the creation of any alternative maps, including but not limited to money spent or received for services, agreements of representation, consultation, employment, legal services, political operatives, experts, consultants or any other vendor.

**INTERROGATORY NO. 24:** Please identify all communications between any of the Plaintiffs, or their representatives, and any Mississippi State Senator or Mississippi House Representative whose districts will be impacted by the relief requested in the Complaint, including all Senators and Representatives whose districts share boundaries with the ten districts challenged or proposed in your Complaint.

**INTERROGATORY NO. 25:** Please identify all communications related to Mississippi legislative redistricting between, among, with or within any of the Plaintiffs and any other voting rights groups, including the American Civil Liberties Union, the Southern Poverty Law Center, the National Association for the Advancement of Colored People, the Mississippi Center for Justice, or any similar organization.

**INTERROGATORY NO. 26:** Please identify each person, not being offered as an expert, who will offer opinions within the scope of Rule 701 of the Federal Rules of Evidence and provide the substance and basis of each such opinion.

This the 18th day of July, 2023.

    STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF MISSISSIPPI; LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI; MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE, DEFENDANTS

    */s/ P. Ryan Beckett*
    P. Ryan Beckett (MB #99524)

    *COUNSEL FOR DEFENDANTS*

OF COUNSEL:

Tommie S. Cardin (MB #5863)
P. Ryan Beckett (MB #99524)
B. Parker Berry (MB #104251)
**BUTLER SNOW LLP**
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
P.O. Box 6010, Ridgeland, MS 39158-6010
Phone: 601.948.5711
Fax:    601.985.4500
tommie.cardin@butlersnow.com
ryan.beckett@butlersnow.com
parker.berry@butlersnow.com

Rex M. Shannon III (MB #102974)
**STATE OF MISSISSIPPI**
**OFFICE OF THE ATTORNEY GENERAL**
**CIVIL LITIGATION DIVISION**
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov

**CERTIFICATE OF SERVICE**

I, P. Ryan Beckett, do certify that on this day I caused to be served a true and correct copy of the foregoing pleading by electronic mail to all counsel of record.

This the 18th day of July, 2023.

*/s/ P. Ryan Beckett*
P. Ryan Beckett
