IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE;
DR. ANDREA WESLEY; DR. JOSEPH
WESLEY; ROBERT EVANS; GARY
FREDERICKS; PAMELA HAMMER
BARBARA FINN; ORHO BARNES;
SHIRLINDA ROBERTSON; SANDRA
SMITH; DEBORAH HULITT; RODESTA
TUMBLIN; DR. KIA JONES; ANGELA
GRAYSON; MARCELEAN ARRINGTON;
VICTORIA ROBERTSON**                                                                   **PLAINTIFFS**

VS.                                           CIVIL ACTION NO. 3:22-cv-734-DPJ-HSO-LHS

**STATE BOARD OF ELECTION
COMMISSIONERS; TATE REEVES,** *in his
official capacity as Governor of Mississippi*;
**LYNN FITCH,** *in her official capacity as
Attorney General of Mississippi*; **MICHAEL
WATSON,** *in his official capacity as Secretary
of State of Mississippi*                                                                   **DEFENDANTS**

**DEFENDANTS'** *AMENDED* **FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFFS**

Defendants State Board of Election Commissioners ("SBEC"), Governor Tate Reeves, Attorney General Lynn Fitch, and Secretary of State Michael Watson (hereinafter collectively "Defendants"), by and through undersigned counsel, propound the following *amended* first set of requests for production of documents to each Plaintiff to be answered individually, pursuant to Rule 34 of the Federal Rules of Civil Procedure:

**I.  DEFINITIONS AND INSTRUCTIONS**

As used herein, the terms listed below are defined as follows:



(a) The words "Plaintiff," "you," or "your" mean the natural person individual plaintiffs and his/her agents, representatives, attorneys and all other persons acting on his/her behalf, and/or the Mississippi State Conference of the National Association for the Advancement of Colored People and its agents, representatives, attorneys and all other persons acting on its/his/her behalf.

(b) The term "document" is defined to include all that is encompassed in the usage of the term in Federal Rule of Civil Procedure 34(a)(1)(A). Without limiting the generality of the foregoing, the word "document" means the original and each non-identical copy of any written, reported or graphic matter, however produced or reproduced, in the possession, custody or control of, or known to, the plaintiff, its agents, representatives, attorneys or other persons acting on his behalf. It includes text messages, E-mail, electronic mail, voice mail, electronic bulletin board postings, and any information stored on and reproducible in documentary form from a computer or other electronic, magnetic, optical or laser-based information storage device, including but not limited to floppy disks, hard disks, tapes or CD-ROM.

(c) The terms "identify" or "identity" mean, with respect to persons, to state the full name, present or last known address, current or last known employment and position or title therein, and telephone number; and with respect to documents, said terms shall mean to state the general nature of the document (for example, letter, telegram, photograph or memorandum), the date, the author, the addressee, and the location and custodian of the document.

(d) The term "communication(s)" means any written or oral transfer or exchange between two or more persons of any information, including, but not limited to, personal conversations, correspondence, electronic mail, telephone calls, voice mail, telegrams, facsimile transmissions, computer data transmissions, telexes, and inter-office memoranda.

(e)     The term "person(s)" means any natural individual in any capacity whatsoever or any entity or organization.

(f)     The terms "relate to," "regarding," "refer to," "reflecting," "describing," and "concerning" are intended broadly, but not in a way designed to seek information that is irrelevant, or beyond the scope authorized by Rule 26(b)(1).  Accordingly, the terms should be understood and read in their common, dictionary-sense as meaning "to have to do with, to be of importance to, to involve, or to in some manner, direct or indirect, to evidence, define, describe, or explain." Any objection to an Interrogatory on the ground that it is overbroad, based solely on the use of one or the other of these terms, is therefore not appropriate.

(g)     "Complaint" means the Amended Complaint for Declaratory Judgment and Injunctive Relief filed in this matter against Defendants.

## II.  SUPPLEMENTATION OF RESPONSES

Answers to the Requests for Production hereby propounded are sought on a continuing basis during the pendency of this action in accordance with the Federal Rules of Civil Procedure.

## III.  REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Please produce each document or communication identified, or requested to be identified, in your responses to any interrogatories or which you referred to or relied upon in preparing your responses to any interrogatories.

**REQUEST NO. 2:** Please produce a copy of all documents you may use as an exhibit or demonstrative aide during the trial of this matter.

**REQUEST NO. 3:** Please produce all documents or reports provided to, reviewed by, or relied upon by any witness expected to be called at trial about the facts, circumstances, or allegations contained in your Complaint, including factual observations, tests, supporting data,

3

calculations, photographs, treatises, articles, periodicals, or pamphlets and opinions prepared in connection with this lawsuit by or for all expert witnesses.

**REQUEST NO. 4:** Please produce all reports, statements, drawings, photographs, or other documents provided to, created by, reviewed by, or relied upon any expert retained or consulted in this matter.

**REQUEST NO. 5:** Please produce a current and complete copy of the curriculum vitae of any expert witness expected to testify on behalf of Plaintiffs.

**REQUEST NO. 6:** For each expert witness who will testify on behalf of Plaintiffs, please produce copies of all expert reports, written reports, and FRCP 26 expert reports prepared by each such expert in any prior actions filed or pending within the past 10 years in which the plaintiff(s) therein alleged any violation of (1) Section 2 of the Voting Rights Act of 1965, as amended; and/or (2) the Fourteenth or Fifteenth Amendments to the U.S. Constitution predicated on intentional racial discrimination and/or racial gerrymandering.

**REQUEST NO. 7:** Please produce copies of any documents you have obtained in response to any formal or informal public records request that you have made in connection with this matter, including but not limited to any requests you have made pursuant to the Mississippi Public Records Act of 1983 for records pertaining to Mississippi elections, Mississippi electoral districting, and/or Mississippi legislative history.

**REQUEST NO. 8:** To the extent not produced in response to any previous request for production, please produce copies of any documents you have obtained in response to any Freedom of Information Act request that you have made in connection with this matter, including but not limited to any requests you have made to the U.S. Department of Justice for records pertaining to

4

Mississippi elections, Mississippi electoral districting, and/or legislative bills submitted by or on behalf of the State of Mississippi for Section 5 preclearance.

**REQUEST NO. 9:** Please produce copies of any documents you have received in response to any subpoena duces tecum that you have caused to be served on any individual or entity related to this litigation or the matters raised in the Complaint.

**REQUEST NO. 10:** Please produce all documents involving communications between or among Plaintiffs, or their representatives, and the U.S. Department of Justice (including, but not limited to, the Voting Rights Section of the Civil Rights Division) relating or pertaining to the allegations contained in the Complaint.

**REQUEST NO. 11:** To the extent not produced in response to any previous request for production, please produce copies of any documents you have obtained from any federal, state, or local government agency, department, commission, board, clerk, office, entity, and/or employee in connection with this matter, including but not limited to any records pertaining to Mississippi elections, Mississippi electoral districting, and/or Mississippi legislative history obtained from the Mississippi Department of Archives and History.

**REQUEST NO. 12:** Please produce copies of any documents that you have received from any current or former member of the Mississippi Legislature related to this matter, including but not limited to any such documents pertaining to Mississippi elections, Mississippi electoral districting, and/or Mississippi legislative history.

**REQUEST NO. 13:** Please produce all documents involving communications between or among Plaintiffs, or their representatives, and any member of the Mississippi Legislature relating or pertaining to the 2022 redistricting process or any other fact alleged in the Complaint.

**REQUEST NO. 14:** To the extent not produced in response to any previous request for production, please produce copies of any campaign and/or election finance documents you have obtained in connection with this matter, including but not limited to any such documents pertaining to any candidates for state or county office in Mississippi in any election occurring from January 1, 1990.

**REQUEST NO. 15:** Please produce any and all statistical compilations, statistical estimates, shape files, drawings, maps, plans, digital photographs, documents, other evidentiary materials, charts, diagrams, videotapes, and other illustrations of any geographical location, sites, places, or things related to the allegations in your Amended Complaint.

**REQUEST NO. 16:** Please produce all alternative House district maps and all documents (including any drafts and any racial "heat map") used in the creation of any alternative House district maps, including but not limited to the proposed House Districts in (1) the Western Hinds County area, (2) the area north of the Golden Triangle between West Point and Tupelo, and (3) the area between Laurel and Meridian in and around Jasper and Clark counties, and (4) the redistricting map proposed by Representative Robert Johnson during the floor House debate on March 29, 2022, in the possession, custody or control of Plaintiffs, as referenced in paragraph 76 of the Complaint.

**REQUEST NO. 17:** Please produce all alternative Senate district maps and all documents (including any drafts and any racial "heat map") used in the creation of any alternative Senate district maps, including but not limited to the proposed Senate Districts in (1) the Desoto County area, (2) the Golden Triangle area, (3) the South-Central Mississippi area near Copiah, Simpson, and Jefferson Davis Counties, (4) the Hattiesburg area, and (5) the redistricting map proposed by

Senator Derrick Simmons during the floor Senate debate on March 29, 2022, in the possession, custody or control of Plaintiffs, as referenced in paragraph 77 of the Complaint.

**REQUEST NO. 18:** Please produce all documents acquired or any notes taken by any of the individual Plaintiffs and any representative of the Mississippi State Conference of the NAACP at any of the nine public meetings held throughout the state by the Joint Legislative Committee on Reapportionment and Redistricting.

**REQUEST NO. 19:** Please produce all documents acquired or any notes taken by any of the individual Plaintiffs and any representative of the Mississippi State Conference of the NAACP at any of the four public open meetings of the Standing Joint Legislative Committee on Reapportionment and Redistricting.

**REQUEST NO. 20:** Please produce all copies of all communications related to legislative redistricting in Mississippi between or among Plaintiffs, or their representatives, and the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any Legislator, the Standing Joint Legislative Committee on Reapportionment and Redistricting, any campaign or candidate for the Mississippi State Senate, any campaign or candidate for the Mississippi House of Representatives, any national political party, any state political party organizations, any local political party organization, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, the Mississippi Republican Executive Committee, the Mississippi Democratic Party, Fair Lines American, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Mississippi, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

**REQUEST NO. 21:**  Please produce all documents that relate to or reflect all contracts and all payments made or money spent on the creation of any alternative maps, including but not limited to money spent or received for services, agreements of representation, consultation, employment, legal services, political operatives, experts, consultants or any other vendor.

**REQUEST NO. 22:**  Please produce all communications related to Mississippi legislative redistricting between, among, with or within any of the Plaintiffs and any other state and national voting rights groups, including the American Civil Liberties Union, the Southern Poverty Law Center, the National Association for the Advancement of Colored People, the Mississippi Center for Justice, or any similar organization.

**REQUEST NO. 23:**  Please produce all communications between any of the Plaintiffs, or their representatives, and any Mississippi State Senator or Mississippi House Representative whose districts will be impacted by the relief requested in the Complaint, including all Senators and Representatives whose districts share boundaries with the ten districts challenged or proposed in your Complaint.

**REQUEST NO. 24:**  Please produce all documents supporting any claim for damages of any type, including any claim for attorneys' fees.

**REQUEST NO. 25:**  Please produce all documents that support or relate to any allegation in your Complaint and which have not previously been requested.

This the 18th day of July, 2023.

        STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF MISSISSIPPI; LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI; MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE, DEFENDANTS

        */s/ P. Ryan Beckett*
        P. Ryan Beckett (MB #99524)

        *COUNSEL FOR DEFENDANTS*

OF COUNSEL:

Tommie S. Cardin (MB #5863)
P. Ryan Beckett (MB #99524)
B. Parker Berry (MB #104251)
**BUTLER SNOW LLP**
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
P.O. Box 6010, Ridgeland, MS 39158-6010
Phone: 601.948.5711
Fax:    601.985.4500
tommie.cardin@butlersnow.com
ryan.beckett@butlersnow.com
parker.berry@butlersnow.com

Rex M. Shannon III (MB #102974)
**STATE OF MISSISSIPPI**
**OFFICE OF THE ATTORNEY GENERAL**
**CIVIL LITIGATION DIVISION**
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov

## **CERTIFICATE OF SERVICE**

I, P. Ryan Beckett, do certify that on this day I caused to be served a true and correct copy of the foregoing pleading by electronic mail to all counsel of record.

This the 18th day of July, 2023.

*/s/ P. Ryan Beckett*
P. Ryan Beckett
