**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**


MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE;
DR. ANDREA WESLEY; DR. JOSEPH
WESLEY; ROBERT EVANS; GARY
FREDERICKS; PAMELA HAMNER;
BARBARA FINN; OTHO BARNES;
SHIRLINDA ROBERTSON; SANDRA SMITH;
DEBORAH HULITT; RODESTA TUMBLIN;
DR. KIA JONES; ANGELA GRAYSON; MARCELEAN
ARRINGTON; VICTORIA ROBERTSON,                    PLAINTIFFS

VS.                                 CIVIL ACTION NO. 3:22-cv-734-DPJ-HSO-LHS

STATE BOARD OF ELECTION
COMMISSIONERS; TATE REEVES, *in his
official capacity as Governor of Mississippi*;
LYNN FITCH, *in her official capacity as
Attorney General of Mississippi*; MICHAEL
WATSON, *in his official capacity as Secretary
of State of Mississippi,*                    DEFENDANTS

AND

MISSISSIPPI REPUBLICAN
EXECUTIVE COMMITTEE                    INTERVENOR-DEFENDANT

---

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL DOCUMENTS WITHHELD FROM PRODUCTION**

---

Defendants State Board of Election Commissioners, Governor Tate Reeves, Attorney General Lynn Fitch, and Secretary of State Michael Watson (collectively, "Defendants") submit this memorandum of authorities in support of their Motion to Compel Plaintiffs to produce documents withheld from production on the grounds of the First Amendment Associational privilege. Certain of the Plaintiffs, including the NAACP and five of the individual Plaintiffs,

1

have withheld otherwise discoverable documents on the grounds that they are protected under the First Amendment Associational privilege. Plaintiffs advance an overbroad application of this privilege such that, if accepted, shields litigants from otherwise reasonable and necessary discovery requests. This is not the purpose underpinning the First Amendment Associational privilege. Because these documents are not protected under this privilege, this Court should enter an order compelling the Plaintiffs to produce those documents.

## BACKGROUND

This case was brought by the Mississippi Conference of the NAACP and numerous individual Plaintiffs alleging that the enacted 2022 Mississippi House and Senate Maps violate both the Fourteenth Amendment of the U.S. Constitution and the Voting Rights Act. *See* Amended Complaint [Dkt. # 27]. As part of their defense, the Defendants issued and served certain discovery to the Plaintiffs seeking documents and communications related to their role or participation in the 2022 Legislative Redistricting Process, communications between the NAACP and the individual plaintiffs, communications between individual members, and communications between the NAACP and third-parties. The requests are reasonable and proportional to the needs of the case.

On July 18, 2023, Defendants served a single set discovery on all of the Plaintiffs to be answered by each Plaintiff individually. *See* Notice of Service [Dkt # 56], Defendant's Interrogatories, Ex. A to Mtn., and Defendants' Requests for Production of Documents, Ex. B to Mtn. Each of the Plaintiffs answered and asserted certain objected to these discovery requests on August 24, 2023. *See* Notice of Service [Dkt. ## 68, 69]. About six weeks later, Plaintiffs served their privilege logs for certain of the Plaintiffs on October 3, 2023. *See* 10/3/23 E-mail from J. Tom to Ryan Beckett and attached privilege logs, Ex. C to Mtn.

Before discussing the log entries one by one, it is important to note that Defendants' discovery requests *did not* contain any requests for the NAACP's membership lists, personal information related to members (beyond the individual Plaintiffs themselves), donor lists or donors' personal information.  Additionally, Defendants' discovery requests did not seek any information protected by the attorney-client privilege or work product doctrine, including documents over which Plaintiffs claimed both the First Amendment Associational Privilege and the attorney-client privilege.  In the parties' attempt to "meet and confer," the Defendants expressly disavowed seeking any such materials.  Instead, the discovery was tailored to the needs of this case, the claims asserted by the Plaintiffs and the defenses asserted by the Defendants.

In its Privilege Log, the NAACP claimed both the attorney-client privilege and the First Amendment Associational privilege to 3 documents.  *See* Ex. C to Mtn. at pp. 2-3.  Defendants are not challenging any assertion of the attorney-client privilege as to any of those documents. However, the NAACP has also asserted the First Amendment Associational privilege to 4 documents for which it does not also claim the attorney-client privilege.  They include 3 documents and a PDF which appear to be communications between the organization and "strategic partners" or other members.  Individual Plaintiffs Gary Frederics, Pam Hamner and Barbara Fin assert a First Amendment Associational privilege claim over e-mails between themselves and "strategic partners" "regarding redistricting".  *See* Ex. C to Mtn. at pp. 4, 5, 7.  Individual Plaintiffs Andrea Wesley, Joseph Wesley and Barbara Finn assert a First Amendment Associational privilege claim over PDF documents "regarding redistricting,".  *See* Ex. C to Mtn. at pp. 6-8.

Because the Defendants do not agree that the First Amendment Associational privilege covers (1) *all* internal communications and documents shared by the NAACP with its members, (2) *all* communications and documents shared by and between members, and (3) *all*

communications and documents between the NAACP and other third-parties, Defendants have filed this Motion to Compel.  Counsel for the Parties attempted to meet and confer both by telephonic conference and by e-mail.  *See* 11/2/23 E-mail thread between counsel, Ex. D to Mtn. Those attempts were not successful.

## ARGUMENT

### A. The Documents Being Withheld From Production Are Not The Type Of Documents The First Amendment Associational Privilege Is Designed To Protect.

The First Amendment Associational privilege is "not absolute . . . as it only protects a party from compelled disclosure that would chill the associational rights at issue."  *See La Union Del Pueblo Entero v. Abbott*, 2022 WL 17574079, at *6 (W.D. Tex. Dec. 9, 2022); *citing NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *see also Whole Woman's Health v. Smith*, 896 Fed.R.Serv.3d 562, 372 (5th Cir. 2018).  In particular, the First Amendment "privilege protects against a forced '[d]isclosure[] of political affiliations and activities' that would have a deterrent effect on the exercise of free speech or freedom of association rights." *La Union* 2022 WL 17574079, at *6 (quoting *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010)); *see also In re Motor Fuel Temperature Sales Pracs. Litig.*, 641 F.3d 470, 479 (10th Cir. 2011) ("[T]he First Amendment privilege generally guarantees the right to maintain private associations when, without that privacy, there is a chance that there may be no association and, consequently, no expression of the ideas that association helps to foster.") *and Bellard v. Univ. of Texas MD Anderson Cancer Ctr.*, No. 3:22-CV-00088, 2023 WL 3270902, at *2 (S.D. Tex. May 5, 2023) (refusing to apply the First Amendment privilege to communications between plaintiffs and third parties).

First Amendment privilege claims are generally evaluated under a two-part test. The party asserting the privilege must first make "a prima facie showing of arguable First Amendment

infringement." *La Union del Pueblo Entero*, 2022 WL 17574079, at *6. "This prima facie showing

requires the party to prove that enforcement of the discovery requests will result in (1) harassment,

membership withdrawal, or discouragement of new members, or (2) other consequences which

objectively suggest an impact on, or chilling of, the members' associational rights." *Id.* Upon a

prima facie showing, the burden shifts to the requesting party to establish that its interest in the

information sought "is sufficient to justify the deterrent effect on the free exercise of the

constitutionally protected right of association." *Id.*  By way of example, "[i]nformation that may

be privileged on the basis of associational rights includes identities of rank and file members and

similarly situated individuals, mailing lists and lists of conference attendees." *Id., citing Perry*,

591 F.3d at 1153, 1155.

Here, Plaintiffs cannot meet their burden under the test set out in *La Union* by showing

that production of the withheld documents will have a "deterrent effect on the exercise of free

speech or freedom of association rights." *Id.* It is their burden to establish "a prima facia showing"

that the Defendants' discovery requests will result in "harassment, membership withdrawal, or

discouragement of new members."  The Defendants have expressly disavowed that any of their

discovery requests seeks membership lists, members' personal information, donor lists or donor

information.  Defendants asked very basic questions about fact witnesses, communications about

redistricting, documents related to redistricting and related matters.  *See* Ex. A.  Moreover, this is

not third-party discovery – the Plaintiffs brought this suit and the Defendants are entitled to know

what it is these Plaintiffs are going to say at trial and what documents they will use to support their

claims.  Asking the Plaintiffs to participate in basic discovery can hardly be called "harassment"

or be said to lead to "membership withdrawal" or "discouragement of new members."  Seeking

basic discovery of Plaintiffs, as parties to a suit they brought, does not have a "chilling effect of

the member's associational rights."  It is simply unreasonable to believe that one can bring a lawsuit of this variety and be immune from the rigors of discovery.

## CONCLUSION

It is Plaintiffs' burden to show that the documents withheld from production under claims of First Amendment Associational privilege would result in harassment, membership withdrawal of the discouragement of new members.  Likewise, it is also Plaintiffs' burden to show that production of the documents will have a chilling effect on associational rights.  They cannot carry this burden.  Accordingly, this Court should enter an order compelling Plaintiffs NAACP, Gary Fredericks, Pamela Hamner, Audrea Wesley, Joseph Wesley and Barbara Finn to produce the withheld documents without further delay.

THIS the 10th day of November, 2023.

Respectfully submitted,

STATE BOARD OF ELECTION
COMMISSIONERS; TATE REEVES, IN HIS
OFFICIAL CAPACITY AS GOVERNOR OF
MISSISSIPPI; LYNN FITCH, IN HER OFFICIAL
CAPACITY AS ATTORNEY GENERAL OF
MISSISSIPPI; MICHAEL WATSON, IN HIS
OFFICIAL CAPACITY AS SECRETARY OF
STATE, DEFENDANTS

By: */s/ P. Ryan Beckett*
      P. Ryan Beckett (MB #99524)

ONE OF THEIR COUNSEL

OF COUNSEL:

Tommie S. Cardin (MB #5863)
P. Ryan Beckett (MB #99524)
B. Parker Berry (MB #104251)
**BUTLER SNOW LLP**
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
P.O. Box 6010, Ridgeland, MS 39158-6010
Phone: 601.948.5711
Fax:    601.985.4500
tommie.cardin@butlersnow.com
ryan.beckett@butlersnow.com
parker.berry@butlersnow.com


Rex M. Shannon III (MB #102974)
**STATE OF MISSISSIPPI**
**OFFICE OF THE ATTORNEY GENERAL**
**CIVIL LITIGATION DIVISION**
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov

**CERTIFICATE OF SERVICE**

I, P. Ryan Beckett, one of the attorneys for the Defendants, do hereby certify that I have this day filed the above and foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

This the 10th day of November, 2023.

/s/ P. Ryan Beckett
P. Ryan Beckett

84330258.v1