AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

| | | |
|---|---|---|
| MS State Conf. of NAACP, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:22-cv-734-DPJ-HSO-LHS |
| State Bd. of Election Commissioners, et al., | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Madalan Lennep, Elections Consultant for the Mississippi Secretary of State

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: 101 South Congress St., Jackson, MS 39201 | Date and Time: 12/11/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/20/2023

*CLERK OF COURT*                    OR                    /s/ J. Tom

_____                              _____
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* MS State Conf. of NAACP, et al. , who issues or requests this subpoena, are:
Joshua Tom, 101 South Congress St., Jackson, MS 39201, jtom@aclu-ms.org, (601) 354-3408

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:22-cv-734-DPJ-HSO-LHS

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 3:22-cv-00734-DPJ-HSO-LHS   Document 136-1   Filed 11/20/23   Page 3 of 14

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; DR. ANDREA WESLEY; DR. JOSEPH WESLEY; ROBERT EVANS; GARY FREDERICKS; PAMELA HAMNER; BARBARA FINN; OTHO BARNES; SHIRLINDA ROBERTSON; SANDRA SMITH; DEBORAH HULITT; RODESTA TUMBLIN; DR. KIA JONES; MARCELEAN ARRINGTON; VICTORIA ROBERTSON, <br><br> *Plaintiffs,* <br><br> v. <br><br> STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi*, <br><br> *Defendants,* <br><br> AND <br><br> MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE <br><br> *Intervenor-Defendant.* | No. 3:22-cv-734-DPJ-HSO-LHS |

## ATTACHMENT A - SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedures and Rule 45 of the Local Uniform Civil Rules for the Southern District of Mississippi, you are commanded to produce to Plaintiffs in the above-captioned case (collectively, "Plaintiffs") the documents and electronically stored information described below that is in your possession, custody, or control.

## DEFINITIONS

1. "2022 HOUSE MAP" shall mean and refer to the Mississippi State House of Representatives ("Mississippi State House") District Map approved by the Mississippi State House and Mississippi State Senate and enacted on March 31, 2022 (House Map JR-1).

2. "2022 SENATE MAP" shall mean and refer to the Mississippi State Senate District Map passed by the Mississippi State House and Mississippi State Senate and enacted on March 31, 2022 (Senate Map JR-202).

3. "2022 MAPS" shall mean and refer to both the HOUSE MAP and the SENATE MAP.

4. "2022 REDISTRICTING" shall mean and refer to the development, consideration, and passage of new legislative district lines that reflect the population of Mississippi according to the 2020 Census, including any discussion or consideration by any legislator, legislative staffer, legislative body, or any representatives, designees, attorneys, advisors, consultants, contractors, or agents thereto, of the district lines for one or more House and/or Senate districts.

5. "ALTERNATIVE" shall mean and refer to any legislative district maps, other than the HOUSE MAP or SENATE MAP, that was created, furnished, or otherwise considered with respect to 2022 REDISTRICTING, including drafts and different options for the 2022 MAPS.

6. "COMMUNICATION(S)" shall be interpreted in its broadest sense to include without limitation all oral or written communications, including any writings, texts, emails, voicemails, or other electronically stored information as that term is defined by Rule 34(a) of the Federal Rule of Civil Procedure.

7. "DOCUMENT" shall be defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 10 01of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

8. "LEGISLATOR" shall mean and refer to any past or present elected member of the Mississippi State House or the Mississippi State Senate (including, for purposes of this Subpoena, the Lieutenant Governor), including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

9. "PROPOSAL" shall mean and refer to any and all drafts, and any and all DOCUMENTS, COMMUNICATIONS, or other materials RELATING TO and supporting such drafts, of possible or considered 20 22REDISTRICTING plans, including but not limited to the 2022 MAPS.

10. "RELATING TO" shall mean referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

11. "JOINT COMMITTEE" shall mean and refer to the Mississippi Legislature's Standing Joint Legislative Committee on Reapportionment and Redistricting and any legislators

2

who serve or have served on the JOINT COMMITTEE or staff who are employed in whole or in part by the JOINT COMMITTEE, or any representatives, designees, attorneys, advisors, consultants, contractors, or agents thereto.

12.     "MARIS" shall mean and refer to the Mississippi Automated Resource Information System Technical Center and any of its past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control.

## INSTRUCTIONS

1.      In responding to these requests, please produce all responsive documents in your possession, custody, or control. This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

2.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

3.      All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns,

3

representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

      4.      In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response. Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope. Words used in the singular include the plural.

      5.      Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

      6.      Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

      7.      Each document produced should be categorized by the number of the document request in response to which it is produced.

      8.      No portion of a request may be left unanswered because an objection is raised to another part of that request. If you object to any portion of a document request, you must state with specificity the grounds of the objection. Any ground not stated will be waived.

      9.      For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for Plaintiffs to assess the claim of privilege.

      10.      If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response

to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

11. If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

12. In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

13. These requests are continuing in nature. Your response must be supplemented, and any additional responsive material disclosed if responsive material becomes available after you serve your response. You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

14. Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1. All DOCUMENTS and COMMUNICATIONS RELATED TO assistance or data provided by the Secretary of State's office to the JOINT COMMITTEE during the 2022 REDISTRICTING process, including but not limited to any data, shapefiles, analysis of voting patterns by race or ethnicity, election data, incumbent addresses, demographic data (including but not limited to Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age

5

Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files RELATING TO precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, poll book numbers, Voter Registration, Black Surname Voter Registration, voter affiliation, Voter Turnout, Black Surname Voter Turnout, or changing census geography;

2. All DOCUMENTS and COMMUNICATIONS RELATED TO reports or data produced by or for the Secretary of State's office RELATED TO the 2022 REDISTRICTING process, including but not limited to data or reports produced by or for Madalan Lennep or any other person in the Secretary of State's office;

3. All DOCUMENTS and COMMUNICATIONS RELATED TO voting patterns in Mississippi elections with respect to race or ethnicity, including but not limited to any calculations, reports, audits, estimates, projections, other analyses, or the racially polarized voting study acknowledged by Senator Dean Kirby on the floor on March 29, 2022.

4. All DOCUMENTS and COMMUNICATIONS RELATING TO voting patterns in Mississippi elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5. All DOCUMENTS and COMMUNICATIONS RELATING TO any factor considered when drawing the 2022 MAPS or any ALTERNATIVE MAPS, including, but not

limited to, the use of race, the use of political or party information, or traditional REDISTRICTING principles, including but not limited to compactness and contiguity, preservation of political subdivisions, and preservation of communities of interest.

6. All DOCUMENTS and COMMUNICATIONS RELATING TO the 2022 REDISTRICTING process for the 2022 HOUSE MAP and the 2022 SENATE MAP containing a term referencing race, including but not limited to "Black", "African American", "minority", "BVAP", "BCVAP", "Latino", "Hispanic", "HVAP", "HCVAP", "Asian," "Asian American", "AVAP, or "ACVAP".

7. All DOCUMENTS and COMMUNICATIONS RELATING TO whether the 2022 MAPS or any other ALTERNATIVE map or any other REDISTRICTING PROPOSAL drawn, discussed, or considered during the 2022 REDISTRICTING process complies with the United States Constitution, the Mississippi Constitution, the Voting Rights Act, or Mississippi Code §5-3-101, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

8. All DOCUMENTS and COMMUNICATIONS RELATING TO 2022 REDISTRICTING exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any LEGISLATOR, the JOINT COMMITTEE, MARIS, any campaign or candidate for the Mississippi State Senate, any campaign or candidate for the Mississippi State House, any national political party, any state political party organization, any local political party organization, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, the Mississippi Republican Executive Committee, Fair Lines America, the Mississippi Democratic Party, any political action committee, any lobbyist, any political activist or operative, any other governmental

7

entity, any local elected official in Mississippi, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

9. All DOCUMENTS and COMMUNICATIONS RELATING TO enumerations or estimates by the U.S. Census Bureau regarding population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any LEGISLATOR, the Joint Committee or members thereof, MARIS or any members thereof, any campaign or candidate for the Mississippi State Senate, any campaign or candidate for the Mississippi State House, any national political party, any state political party organization, any local political party organization, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, the Mississippi Republican Executive Committee, Fair Lines America, the Mississippi Democratic Party of Mississippi, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Mississippi, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

10. All DOCUMENTS and COMMUNICATIONS that RELATE TO or reflect money spent or received or payments made or received RELATING TO the 2022 MAPS, including but not limited to money spent or received to create the 2022 MAPS or ALTERNATIVE maps, or money spent on payment for services, agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract RELATING TO 2022 REDISTRICTING including but not limited any consultant, political operative, expert, consultant, the Office of the Mississippi Attorney General, other law firm or attorney, other vendor, or other person or entity.

11. All other DOCUMENTS and COMMUNICATIONS RELATING TO implementation of the 2022 MAPS from January 1, 2019, to the present, including but not limited to any public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any LEGISLATOR, the Joint Committee or members thereof, MARIS or any members thereof, any campaign or candidate for the Mississippi State Senate, any campaign or candidate for the Mississippi State House, any national political party, any state political party organization, any local political party organization, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, the Mississippi Republican Executive Committee, Fair Lines America, the Mississippi Democratic Party, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Mississippi, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

Dated: November 20, 2023

/s/ *Joshua Tom*
Joshua Tom, MSB 105392
*jtom@aclu-ms.org*
ACLU OF MISSISSIPPI
101 South Congress Street
Jackson, MS 39201
(601) 354-3408

Robert B. McDuff, MSB 2532
*rbm@mcdufflaw.com*
MISSISSIPPI CENTER FOR JUSTICE
767 North Congress Street
Jackson, MS 39202
(601) 969-0802

Carroll Rhodes, MSB 5314
Law Offices of Carroll Rhodes
*crhodes6@bellsouth.net*
PO Box 588
Hazlehurst, MS 39083
(601) 894-1464

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:       +1.202.739.3000
Facsimile:       +1.202.739.3001
*john.lavelle@morganlewis.com*

Drew C. Jordan
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone:       +1.713.890.5000
Facsimile:       +1.713.890.5001
*drew.jordan@morganlewis.com*

Respectfully submitted,

Ari J. Savitzky
*asavitzky@aclu.org*
Ming Cheung
*mcheung@aclu.org*
Casey Smith
*csmith@aclu.org*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500

Patricia Yan
*pyan@aclu.org*
ACLU FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 457-0800

Ezra D. Rosenberg
*erosenberg@lawyerscommittee.org*
Jennifer Nwachukwu
*jnwachukwu@lawyerscommittee.org*
David Rollins-Boyd
*drollins-boyd@lawyerscommittee.org*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
UNDER LAW
1500 K Street NW Suite 900
Washington, DC 20005
(202) 662-8600

*Attorneys for Plaintiffs*