IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MISSISSIPPI STATE CONFERENCE OF THE
NAACP, *et al.*,

    *Plaintiffs*,

vs.

STATE BOARD OF ELECTION COMMISSIONERS, *et al.*,

    *Defendants,*

AND

MISSISSIPPI REPUBLICAN EXECUTIVE
COMMITTEE,

    *Intervenor-Defendant.*

CIVIL ACTION NO.:
3:22-cv-734-DPJ-HSO-LHS

**ORDER**

    This matter is before the Court on the Motion To Compel Compliance with Subpoenas [94], filed by Defendants State Board of Election Commissioners, Governor Tate Reeves, Attorney General Lynn Fitch, and Secretary of State Michael Watson (collectively, "Defendants"). No responses to the motion were filed. Having considered the matter, the Court finds that the motion [94] should be granted.

    On August 1, 2023, Defendants issued a subpoena to Peyton Strategies, LLC ("Peyton Strategies") c/o Charles Taylor, Principal. *See* [63]. Taylor was served on August 11, 2023, and the subpoena listed August 21, 2023, as the date of compliance. *Id.* The subpoena contains thirteen (13) document requests. *See* [63-1]. Essentially, the subpoena seeks documents and communications between Peyton Strategies and Plaintiffs or any member of the Mississippi

1

Legislature related to the 2022 state legislative redistricting process. *Id*. Defendants contend that "Peyton Strategies assisted Senator [Derrick T.] Simmons in drawing and/or preparing the alternative map presented by Senator Simmons on the floor of the Senate on March 27, 2022." [94] at 2. As of the date of the filing of the motion [94], Peyton Strategies had failed to respond, object, or produce the requested documents.

On August 30, 2023, Defendants issued a subpoena to Senator Simmons, in his official capacity as a member of the Mississippi State Senate. *See* [74]. Senator Simmons was served on August 31, 2023, and the subpoena listed September 13, 2023, as the date of compliance. *Id*. The subpoena contains eight (8) document requests. *See* [74-1]. Essentially, the subpoena seeks documents and communications with the Plaintiffs and all other third parties regarding the 2022 state legislative redistricting process, including the map presented by Senator Simmons on the floor of the Senate on March 27, 2022. *Id*. As of the date of the filing of the motion [94], Senator Simmons had failed to respond, object, or produce the requested documents.

On September 12, 2023, Defendants issued a subpoena to Representative Robert L. Johnson III, in his official capacity as a member of the Mississippi House of Representatives. *See* [76]. Representative Johnson was served on September 12, 2023, and the subpoena listed September 26, 2023, as the date of compliance. *Id*. The subpoena contains eight (8) document requests. *See* [76-1]. Essentially, the subpoena seeks documents and communications with the Plaintiffs and all other third parties regarding the 2022 state legislative redistricting process, including the map presented by Representative Johnson on the floor of the House of Representatives on March 29, 2022. *Id*. As of the date of the filing of the motion [94], Representative Johnson had failed to respond, object, or produce the requested documents.

In the instant motion, Defendants request an order compelling Peyton Strategies, Senator Simmons, and Representative Johnson (collectively, the "Subpoenaed Non-Parties") to comply with the subject subpoenas.  Defendants assert that the documents requested in the subpoenas are relevant and proportional to the needs of the case.  *See* [95] at 3.  They argue that the Subpoenaed Non-Parties have waived any objections to the subpoenas because they "have neither responded and produced documents nor responded to raise objections" within the time specified by Rule 45.  *See* [95] at 6.  Defendants also contend that because the time to raise a privilege has passed, the Subpoenaed Non-Parties have waived any privilege.  *Id*.  The Subpoenaed Non-Parties filed no response to the instant motion.

Under Fed. R. Civ. P. 45, subpoena recipients can serve objections on the party or attorney designated in the subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B).  "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  *Id*. "Courts within the Fifth Circuit have consistently held that failure to serve timely objections to a Rule 45 subpoena generally results in a waiver of all grounds for objection, including privilege." *Louisiana Generating, L.L.C. v. Illinois Union Ins. Co.*, 2011 WL 6259052, at *2 (M.D. La. Dec. 14, 2011).

Defendants have shown that the documents they seek are relevant and proportional to the needs of the case.  And by failing to respond or object to the subpoenas within the time specified in Rule 45, the Subpoenaed Non-Parties have waived their objections, including privilege.  Accordingly, the motion should be granted.

IT IS, THEREFORE, ORDERED that the Motion To Compel Compliance with Subpoenas [94] is GRANTED.  The Subpoenaed Non-Parties must produce all responsive documents to Defendants' subpoenas by December 15, 2023.  Counsel for Defendants must serve a copy of this

Order on the Subpoenaed Non-Parties by December 5, 2023, and must file a Proof of Service by December 6, 2023.  Subpoenaed Non-Parties are hereby advised that Fed. R. Civ. P. 45(g) provides that "a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it" may be held in contempt.

    SO ORDERED on the 1st day of December, 2023.

                       /s/ F. Keith Ball
                       UNITED STATES MAGISTRATE JUDGE