IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MISSISSIPPI STATE CONFERENCE OF THE
NAACP, *et al.*,

    *Plaintiffs*,

vs.

STATE BOARD OF ELECTION COMMISSIONERS,
*et al.*,

    *Defendants*,

AND

MISSISSIPPI REPUBLICAN EXECUTIVE
COMMITTEE,

    *Intervenor-Defendants*

CIVIL ACTION NO.:
3:22-cv-734-DPJ-HSO-LHS

**ORDER**

    Rule 45 of the Federal Rules of Civil Procedure requires that documents withheld under a claim of privilege be described in a manner that will enable the parties to assess the claim.  Fed. R. Civ. P. 45(e)(2)(A).  Here, recipients of subpoenas served by Plaintiffs have asserted a legislative privilege for documents withheld and have provided general descriptions of those documents.  Plaintiffs have filed a motion to compel [80], seeking an order requiring the recipients to provide a privilege log.  The Court concludes that the recipients have provided a sufficient description of the documents as required by Fed. R. Civ. P. 45(e)(2)(A) and that requiring them to do more would undermine an interest that the legislative privilege is designed to protect.

1

## I. Factual Background

This case involves a legal challenge to the Mississippi Legislature's 2022 State Senate and State House redistricting plans (the "2022 Maps"). *See* [27]. Plaintiffs are the Mississippi State Conference of the National Association for the Advancement of Colored People, Dr. Andrea Wesley, Dr. Joseph Wesley, Robert Evans, Gary Fredericks, Pamela Hamner, Barbara Finn, Otho Barnes, Shirlinda Robertson, Sandra Smith, Deborah Hulitt, Rodesta Tumblin, Dr. Kia Jones, Angela Grayson, Marcelean Arrington, and Victoria Robertson. They challenge the 2022 Maps under the Voting Rights Act and the Fourteenth Amendment to the United States Constitution, alleging that the purpose and effect of the 2022 Maps are to unlawfully dilute the voting strength of Black Mississippians. *Id.*

In June and July of 2023, Plaintiffs served subpoenas for documents on the following non-party members of the Mississippi Legislature and their staff who played roles in the passage of the 2022 Maps: The Standing Joint Legislative Committee on Reapportionment and Redistricting (the "Standing Joint Committee"), Ben Collins, Representative Dan Eubanks, Senator Dean Kirby, Former Representative Charles "Jim" Beckett, James F. "Ted" Booth, House Speaker Phillip Gunn, Neal Smith, Nathan Upchurch, and Lieutenant Governor Delbert Hosemann (collectively, "Subpoena Recipients"). *See* [53] and [55]. Each subpoena requested documents relating to consideration and passage of the 2022 Maps. In response to the subpoenas, the Subpoena Recipients stated that they were producing the following: The entire public record, including (1) the transcripts of the public meetings, (2) the handouts available at public meetings, (3) sign-in sheets and question cards from public meetings, (4) the notices and minutes of the Standing Joint Committee's hearings and meetings, (5) the legislative history of the two bills, (6) communications with third parties such as citizens and non-legislative public

officials, and (7) all contracts with third parties. *See* [80-3]. Additionally, Rep. Eubanks produced a social media message he posted during the relevant period. *Id*. As to any other documents, the Subpoena Recipients asserted, *inter alia*, a claim of legislative privilege. *See* [80-1]. They have described the withheld documents as "broadly includ[ing] (1) internal communications amongst the staff, (2) documents prepared by the Standing Joint Committee or its staff; (3) communications by and amongst Legislators with the staff, (4) communications between Legislators, (5) draft versions of individual districts drawn at the request of individual Legislators, (6) draft plans, and (7) communications between the [Standing Joint Committee] and its Members with counsel." [80-3] at 2.

In their motion to compel, Plaintiffs argue that the Subpoena Recipients' descriptions are insufficient to satisfy Rule 45(e)(2)(A) and that they are entitled to a privilege log[1] so that they may assess the applicability of the privilege. Alternatively, they ask that the Court order the Subpoena Recipients to submit their purportedly privileged documents for review *in camera* or by a special master.

## II.  Legislative Privilege

**Jackson Mun. Airport Auth. v. Bryant**

Plaintiffs' arguments in support of their motion substantially track this Court's analysis in *Jackson Mun. Airport Auth. v. Bryant*, No. 3:16-cv-246-CWR-FKB, 2017 WL 6520967 (S.D. Miss. Dec. 19, 2017), another case involving legislative privilege in the context of a motion to

---

[1] This Court has a local rule setting forth the requisite information for a privilege log. Specifically, the local rule requires, as to each withheld document, "at least the following information: name of the document, electronically stored information, or tangible thing; description of the document, electronically stored information, or tangible thing, which description must include each requisite element of the privilege or protection asserted; date; author(s); recipient(s); and nature of the privilege." L.U.Civ.R. 26(e).

3

compel a privilege log. That decision provides a helpful starting point to understanding the current landscape of legislative privilege in this circuit.

In *Jackson Mun. Airport Auth.*, the plaintiffs sought documents from non-party state legislators in an attempt to establish a racially discriminatory motive in the passage of certain legislation. The legislators took the position that any documents responsive to the request were by their very nature privileged and not discoverable and that a privilege log was superfluous. In its order, the Court observed that legislative privilege "is an evidentiary privilege 'governed by federal common law, as applied through Rule 501 of the Federal Rules of Evidence.'" *Id.* at *4 (quoting *Jefferson Cmty. Health Care Centers, Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017)). The Court further concluded that the privilege was qualified and was to be "strictly construed and accepted only to the very limited extent that . . . excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth." *Id.* at *6 (quoting *Jefferson*, 849 F.3d at 624, and citing *Rodriguez v. Pataki*, 280 F. Supp. 2d 89, 93-94 (S.D.N.Y. 2003) *aff'd*, 293 F. Supp. 2d 302 (S.D.N.Y. 2003)). Turning to the scope of the privilege, the Court determined that the privilege could properly be asserted for "any documents or information that contains or involves opinions, motives, recommendations or advice about legislative decisions between legislators or between legislators and their staff." *Id.* at *7 (quoting *Hall v. Louisiana*, 2014 WL 1652791, at *10 (M.D. La. Apr. 23, 2014)). It held that the privilege would not extend to communications with third parties. *Id.* Addressing the issue of waiver, the Court concluded, based upon decisions of other district courts, that the privilege was waived for any otherwise-privileged documents shared with outsiders, *e.g.*, party representatives, lobbyists, non-legislative staff, and constituents. *Id.*

4

This Court then examined the extent to which the privilege is qualified and concluded that the relevant analysis was provided by *Rodriguez v. Pataki*, 280 F. Supp. 2d 89 (S.D.N.Y. 2003) *aff'd*, 293 F. Supp. 2d 302 (S.D.N.Y. 2003)). *Id.* at *6. Under this analysis, a court is to weigh five factors when determining whether the legislative privilege should be honored:

> (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the seriousness of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

*Rodriguez*, 280 F. Supp. at 101. Ultimately, this court granted the request for a privilege log, concluding that the detailed information provided in a privilege log was necessary for the assessment, as to each document withheld, of whether the privilege had been waived and whether the privilege should give way based upon the *Rodriguez* analysis. *Jackson Mun. Airport Auth.,* 2017 WL 6520967, at *9.[2]

Plaintiffs here, following this same line of reasoning, argue that the privilege is limited in scope and is qualified, and that a privilege log is necessary for the assessment of whether the responsive documents are within the scope of the privilege, whether documents should be produced in light of the *Rodriguez* factors, and whether the privilege has been waived.

**La Union Del Pueblo Entero v. Abbott**

At the time of this Court's *Jackson Mun. Airport Auth.* decision, there was no Fifth Circuit case giving clear guidance on the analysis of the legislative privilege. Thus, much of the analysis was based upon the holdings of district court cases, some of which had been cited with approval by the Fifth Circuit. Recently, however, the Fifth Circuit addressed this issue head-on

---

[2] *Jackson Mun. Airport Auth.* is presently on appeal to the Fifth Circuit. *Jackson Mun. Airport Auth. v. Harkins*, No. 21-60312. Although that court has issued two opinions, both have been vacated. The case is set for argument before an *en banc* court in January 2024.

in a context very similar to the present controversy. *La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228 (5th Cir. 2023), involved a Voting Rights Act and Fourteenth Amendment challenge to an election code passed by the Texas legislature. There, the plaintiffs sought documents from non-party legislators in an attempt to prove racially discriminatory intent in the legislation's passage. The legislators asserted several privileges, including legislative. Citing, among others, this Court's *Jackson Mun. Airport Auth.* decision, the district court concluded that the privilege applied to documents and communications between legislators or between legislators and their staff involving opinions, motives, recommendations, or advice about legislative decisions. *La Union Del Pueblo Entero v. Abbott*, 2022 WL 1667687, *2 (W.D. Tex. May 25, 2022), *reversed*, 68 F.4th 228 (5th Cir. 2023). It determined, however, that the privilege did not apply to documents containing factually-based information that was used by or made available to the legislators. *Id.* The district court further found that the privilege could be waived by communications with a third-party and ordered production of all documents that had been disclosed to non-legislative parties. *Id.* at *3-6. Finally, the district court identified *Rodriguez* as setting forth the proper analysis for determining whether the privilege should give way and found that the *Rodriguez* factors weighed in favor of disclosure of internal legislative documents. *Id.* at *6-8.

On appeal, the Fifth Circuit reversed, rejecting the district court's analysis and holdings on the legislative privilege issue. The court first addressed the privilege's scope, describing it as "necessarily broad" and covering all aspects of the legislative process, including communications with third parties on issues that related to the legislation. *La Union*, 68 F.4th at 235-36. It found that the legislators had not waived the privilege for communications with those outside of the legislature, such as party leaders and lobbyists, stating that "[a]n exception for communications

6

'outside the legislature' would swallow the rule almost whole," because meetings and communications with interest groups are "part and parcel" of the modern legislative process. *Id.* at 236 (quoting *Bruce v. Riddle*, 631 F.2d 272, 280 (4th Cir. 1980)). The only manner of waiver acknowledged by the court was public disclosure of a document by a legislator. *Id.* at 236-37. Finally, the court addressed whether and under what circumstances the legislative privilege will yield. In so doing, it made no reference to the *Rodriguez* analysis. Rather, it stated that the legislative privilege must yield in "extraordinary instances" where "important federal interests are at stake, as in the enforcement of federal criminal statutes." *Id.* at 237-38 (quoting *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 268 (1977) and *United States v. Gillock*, 445 U.S. 360, 373 (1980)). It found that the case before it did not present "one of those 'extraordinary instances.'" *Id.* at 237.

Thus, the law of legislative privilege in this circuit after *La Union* appears to be as follows. (1) The scope of the privilege is broad, including all documents that are part of the legislative process; (2) waiver occurs only when otherwise-privileged documents are publicly disclosed; and (3) the privilege yields only in extraordinary cases, such as federal criminal cases. While the privilege also yields in extraordinary civil cases, *La Union* indicates that a challenge to election laws under the Constitution and the Voting Rights Act does not rise to that level.

Accordingly, this Court concludes that the Subpoena Recipients have satisfied the requirements of Rule 45 and that no further information is required in order to assess the applicability of the privilege. All document requests in Plaintiffs' subpoenas describe documents that were created or exchanged as part of the legislative process, and thus the privilege necessarily applies. Furthermore, the Subpoena Recipients have produced the entire public record for the legislation and are withholding only documents that were not disclosed

7

publicly. No waiver has occurred, therefore, as to the withheld documents, and the additional information that a privilege log might bring to a *Rodriguez* analysis is no longer relevant, because the Fifth Circuit has implicitly rejected that approach. There are simply no other questions to be answered about the withheld documents: Because they were created in the scope of the legislative process and were not disclosed publicly, and because this case does not meet the "extraordinary instance" standard, they are protected from disclosure. Furthermore, the Court will not require the Subpoena Recipients to engage in a useless exercise that would work against one of the primary purposes of the privilege: To allow lawmakers to focus on their official duties, rather than being required to devote time and energy to civil litigation. *See La Union,* 68 F.4th at 237 (legislative privilege "serves the 'public good' by allowing lawmakers to focus on their jobs rather than on motions practice in lawsuits.").

### III. Conclusion

The description of the withheld documents provided by the Subpoena Recipients satisfies the requirements of Rule 45(e)(2)(A), and no purpose would be served by compelling a detailed and time-consuming privilege log. For these reasons, Plaintiffs' Motion To Compel Subpoena Recipients' Production of Privilege Log [80] is denied.

SO ORDERED on the 1st day of December, 2023.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE