**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; DR. ANDREA WESLEY; DR. JOSEPH WESLEY; ROBERT EVANS; GARY FREDERICKS; PAMELA HAMNER; BARBARA FINN; OTHO BARNES; SHIRLINDA ROBERTSON; SANDRA SMITH; DEBORAH HULITT; RODESTA TUMBLIN; DR. KIA JONES; MARCELEAN ARRINGTON; VICTORIA ROBERTSON,<br><br>   *Plaintiffs*,<br><br>   vs.<br><br>STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi*,<br><br>   *Defendants,*<br>AND<br><br>MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE,<br><br>*Intervenor-Defendant.* | **CIVIL ACTION NO. 3:22-cv-734-DPJ-HSO-LHS** |

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE UNTIMELY EXPERT TESTIMONY FROM DR. PETER MORRISON</u>**

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... 1
TABLE OF AUTHORITIES .................................................................................................... 2
INTRODUCTION ..................................................................................................................... 4
BACKGROUND ....................................................................................................................... 4
LEGAL STANDARD ............................................................................................................... 7
ARGUMENT ............................................................................................................................. 8
    I.    Dr. Morrison's report should be excluded because it is not proper supplementation and was therefore served after the relevant deadline .................. 8
    II.   Under this Circuit's four-part test for excluding an untimely expert report, exclusion of Dr. Morrison's December report is appropriate .............................. 10
CONCLUSION ....................................................................................................................... 13
CERTIFICATE OF SERVICE ............................................................................................... 15

**TABLE OF AUTHORITIES**

**Cases**
*Barrett v. Atlantic Richfield Co.*,
   95 F.3d 375 (5th Cir. 1996) .................................................................................. 5, 8, 9, 10

*Elliot v. Amadas Industries, Inc.*,
   796 F. Supp. 2d 796 (S.D. Miss. 2011) ................................................................................ 4

*In re Complaint of C.F. Bean L.L.C.*,
   841 F.3d 365 (5th Cir. 2016) ............................................................................................ 6, 9

*Kumar v. Frisco Independent School District*,
   476 F. Supp. 3d 439 (E.D. Tex. 2020) ........................................................................... 2, 6, 7

*Metro Ford Truck Sales, Inc. v. Ford Motor Co.*,
   145 F.3d 320 (5th Cir. 1998) ............................................................................................ 6, 7

*Old Canton Road Apartments, Ltd. v. Topvalco, Inc.*,
   (No. 3:20-CV-797-DPJ-FKB), 2023 WL 3830368, (S.D. Miss. June 5, 2023) ....................... 7

*Poly-America, L.P. v. Stego Industries*, L.L.C.,
   (No. 3:08-CV-2224-G), 2011 WL 1583913, (N.D. Tex. Apr. 26, 2011) ................................ 8

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*,
   73 F.3d 546 (5th Cir. 1996) ................................................................................................. 4

*Standard Services Co., Inc. v. Witex USA, Inc.*,
   (No. CIV.A. 02-537), 2003 WL 2004442, (E.D. La. Apr. 30, 2003) .................................. 5, 8

*State Automobile Mutual Insurance Co. v. Freehold Management, Inc.*,
   (No. 3:16-CV-2255-L), 2019 WL 1436659, (N.D. Tex. Mar. 31, 2019) ................................ 8

*United States of America ex rel. Gudur v. Deloitte Consulting LLP*,
   (No. CIV.A. H-00-1169), 2007 WL 4322433, (S.D. Tex. Mar. 5, 2007) ................................ 7

**Other Authorities**
*Muslow v. Board of Supervisors of Louisiana State University & Agricultural & Mechanical College*, (No. CV 19-11793), 2021 WL 2168812 (E.D. La. May 27, 2021) ............................................................................................................................... 6

*Walton v. Enterprise Marine Services, LLC*,
   (No. CV 14-2468), 2016 WL 2956815 (E.D. La. May 23, 2016) ....................................... 6, 7

**Rules**
Fed. R. Civ P. 37(b)(2) ............................................................................................................. 4

Fed. R. Civ. P. 16(f)(1) ........................................................................................................... 4

Fed. R. Civ. P. 26(a) ............................................................................................................... 4

Fed. R. Civ. P. 26(a)(2) ........................................................................................................... 4

Fed. R. Civ. P. 26(e)(1) ........................................................................................................... 5

Fed. R. Civ. P. 37(c) ............................................................................................................... 4

**INTRODUCTION**

The Court should exclude from trial certain untimely disclosed expert analysis and opinions from Defendants' expert Dr. Peter Morrison. This analysis and his related opinions were improperly presented as a "supplemental" report that neither corrects any inaccuracy in Dr. Morrison's original report nor updates the original report in light of any new information. Rules 26 and 37 thus dictate that Defendants should correspondingly be precluded from offering the December 11, 2023 "supplemental" expert report into evidence at trial.

And exclusion is proper under the Fifth Circuit's applicable four-part test: (1) no justification exists for Defendants' failure to timely disclose the new opinions and analysis; (2) Defendants' failure to timely disclose Dr. Morrison's opinions creates prejudice for Plaintiffs, because Defendants served Dr. Morrison's "supplemental report" hours before the discovery deadline passed and after Plaintiffs had already taken Dr. Morrison's deposition; (3) exclusion would not prejudice Defendants because Dr. Morrison himself said the additional analysis was not important to his conclusions; and (4) a continuance is not possible given the impending February trial.

Dr. Morrison similarly had an improper supplemental report excluded in another case in this circuit because the court found it prejudiced the plaintiff. *Kumar v. Frisco Indep. Sch. Dist.*, 476 F. Supp. 3d 439 (E.D. Tex. 2020). This Court should rule as did the court in *Kumar*, and prohibit Dr. Morrison from testifying as to the opinions and content in his untimely report.

**BACKGROUND**

The Court's June 23, 2023 case management order set the deadline for the Defendants to disclose experts and serve expert reports on October 16, 2023 and set December 11, 2023 as the discovery deadline. ECF No. 44. On October 16, 2023, Defendants disclosed as an expert Dr.

4

Peter Morrison, and served a report in which Dr. Morrison discussed and offered conclusions about the rates of Black voter registration and turnout relative to White voter registration and turnout based on the results of an unverified survey called the Current Population Survey ("CPS"). Exhibit A (October 16, 2023 Expert Report of Peter A. Morrison (hereinafter "October report")) at 2-6.

Plaintiffs deposed Dr. Morrison on December 1, 2023. ECF No. 139. At that time, Dr Morrison testified that the October report "contains all of my opinions" save for one update to an unrelated academic article. Exhibit B (December 1, 2023 Deposition Transcript of Peter A. Morrison ("Dep. Tr.")) at 33:25-34:15. At his deposition, Dr. Morrison testified that he had all the information he needed when he prepared the October report and that he was very confident in his conclusions. *Id*. at 43:1-17.

While Dr. Morrison reported Black and White registration and turnout rates according to the CPS in the October report, at the time of his deposition, Dr. Morrison had not run any tests of statistical significance and thus did not offer any opinions testing statistical significance of the rates of Black voter turnout relative to White voter turnout that he provided. Dep. Tr. at 156:6-24. Rather, Dr. Morrison advocated that, when it comes to evaluating the statistical significance of the data set he looked at, "I know it when I see it." *Id*. at 174:6-20; *see also id*. at 157:22-158:2 (Dr. Morrison testifying that he "can tell – without even doing the test" on statistical significance that a trend exists).

However, on December 11, 2023 at 4:54 pm, after the close of fact and expert discovery and after Plaintiffs had taken Dr. Morrison's deposition, Defendants served a "supplemental" report from Dr. Morrison. Exhibit C (December 11 email from Defendants' counsel to Plaintiffs' counsel). That report contained a new Appendix C, which includes two new forms of statistical analysis that Dr. Morrison did not include in his October report, but that Dr. Morrison now states

5

his "conclusions and opinions" rely upon, which were done by two previously undisclosed individuals. *See* Exhibit D (December 11, 2023 Supplemental Expert Report of Peter A. Morrison (hereinafter "December report")), at 27-29; *see also* Exhibit C (acknowledging Appendix C contained "substantive changes").

Specifically, Dr. Morrison now purports to evaluate the statistical significance of the turnout and registration levels in the CPS using two statistical tests, including a "K-means cluster analysis test of voter registration rates" and "Fisher's Exact Test" or "a difference of proportions test" of voter turnout rates. *Id*. at 27. Both tests, he says, "rule[] out the null hypothesis" and allow Dr. Morrison to make conclusions with "scientific certainty." *Id*.[1]

Neither K-means cluster analysis nor Fisher's Exact Test is used or discussed in Dr. Morrison's October report, and neither was raised during his deposition. *See generally* Exhibit A; Dep. Tr. Nor is it explained why this analysis could not have been done at the time of his October report. Dr. Morrison also says that "these tests were conducted at [his] direction by two colleagues, Prof. David Swanson and Dr. Jeff Tayman." Exhibit D at 27 n. 12. Neither Prof. David Swanson nor Dr. Jeff Tayman were disclosed in his October report and it is not explained why they could not have been disclosed at that time. *See generally* Exhibit A. Finally, nowhere in Dr. Morrison's December report does he say he obtained previously unavailable information after the date of his October report necessitating his "supplemental report." Nor does Dr. Morrison's December report purport to correct either his deposition testimony or his October report.

---

[1] Dr. Morrison provided what he calls "technical details of the K-means cluster analysis," which purported to offer "cluster means" and "cluster standard deviations" for clusters labeled 1 and 2 and accompanying results. Exhibit D at 28. Defendants did not provide a file explaining *which* cluster label is assigned to *which* election years' results to Plaintiffs upon request. *See* Exhibit E (emails between Plaintiffs' counsel and Defendants' counsel between December 15 and 22), at 1.

6

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(a)(2), parties must disclose experts' written opinions "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "Unless otherwise stipulated or ordered by the court, the disclosure must be accompanied by a written report" containing "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). "If the supplemental report is comprised of new, previously undisclosed opinions, it [is] due on ... [the] designations deadline." *Elliot v. Amadas Indus., Inc.*, 796 F. Supp. 2d 796, 802 (S.D. Miss. 2011). As the Fifth Circuit has explained, it is the "*initial* disclosures" that must be "complete and detailed"; supplemental disclosures cannot make up for a lack of completeness or detail. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996).

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a)," "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." District courts may prevent a party from "introducing designated matters in evidence" if a party fails to comply with the deadlines imposed by a scheduling order. Fed. R. Civ P. 37(b)(2)(A)(ii); *see also* Fed. R. Civ. P. 16(f)(1)(C).

In general, district courts have "broad discretion to preserve the integrity and purpose of the pretrial [scheduling] order." *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (internal quotation marks and citation omitted). Additionally, in this Circuit, "[w]hen a district court excludes expert testimony as a sanction for a violation of a discovery order," four factors are considered: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of

curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony." *Id.*

## ARGUMENT

### I. DR. MORRISON'S REPORT SHOULD BE EXCLUDED BECAUSE IT IS NOT PROPER SUPPLEMENTATION AND WAS THEREFORE SERVED AFTER THE RELEVANT DEADLINE

Dr. Morrison's new analysis offered on December 11, 2023 is untimely because it falls outside the scope of proper supplementation of an expert report. Eight weeks after the October 16, 2023 deadline to disclose their expert materials and hours before discovery closed on December 11, 2023, ECF No. 44, Defendants served the December report.[2]

Federal Rule of Civil Procedure 26(e) imposes a duty to supplement Rule 26(a) disclosures either "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing" or "as ordered by the court." Fed. R. Civ. P. 26(e)(1). "[S]upplemental disclosures are only permissible as a means of correcting inaccuracies[] or filling the interstices of an incomplete report based on information *that was not available at the time of the initial disclosure*." *Kumar*, 476 F. Supp. 3d at 469 (internal quotation marks and citations omitted) (emphasis in original); *see also Muslow v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, No. CV 19-11793, 2021 WL 2168812, at *2 (E.D. La. May 27, 2021) (courts "have repeatedly rejected attempts by parties to bolster their position by 'supplementing' an expert report with a 'new and improved' expert report") (quotation and alteration omitted); *Walton v. Enter. Marine Servs., LLC*, No. CV 14-2468,

---

[2] As an initial matter, new expert analysis provided eight weeks after the imposed deadline is untimely. *See Standard Servs. Co., Inc. v. Witex USA, Inc.*, No. CIV.A. 02-537, 2003 WL 2004442, at *2 (E.D. La. Apr. 30, 2003) (striking expert opinion offered "two months after the imposed deadline").

8

2016 WL 2956815, at *2 (E.D. La. May 23, 2016) ("If an expert's report does not rely [on] any information that was previously unknown or unavailable to him, it is not an appropriate supplemental report under Rule 26."). In other words, supplemental disclosures "are not intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 324 (5th Cir. 1998); *see also In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 371 (5th Cir. 2016).

Dr. Morrison's December report does not seek to correct previously inaccurate information or provide new information which was not available when he issued the October report. Instead, it is an impermissible second attempt at his initial October report, which should have been served on October 16, 2023.

Indeed, Dr. Morrison testified in his December 1 deposition that methodologies to test the CPS registration and turnout by race data for statistical significance were available to him at the time. Dep. Tr. at 154:11-155:8 ("Q. Are there tests that help demographers or statisticians evaluate statistical significance between survey estimates? A. Oh, yeah."). Neither the December report nor Dr. Morrison's deposition testimony suggests that the tests first revealed in Dr. Morrison's December report were not available to him when he prepared the October report. In fact, Dr. Morrison testified that he had all the information he needed when he prepared the October report. *Id*. at 43:1-17 (Dr. Morrison: "There's nothing … that I needed that I could not obtain" in preparing the October report). When asked why he did not run either kind of test previously, he testified that he "wanted to make sure [he] used the right test," "there was kind of a time deadline," he had "other deadlines" on his plate, and he wanted to confer more with his colleagues. *Id*. at 157:3-21.

Thus, based on Dr. Morrison's own admissions, the December report is improper supplementation that would function merely as an extension of the expert report production

9

deadline.  *See, e.g.*, *Metro Ford Truck Sales, Inc.*, 145 F.3d at 324; *Walton*, 2016 WL 2956815, at *2.

Additionally, this is not the first time that Dr. Morrison has attempted to improperly present an expert report as a supplemental report in order to get around a court-ordered deadline.  In *Kumar*, the court granted plaintiff's motion to strike an expert report that Dr. Morrison submitted after the deadline for the parties to exchange expert opinions.  476 F. Supp. 3d at 468.  The court found the report was not in fact a "supplement" because it was "premised on new opinions and conclusions based on facts available to Defendants from the start of the case."  *Id*.  It found that the plaintiff would be prejudiced by the untimely disclosure because he "lacked the appropriate time to properly consider the new report and prepare an adequate rebuttal."  *Id*.  The court noted that Dr. Morrison was "taking a second crack at his report utilizing information available to him at the time of his initial disclosure," as he again seeks to do here.  *Id*. at 469.[3]

In sum, because Dr. Morrison's December report is not proper supplementation and was offered eight weeks after the appropriate deadline, it is untimely and must be excluded.

## II. UNDER THIS CIRCUIT'S FOUR-PART TEST FOR EXCLUDING AN UNTIMELY EXPERT REPORT, EXCLUSION OF DR. MORRISON'S DECEMBER REPORT IS APPROPRIATE

All four factors articulated in *Barrett*, 95 F.3d at 380 weigh in favor of Plaintiffs, reinforcing that exclusion of the December report is proper.

---

[3] Even if Defendants were to suggest that Dr. Morrison's report merely offers new bases for a previously more conclusory opinion, and therefore is a proper supplement, courts have held otherwise.  *Cf. U.S. ex rel. Gudur v. Deloitte Consulting LLP*, No. CIV.A. H-00-1169, 2007 WL 4322433, at *5 (S.D. Tex. Mar. 5, 2007) (striking as untimely a second supplemental report where an expert "finally stated the basis for his opinion" but did not change his overall conclusions, because the expert had "testified that he received the information that he needed to form his opinion" before preparing his previous, timely submitted report); *Old Canton Rd. Apartments, Ltd. v. Topvalco, Inc.*, No. 3:20-CV-797-DPJ-FKB, 2023 WL 3830368, at *13– *14 (S.D. Miss. June 5, 2023) (granting a motion to strike untimely, improper expert supplementation even where defendants argued it only "fine-tune[d]" and "validate[d]" previous conclusions).

First, Defendants have no explanation for their untimely disclosure. *Barrett*, 95 F.3d at 380. Again, all of the data relied upon in the December report were available at the time Dr. Morrison completed his October report; Dr. Morrison testified at his deposition that he only did not conduct the untimely-disclosed analysis previously because he had other work and missed the deadline. Dep. Tr. at 157:3-17.

Second, Defendant's untimely disclosure creates prejudice for Plaintiffs. Defendants provided these new methodologies just before close-of-business on the date that discovery closed. Courts in this Circuit have concluded that untimely disclosure of new expert materials was prejudicial because the opposing party had "less than one month" to conduct a deposition and prepare rebuttal expert testimony regarding the new materials. *Standard Servs. Co.,* 2003 WL 2004442, at *2-*3. Here, the new opinions were offered on *the day of the close of discovery*, and ten days *after the conclusion of Dr. Morrison's deposition*. *See also State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc*., No. 3:16-CV-2255-L, 2019 WL 1436659, at *25 (N.D. Tex. Mar. 31, 2019) (finding that defendants' untimely supplemental expert disclosures prejudiced plaintiffs where they were "deprived of the opportunity to designate any rebuttal experts" and supplemental disclosures were provided on "the eve of [the expert's] deposition, which put Plaintiff at a further disadvantage."); *Poly-Am., L.P. v. Stego Indus*., L.L.C., No. 3:08-CV-2224-G, 2011 WL 1583913, at *3 (N.D. Tex. Apr. 26, 2011) (finding prejudice to defendants based on plaintiff's supplemental report because, where trial was set for the month after an untimely supplemental disclosure, with "trial rapidly approaching, allowing [plaintiff's] untimely evidence would prejudice [defendant] by requiring it to respond—via deposition . . . or otherwise—with short notice and on the eve of trial.").

Plaintiffs are essentially being forced to accept these new opinions without a practical basis to cross-examine Dr. Morrison on them or to have its experts evaluate them and offer timely rebuttals. Because the relevant deadlines have passed, Plaintiffs are out of time to depose Dr. Morrison on his new methodologies, conclusions, and the new individuals on which he relied to conduct the analysis, or to prepare new rebuttal expert testimony on the new methodologies or conclusions contained in the December report. Plaintiffs cannot explore why he chose each test, why he used different tests to look at turnout and registration, respectively, the literature surrounding these tests, and the terms and figures in Dr. Morrison's "technical details" and their meaning, among other possible topics. Plaintiffs do not even know which cluster label (1 or 2) corresponds to which group of election years (pre- and post- 2004) on page 28 of the December report, *see* Exhibit D, and Defendants have not clarified upon request, *see* Exhibit E. Even if Plaintiffs had time to rebut the new material before trial, doing so would incur substantial time and expense prejudicing Plaintiffs. *See In re Complaint of C.F. Bean L.L.C.*, 841 F.3d at 373 (weighing prejudice factor in Plaintiffs' favor where trial was "several months" away due to potential needs for time and expense).

Third, a continuance is not possible to address the prejudice. *Barrett*, 95 F.3d at 380. This matter is set for trial in February 2024 and cannot be delayed for the reasons the Court recognized in its June 23, 2023 Scheduling Order. *See* ECF No. 44 (ordering that this litigation be tried on an expedited basis to safeguard against "extending unconstitutional representation" through the November 2027 election).

Fourth, Dr. Morrison said himself the testimony is not important to his conclusions. *Barrett*, 95 F.3d at 380. Rather, he explained at his deposition that he takes an "I know it when I see it" approach to evaluating voter turnout and registration disparities and was able to reach a

12

conclusion without reliance on any statistical tests. Dep. Tr. at 174:6-20; *see also id*. 157:22-158:2. He stood by his conclusions at his deposition, although he had not conducted any tests of statistical significance. *Id*. at 43:1-17 (Dr. Morrison testifying that "I'm very confident in this report" and "there's nothing – nothing that I needed that I could not obtain" in order to prepare the October report).

## CONCLUSION

The Court should grant Plaintiffs' Motion *In Limine* To Exclude From Trial The December 11, 2023 Expert Report Of Dr. Peter A. Morrison and any testimony regarding the opinions and analysis therein.

This the 4 day of January, 2024.

/s/ *Joshua Tom*
Joshua Tom, MSB 105392
*jtom@aclu-ms.org*
ACLU OF MISSISSIPPI
101 South Congress Street
Jackson, MS 39201
(601) 354-3408

Robert B. McDuff, MSB 2532
*rbm@mcdufflaw.com*
MISSISSIPPI CENTER FOR JUSTICE
767 North Congress Street
Jackson, MS 39202
(601) 969-0802

Carroll Rhodes, MSB 5314
Law Offices of Carroll Rhodes
*crhodes6@bellsouth.net*
PO Box 588
Hazlehurst, MS 39083
(601) 894-1464

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:       +1.215.963.4824
Facsimile:        +1.215.963.5001
*john.lavelle@morganlewis.com*

Drew C. Jordan
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone:       +1.202.739.5962
Facsimile:        +1.202.739.3001
*drew.jordan@morganlewis.com*

Ari J. Savitzky
*asavitzky@aclu.org*
Casey Smith
*csmith@aclu.org*
Ming Cheung
mcheung@aclu.org
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500

Patricia Yan
*pyan@aclu.org*
ACLU FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 457-0800

Ezra D. Rosenberg
*erosenberg@lawyerscommittee.org*
Jennifer Nwachukwu
*jnwachukwu@lawyerscommittee.org*
David Rollins-Boyd
*drollins-boyd@lawyerscommittee.org*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW Suite 900
Washington, DC 20005
(202) 662-8600

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Joshua Tom, do certify that on this day I caused to be served a true and correct copy of the foregoing by electronic mail to all counsel of record.

This the 4 day of January, 2024.

/s/ *Joshua Tom*
Joshua Tom