IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE;
DR. ANDREA WESLEY; DR. JOSEPH
WESLEY; ROBERT EVANS; GARY
FREDERICKS; PAMELA HAMMER
BARBARA FINN; OTHO BARNES;
SHIRLINDA ROBERTSON; SANDRA
SMITH; DEBORAH HULITT; RODESTA
TUMBLIN; DR. KIA JONES; ANGELA
GRAYSON; MARCELEAN ARRINGTON;
VICTORIA ROBERTSON                                                                    PLAINTIFFS

VS.                                          CIVIL ACTION NO. 3:22-cv-734-DPJ-HSO-LHS

STATE BOARD OF ELECTION
COMMISSIONERS; TATE REEVES, *in his
official capacity as Governor of Mississippi*;
LYNN FITCH, *in her official capacity as
Attorney General of Mississippi*; MICHAEL
WATSON, *in his official capacity as Secretary
of State of Mississippi*                                                              DEFENDANTS

AND

MISSISSIPPI REPUBLICAN
EXECUTIVE COMMITTEE                                                    INTERVENOR-DEFENDANT

---

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANTS' RESPONSE
TO PLAINTIFFS' MOTION IN LIMINE**

---

**INTRODUCTION**

Defendants State Board of Election Commissioners, Governor Tate Reeves, Attorney General Lynn Fitch, and Secretary of State Michael Watson (collectively, "Defendants") submit this Memorandum of Authorities in support of their opposition to Plaintiffs' Motion in Limine to Exclude Untimely Expert Testimony from Dr. Peter Morrison [Dkt. #170]. This Court should deny

Plaintiffs' Motion and admit Dr. Peter Morrison's supplemental report into evidence at trial because the supplement is not untimely and does not prejudice Plaintiffs.

## FACTUAL BACKGROUND

On May 26, 2023, Magistrate Judge F. Keith Ball entered the Case Management Order. [Dkt. #35]. Generally, deadlines for discovery, expert disclosures and motions are set in the Case Management Order, but due to the expedient nature of this matter, most of those deadlines were left "[t]o be determined." *Id.* Thereafter, on June 23, 2023, Chief United States District Judge Daniel P. Jordan III set the following deadlines for this case: "That Plaintiffs' deadline for designating expert witnesses will be August 28, 2023; [ ] That Defendants' deadline for designating expert witnesses will be October 16, 2023; [ ] That all discovery will be completed on or before December 11, 2023[.]" [Dkt. #44], p. 3. Thereafter, the Court granted an unopposed motion to extend the Defendants' deadline to designate experts to October 23, 2023. [Dkt. #97]; Text-Only Order, October 18, 2023. Defendants served timely their designation of experts on October 23, 2023. [Dkt. #99].

To accommodate the expedited trial schedule, the parties agreed to take numerous fact and expert depositions after the discovery deadline of December 11, 2023. *See* [Dkt. #157] and Text-Only Order, December 12, 2023. Plaintiffs were permitted to hold depositions of Dr. John Alford on December 13, 2023, Madalan Lennep on December 18, 2023, the Mississippi Secretary of State 30(b)(6) witness (Kyle Kirkpatrick) on December 20, 2023, and Dr. Thomas Brunell on January 5, 2024, all of which came after the December 11, 2023, discovery deadline. *See* Text-Only Order, December 12, 2023. In addition to the depositions, Plaintiffs filed amended expert reports and "rebuttal" expert reports on November 20, 27, 28 and December 22, 2023, all after the August 28,

2

2023, deadline set by Chief Judge Jordan.[1] *See* [Dkt. ## 130, 131, 132, 140, 141, 153, 156, 164]. Throughout this process, Defendants have worked cooperatively with the Plaintiffs to accommodate numerous depositions beyond the discovery deadline and have not objected to the out of time supplemental reports served by Plaintiffs. Mindful of the Court's desire to march steadily towards trial on a truncated and ambitious basis, Defendants have made repeated and numerous accommodations to the Plaintiffs.

Plaintiffs' conducted Dr. Morrison's deposition on December 1, 2023. [Dkt. #139]. During that deposition, Dr. Morrison agreed to provide a supplemental report to further substantiate one of the opinions he had offered and about which he was asked by Plaintiffs to address. Subsequently, Defendants submitted Dr. Morrison's supplemental report on December 11, 2023, within the timeframe of the discovery deadline and the proper time to file supplemental reports. [Dkt. #170-3]. At that time, Plaintiffs raised no objection to the promised and known supplemental report. Instead, without any attempt to confer on this discovery matter in good faith, Plaintiffs waited nearly a month to claim that Dr. Morrison's report is untimely and improper. [Dkt. #170]. In addition to the legal reasons to deny this motion articulated *infra*, this motion stands in stark contrast to the parties' previous efforts to make accommodations to keep this case proceeding towards a February 26, 2024, trial setting.

## ANALYSIS

Plaintiffs allege that "Dr. Morrison's report should be excluded because it is not proper supplementation and was therefore served after the relevant deadline." [Dkt #171], p. 9. But

---

[1] Plaintiffs served rebuttal reports to Defendants for Dr. Ragusa, Dr. King, and Dr. Cooper on November 15, 2023, but they did not file the notice of service until November 20, 2023. Dr. Orey's rebuttal was served on November 22, but the notice of service was not filed until November 28, 2023. Dr. Ragusa's Amended Rebuttal was served on November 27, 2023, but Plaintiffs did not file the notice until November 28, 2023.

Plaintiffs incorrectly calculated the relevant deadlines. Furthermore, Plaintiffs mischaracterized Dr. Morrison's supplement and deposition testimony in their motion.

## I.     Defendants Complied with the Scheduling Order

Federal Rule of Civil Procedure 26(a) requires the production of certain initial disclosures. Rule 26(e) then imposes a duty to supplement Rule 26(a) disclosures when:

> (e) Supplementing Disclosures and Responses
>
> (1) *In General*. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission— <u>must supplement</u> or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.
>
> (2) *Expert Witness*. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's <u>duty to supplement extends both to information included in the report and information given during the expert's deposition</u>. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

FED. R. CIV. P. 26(e) (emphasis added). Pursuant to Rule 26(a)(2), parties "*must* supplement these disclosures when required under Rule 26(e)." FED. R. CIV. P. 26(a)(2) (emphasis added). For expert witnesses, this means that "[a]ny additions or changes [to an expert's report or the information given during an expert's deposition] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." FED. R. CIV. P. 26(e)(2). Pretrial disclosures must be made at least 30 days prior to trial "[u]nless the Court orders otherwise." FED. R. CIV. P. 26(a)(3)(B). December 11 is approximately 77 days prior to trial and 37 days prior to the pretrial disclosure deadline.

The Court's Case Management Order was silent as to expert reports. *See* [Dkt #35] and Text-Only Order, October 18, 2023. Accordingly, Defendants had 30 days prior to trial which is set for February 26, 2024, to supplement Dr. Morrison's report. *See* FED. R. CIV. P. 26(a)(3)(B). Defendants filed Dr. Morrison's supplemental report on December 11, 2023, more than 77 days before the February 26, 2024, trial setting. [Dkt. #170-3]. Additionally, the supplemental report was filed before the deadline for "fact and expert discovery" contrary to what Plaintiffs assert in their motion. [171], p. 6; *see* FED. R. CIV. P. 26(a)(3)(B). Dr. Morrison's supplemental report was not untimely.

## II.     Exclusion of the Supplement is Not the Appropriate Remedy

Plaintiffs also claim Dr. Morrison's supplemental report "falls outside the scope of proper supplementation of an expert report." [Dkt. #171], p. 9. But Plaintiffs mischaracterize the substance of the supplemental report. Plaintiffs admit "Dr. Morrison reported Black and White registration and turnout rates according to the [Current Population Survey] in the October report." *Id.* at 6. "[A]t the time of his deposition, Dr. Morrison had not run any tests of statistical significance." *Id.* But, "Dr. Morrison advocated that, when it comes to evaluating the statistical significance of the data set he looked at, 'I know it when I see it.'" *Id.* Dr. Morrison testified at the deposition that he "intend[ed] to run the formal tests that would document what [he] already know[s], just from [his] experience looking at trends like this." [Dkt. #170-2], p. 156.

In his deposition, Dr. Morrison testified that he "wanted to make sure that [he] used the right test . . . [and] want[ed] to confer with a statistician colleague to find out the appropriate test that would be used, and that is a test that I will conduct now that I have some time to do it." [Dkt. #170-2], p. 156-57; *see also* [Dkt. #170-1], p. 5 n.4. Accordingly, Dr. Morrison conferred with his colleagues—Prof. David Swanson and Dr. Jeff Tayman—and supplemented his report with the

5

appropriate statistical tests to satisfy Plaintiffs' questioning at his deposition. *See generally* [Dkt. #170-3]. Dr. Morrison performed these tests expediently—within ten days after his deposition—to meet the discovery deadline and provide Plaintiffs' ample opportunity to rebut. And, in fact, Plaintiffs served an expert report intended to do just that: rebut the offered opinion. *See* Rebuttal Report of Dr. Ragusa [Dkt. # 132]; Amended Expert Rebuttal Report of Dr. Ragusa [Dkt. 141].

Importantly, Dr. Morrison did not introduce a new opinion. [Dkt. ##170-4, 170-3]. Rather, he provided the statistical tests he explained he would perform at the deposition related to a timely disclosed opinion.[2] *See* [Dkt. #170-2], p. 156-57. "[T]he line between supplemental opinions and new opinions is not always clear, and the decision regarding how to make the distinction . . . depends on the facts of the case." *Charles v. Sanchez*, No. 13-CV-193-DCG, 2015 WL 808417, at *8 (W.D. Tex. Feb. 24, 2015) (quoting *In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, No. 1446, 2007 WL 5023541, at *8 (S.D. Tex. Feb. 1, 2007)). Further, "[a] supplemental report, however, 'necessarily contains information . . . not expressed in the original report, or there would be no need to supplement.'" *Charter Sch. Sols. v. GuideOne Mut. Ins. Co.*, No. 18-CV-61-KC, 2019 WL 528055, at *2 (W.D. Tex. Jun. 28, 2019) (quoting *Gilbane Bldg. Co. v. Downers Grover Comm. High Sch. Dist.*, No. 02-C-2260, 2005 WL 838679, at *8 (N.D. Ill. Apr. 11, 2005)). Here, Dr. Morrison's supplement does not convey any "new" information, but instead supports his October report and answers Plaintiffs' inquiry into the statistical significance of the current population survey in relation to the underlying conclusion that "Black voter registration and turnout has exceeded that of Whites in most years [s]ince 2004, and this represents a significant increase in parity of political participation between Blacks and Whites occurring during the past

---

[2] Plaintiffs filed rebuttal and amended rebuttal reports for Dr. Ragusa to incorporate "robustness checks" to merely confirm and support his original county envelope methodology. But Defendants did not object to this supplementation.

6

43 years in Mississippi." [Dkt. #170-1], p. 8. Rule 26(e) contemplates this sort of supplement. *See Elliot v. Amadas Industries, Inc.*, 796 F. Supp. 2d 796, 803 (S.D. Miss. 2011) ("[T]he party's duty to supplement extends both to information included in the report and to information given during the expert's deposition.").

Supplementation must occur "in no event later than the discovery cut-off established by the case management order," which was December 11, 2023. L.U. CIV. R. 26(a)(5). The supplemental report was filed on December 11, 2023, so it is timely. Plaintiffs cite *Kumar v. Frisco Independent School District*, 476 F. Supp. 3d 439 (E.D. Tex. 2020) to support their contention that the Court should exclude Dr. Morrison's report. However, the distinguishing fact between this case and *Kumar* is that the Court's Scheduling Order does not set a deadline for expert reports. Accordingly, Rule 26 governs, and December 11, 2023, is more than 30 days before February 26, 2024. *See* [Dkt. #170-3].

To the extent, if any, the Court determines that Dr. Morrison's supplemental report does offer any new opinions, "such is not automatically fatal" and "may still be appropriate." *Moore v. Hernandez*, 2018 WL 267043, at *2 (E.D. Tex. Mar. 6, 2018) (citing *In Re Complaint of C.F. Bean*, 841 F.3d 365, 371-74 (5th Cir. 2016). Fifth Circuit case law emphasizes that the preclusion of expert testimony is an extreme sanction, especially in the absence of any prejudice or surprise to the opposing party. *See, e.g., Murphy v. Magnolia Elec. Power Ass'n*, 639 F.2d 232, 235 (5th Cir. 1981). "Supplementation may be proper when it is in response to questions or challenges to the expert's opinion raised by the opposing party." *In re Enron*, 2007 WL 5023541, at *9 (citing *Wilson v. Sundstrand Corp.*, Nos. 99 C 6944, 99 C6946, 2003 WL 22012673, at *7 (N.D. Ill. Aug. 25, 2003)). "Rule 37 provides that this failure to disclose may be excused and evidence may be introduced where the failure 'was substantially justified or is harmless.'" FED. R. CIV. P. 37(c)(1).

7

When a party fails to timely make a Rule 26 expert disclosure, the court must consider the following factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P.*, 648 F. App'x 414, 419 (5th Cir. 2016) (citing *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)).

Pursuant to the Fifth Circuit's test, Plaintiffs' motion should be denied. *First*, the supplemental report was no surprise to Plaintiffs. It was filed ten days after Dr. Morrison's deposition in response to a line of questioning Plaintiffs covered at the deposition. *See* [Dkt. #170-2], p. 157. *Second*, the underlying opinion of Dr. Morrison's supplemental report is relevant to a critical issue in Defendants' case-in-chief. *Third*, Dr. Morrison filed his supplemental report solely for the purpose of addressing Plaintiffs' questions at the deposition. *Fourth*, any possible prejudice to Plaintiffs could be cured by granting them a supplemental deposition of Dr. Morrison.

### A. Dr. Morrison's Supplemental Report Did Not Prejudice or Surprise Plaintiffs

Plaintiffs' motion attempts to blur the line between supplementation of expert opinion that has been disclosed and the untimely disclosure of expert opinion that is totally unanticipated." *Albert v. Warner-Lambert Co.*, No. 99-11700-RGS, 2002 WL 745822, at *1 (D. Mass. April 24, 2002) (citing *Wilson v. Bradless of New England, Inc.*, 250 F.3d 10, 19-21 (1st Cir. 2001)). Plaintiffs were aware of Dr. Morrison's opinions and the addition of the supplemental report amounts to nothing more than additional empirical support for the October report. Furthermore, in his deposition, Dr. Morrison testified that "there was kind of a time deadline [he] had to get the report in, and [he] said the - - the test that will document the statistical significance of this is something [he] need[s] to perform. . . . [he] want[s] to confer with a statistician colleague to find

8

out the appropriate test that would be used, and that is a test that [he] will conduct now that [he] ha[s] some time to do it." [Dkt. #170-2], p. 157. "Courts have held that a party cannot seek to exclude expert testimony on the grounds of surprise, even when proffered after the expert discovery deadline, when the 'information is entirely consistent with' the sponsoring party's 'position throughout th[e] litigation.'" *In re Enron*, 2007 WL 502341, at *6 (quoting *In re Mercedes-Benz Antitrust Litig.*, No.99-4311, 2006 WL 2129100, at *9 (D.N.J. July 26, 2006); *Ortho-McNeil Pharm. v. Barr Lab.*, C.A. No. 03-4678 (SRC), 2006 WL 1805897, *4 (D.N.J. June 29, 2006)). Accordingly, Plaintiffs have no claim that Dr. Morrison's supplemental report was a surprise or is prejudicial. In this regard, Defendants have offered to provide Dr. Morrison for a limited re-opening of the deposition.

### B. Dr. Morrison's Conclusion is Highly Important to Key Issues in this Case

Dr. Morrison's underlying opinion is fundamental to Defendants' case-in-chief because it demonstrates "a significant increase in parity of political participation between Black and Whites occurring during the past 43 years in Mississippi." [Dkt. #170-1], p. 8. Additionally, Dr. Morrison's supplemental report "confirms the existence of this apparent reversal in political participation after 2002." [Dkt. #170-4], p. 1. The significance of including the statistical analyses included in the supplemental report is relevant to ruling "out the null hypothesis here with strict scientific certainty." *Id.* Accordingly, Dr. Morrison's expert opinion is necessary in connection with Defendants' arguments addressing the "totality of the circumstances."

### C. Defendants Filed Dr. Morrison's Report in Response to Plaintiffs' Questioning

Because the supplemental report was in direct response to Plaintiffs' questions during his deposition, Rule 26(e) *requires* supplementation under these circumstances. *See Confederated Tribes of Siletz Indians v. Weyerhaeuser Co.*, No. CV 00-1693-PA, 2003 WL 23715981, at *2 (D.

9

Or. Jan. 21, 2003) (Plaintiffs were allowed to supplement expert report when the "supplemental expert testimony was generated in direct response to Defendant's attack upon the original expert reports."). Here, Dr. Morrison's supplemental report serves the sole function of addressing an issue first discovered during Dr. Morrison's December 1 deposition. Under Rule 26(e), the supplemental report is appropriate.

### D.  Exclusion is Not Necessary to Remedy Any Possible Prejudice to Plaintiffs

Even if Plaintiffs were prejudiced by the supplemental report, preclusion is not an appropriate remedy. As stated, Defendants have offered to re-open the deposition of Dr. Morrison for the limited purpose of questioning regarding the statistical tests contained in the supplementation.

### III.     Plaintiffs' Motion in Limine is Improper

"A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Vaughn v. Hobby Lobby Stores, Inc.*, 539 F. Supp. 3d 577, 582 (W.D. La. 2021) (citing *Mathis v. Pinnacle Entm't, Inc.*, Civ.A 11-2199, 2014 WL 2880217, at *5 (W.D. La. Jun. 23, 2014)). "The courts in the Fifth Circuit have consistently held that a motion in limine 'serves no real purpose in a bench trial since the court can and does readily exclude from its consideration inappropriate evidence of whatever ilk.'" *Rash v. Lafayette County, Mississippi*, 2022 WL 983645 (N.D. Miss. Mar. 30, 2022) (quoting *Gentiva Certified Health Care Corp. v. Rayborn*, 2016 WL 164322 (S.D. Miss. 2016); *Mitchell v. Metro Life Ins. Co.*, 1994 WL 35815, at *3 (5th Cir. 1994)

(citing *Gov't of Canal Zone v. Jimenez*, 580 F.2d 897, 898 (5th Cir. 1978) (a judge sitting as the trier of fact 'is presumed to disregard inadmissible evidence"). Since this matter is set for a bench trial, the Court should find that this Motion in Limine is "unnecessary, as the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk." *Lee Swimming Pools, LLC v. Bay Pool Co. Construction, LLC*, 2021 WL 157993, at *1 (S.D. Miss. Feb. 4, 2021) (quoting *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001). "Without a jury, . . . motions *in limine* . . . serve no real purpose." *Lee Swimming Pools*, 2021 WL 157993, at *1 (quoting *Morgan v. Miss.*, No. 2:07-CV-15-MTP, 2009 WL 3259233, at *1 (S.D. Miss. Oct. 8, 2009) (citations omitted)). Plaintiffs' asserted motion is improper because it "serves no real purpose in a bench trial." *Rash*, 2022 WL 983645, at *1.

## CONCLUSION

For these reasons, the Defendants respectfully request that the Court deny Plaintiffs' motion to exclude Dr. Morrison's supplemental report.

**THIS** the 11th day of January, 2024.

        Respectfully submitted,

        STATE BOARD OF ELECTION
        COMMISSIONERS; TATE REEVES, IN HIS
        OFFICIAL CAPACITY AS GOVERNOR OF
        MISSISSIPPI; LYNN FITCH, IN HER OFFICIAL
        CAPACITY AS ATTORNEY GENERAL OF
        MISSISSIPPI; MICHAEL WATSON, IN HIS
        OFFICIAL CAPACITY AS SECRETARY OF
        STATE, DEFENDANTS

By: */s/ P. Ryan Beckett*
     P. Ryan Beckett (MB #99524)
     ONE OF THEIR COUNSEL

OF COUNSEL:

Tommie S. Cardin (MB #5863)
P. Ryan Beckett (MB #99524)
B. Parker Berry (MB #104251)
**BUTLER SNOW LLP**
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
P.O. Box 6010, Ridgeland, MS 39158-6010
Phone: 601.948.5711
Fax:    601.985.4500
tommie.cardin@butlersnow.com
ryan.beckett@butlersnow.com
parker.berry@butlersnow.com

Rex M. Shannon III (MB #102974)
**STATE OF MISSISSIPPI**
**OFFICE OF THE ATTORNEY GENERAL**
**CIVIL LITIGATION DIVISION**
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov

## CERTIFICATE OF SERVICE

I, P. Ryan Beckett, one of the attorneys for the Defendants, do hereby certify that I have this day filed the above and foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

This the 11th day of January, 2024.

                                       */s/ P. Ryan Beckett*
                                       P. Ryan Beckett

85228048.v3