IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE; DR.
ANDREA WESLEY; DR. JOSEPH WESLEY;
ROBERT EVANS; GARY FREDERICKS; PAMELA
HAMNER; BARBARA FINN; OTHO BARNES;
SHIRLINDA ROBERTSON; SANDRA SMITH;
DEBORAH HULITT; RODESTA TUMBLIN; DR.
KIA JONES; MARCELEAN ARRINGTON;
VICTORIA ROBERTSON,

    *Plaintiffs*,

vs.

STATE BOARD OF ELECTION COMMISSIONERS;
TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi*,

    *Defendants,*
AND

MISSISSIPPI REPUBLICAN EXECUTIVE
COMMITTEE,

    *Intervenor-Defendant.*

CIVIL ACTION NO.
3:22-cv-734-DPJ-HSO-LHS

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE**

    This reply addresses Plaintiffs' response in opposition to Defendants' Motion for Judicial Notice. [Dkt. #188]. Plaintiffs argue that Defendants' Motion should be denied because CPS data "is not properly judicially noticeable on a standalone basis" and that the "disputed data is not

properly the subject of judicial notice." [Dkt. # 194], pp. 5, 10. The Court should reject Plaintiffs' arguments in opposition and take judicial notice of the facts and information identified and attached to Defendants' Motion because Plaintiffs rely on opinions that have no precedential value and misconstrue the purpose of judicially noticing this data.

First, Plaintiffs cite to the vacated opinions from this Court and the Fifth Circuit in *Thomas v. Bryant* to support their assertion that CPS data is unreliable. *See* [Dkt. #194], p. 10; 366 F. Supp. 3d 786, 808 (S.D. Miss 2019), *vacated* 961 F.3d 800 (June 18, 2020); *and* 938 F.3d 134, 162-63 (5th Cir. 2019), *vacated* 961 F.3d 800 (June 18, 2020). But "[v]acated opinions have no precedential or persuasive value." *Veasey v. Abbott*, 830 F.3d 216, 301 n.36 (5th Cir. 2016), *Ridley v. McCall*, 496 F.2d 213 (5th Cir. 1974) (holding the vacated decision of the Fifth Circuit "has no precedential value."). Both opinions in *Thomas v. Bryant* were vacated for lack of jurisdiction as moot by the Fifth Circuit on June 18, 2020. 961 F.3d 800. Accordingly, these opinions carry no precedential value. *See Central Pines Land Co. v. U.S.*, 274 F.3d 881, 893 n.57 (5th Cir. 2001) (explaining the difference between vacated opinions and judgments reversed on other grounds).

Plaintiffs' reliance on *Alpha Phi Alpha* is also misplaced. *See* [Dkt. # 194], p. 9 (citing *Alpha Phi Alpha Fraternity Inc. v. Raffensperger*, No. 1:21-CV-5336-SCJ, 2023 WL 5675032, at *3 (N.D. Ga. Aug. 23, 2023)). *Alpha Phi Alpha*, a federal district court case in Georgia, recently denied a motion for judicial notice of CPS data. 2023 WL 5675032, at *3. However, there is a significant distinguishable factor in *Alpha Phi Alpha*: Georgia collects racial data for voter turnout and registration and Mississippi does not.[1] The Georgia Court found the CPS data was disputable because there was direct evidence of the racial turnout and registration of Georgia voters. *Id.* To

---

[1] *See Data Hub—Voter Registration*, Georgia Secretary of State, https://sos.ga.gov/election-data-hub (last visited Feb. 18, 2024); *see also Data Hub—November 8, 2022 General Election*, Georgia Secretary of State, https://sos.ga.gov/data-hub-november-8-2022-general-election (last visited Feb. 18, 2024).

the contrary, Mississippi does not collect the racial identity of Mississippi voters and has no such data to compare to the CPS data. Furthermore, while the district court of Georgia opinion might be persuasive, it has no binding authority on this Court. *See McLean v. Davis*, No. 3:22-CV-33-DPJ, 2023 WL 1868192, at *9 (N.D. Miss. Feb. 9, 2023) (finding a district court opinion "doesn't clearly establish the law in a jurisdiction) (quoting *Jamison v. McClendon*, 476 F. Supp. 3d 386, 404 n.128 (S.D. Miss. 2020).

Plaintiffs cite to *Mississippi State Chapter, Operation Push, Inc. v. Mabus*, 932 F.2d 400, 412 (1991), in support of their claim that the CPS data's accuracy is unreliable. *See* [Dkt. # 194], p. 10. But in *Operation Push*, the Court was referring to CPS data from 1984.[2] 932 F.2d at 412. Notably, Defendants did not include CPS data from 1984 in their Motion. Defendants' Motion contains CPS data from 1986-2022. *See* [Dkt. # 188].

The very same CPS data Defendants request the Court take judicial notice of was a crucial piece of evidence utilized by the Supreme Court in *Shelby County, Ala. v. Holder*, 570 U.S. 529, 535 (2013). The Supreme Court utilized the "Reported Voting and Registration, by Sex, Race, and Hispanic Origin, for States" tables to determine that "African-American voter turnout has come to exceed white voter turnout in five of the six States originally covered by § 5." *Shelby County*, 570 U.S. at 535. The Supreme Court utilized a summary chart—similar to that attached to Defendants' Motion as Exhibit T—comparing 1965 and 2004 voter registration numbers from Table 4b of the "Reported Voting and Registration, by Sex, Race, and Hispanic Origin, for States." *Id.* at 548. Important here, Mississippi had the largest gap between black and white voters with 3.8% more black voters being registered to vote than white voters. *See id.*

---

[2] CPS data from 1984 was reported by "Divisions" or "Regions," not by individual states. *See Voting and Registration in the Election of November of 1984*, U.S. Census Bureau, https://www.census.gov/library/publications/1986/demo/p20-405.html (last visited Feb. 18, 2024).

"The essence of a § 2 claim is that a certain electoral law, practice, or structure interacts with social and historical conditions to cause an inequality in the opportunities enjoyed by black and white voters to elect their preferred representatives." *Thornburg v. Gingles*, 478 U.S. 30, 47 (1986). So, the Court must determine whether voting "is 'equally open' and affords equal 'opportunity.'" *Brnovich v. Democratic Nat'l Comm.*, 141 S.Ct. 2321, 2338 (2021), *accord Allen v. Milligan*, 143 S.Ct. 1487 (2023) ("Section 2 requires that the political processes be 'equally open.'"). To do so, "the plaintiffs bear the burden of proof in a [Voting Rights Act] case." *Fairley v. Hattiesburg, Miss.*, 584 F.3d 660, 669 (5th Cir. 2009) (citing *LULAC v. Roscoe Indep. Sch. Dist.*, 123 F.3d 843, 846 (5th Cir. 1997)).

Plaintiffs claim that by judicially noticing the CPS data it will "be admitted without rebuttal or cross-examination." [Dkt. # 194], p. 7. But that is not the case. *See W. Pac. Elec. Corp. v. Dragados/Flatiron*, 534 F. Supp. 3d 1209, 1224 (E.D. Cal. 2021) (the Court should take judicial notice "of the existence of the requested documents, but *not* as to the parties' interpretations of those documents or to truth of the matters stated therein to the extent they are reasonably disputed.") (citing *Tinoco v. San Diego Gas & Elec. Co.*, 327 F.R.D. 651, 657 (S.D. Cal. 2018)). The Plaintiffs are free to present arguments against the weight the Court should give the Census data at trial. *See Julius v. Luxury Inn & Suites, LLC*, 535 F. Supp. 3d 600, 606 (S.D. Miss. 2021) ("It is the duty of the fact-finder to make inferences from evidence.").

4

Plaintiffs also cite to their own experts to conclude that CPS data is unreliable.[3] [Dkt. # 194], p. 6. But the entire purpose of the Motion for Judicial Notice is to put the CPS data in front of the Court, not shut off any argument against the data. Arguments made against the weight of evidence can be made to the factfinder at trial. *See Julius*, 535 F. Supp. 3d at 606. The Court cannot "take judicial notice of anything that could be inferred from the [ ] data itself. It is the duty of the fact-finder to make inferences from evidence." *Julius*, 535 F. Supp. 3d at 607. Accordingly, the Court should take judicial notice of the CPS data records and like in *Julius* "nothing further." *Id.*

Plaintiffs disagree, and in essence, claim the CPS data is unreliable because blacks overreport their voting and registration status more than whites. *See* [Dkt. # 194], pp. 5-6, 10. However, this argument is about the *weight* of the evidence, not about whether the Court should take judicial notice of the CPS data. The facts Defendants request the Court to take judicial notice, mainly the CPS data, are "adjudicative," in that, they are "simply the facts of the particular case." Advisory Committee Notes to Rule 201(b). These are the same facts utilized in *Shelby County*, only with updated numbers from 2004 to present. *See Shelby County*, 570 U.S. at 548. While Plaintiffs complain that the CPS data includes errors because it is a self-reported survey, this is

---

[3] Plaintiffs attached the "January 29, 2024 Second Rebuttal Report of Dr. Jordan Ragusa" as the second exhibit to their brief. [Dkt. # 194], p. 6; [Dkt. # 194], Ex. 2. But Dr. Ragusa's Second Rebuttal Report is inappropriate because it contains cumulative evidence that Dr. Byron D'Andra Orey already testified to regarding the same opinion and facts. *See* FED. R. EVID. 403. Federal Rule of Evidence 403 states that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence." FED. R. EVID. 403. Further, Plaintiffs cite an article by Stephen Ansolabehere et. al, *The Current Population Survey Voting and Registration Supplement Overstates Minority Turnout*, The Journal of Politics 1850(2022), at 1852. Plaintiffs advise that they intend to offer this article into evidence at trial. Defendants object to the admissibility of this article on relevance and hearsay grounds. No foundation has been laid for admitting this article. Further—and significant here—the article does not rely on data from Mississippi. *Id.* "We rely on data from six southern states where self-reported race/ethnicity is provided during the voter registration process: Alabama, Florida, Georgia, Louisiana, North Carolina, and South Carolina." *Id.* "Mississippi and Tennessee also ask registrants to volunteer their race/ethnicity, but in the above-mentioned states well over 90% of registrants provide this information." *Id.* at n.1. Accordingly, the article has no effect on the reliability of CPS data in Mississippi.

also true of the American Community Survey and other Census documents which is relied on by the Plaintiffs' own experts. *See* https://www.census.gov/programs-surveys/acs/technical-documentation/user-notes/2022-04.html. But Plaintiffs' arguments as to the weight of the CPS data are irrelevant to whether the Court should judicially notice the CPS data.

"Census data is indeed reliable—even if not perfectly matched—and is often judicially noticed by courts." *American Civil Rights Union v. Martinez-Rivera*, 166 F. Supp. 3d 779, 801 (W.D. Tex. 2015) (using Census data strictly to support standing) (citing Fed. R. Evid. 201; *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571-72 (5th Cir. 2011), *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Accordingly, the Court should grant Defendants' Motion and take judicial notice of the CPS data in it. [Dkt. # 188].

This the 19th day of February, 2024.

                Respectfully submitted,

                STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF MISSISSIPPI; LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI; MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE, DEFENDANTS

    By: */s/ Tommie S. Cardin*
        Tommie S. Cardin (MB #5863)

        ONE OF THEIR COUNSEL

OF COUNSEL:

Tommie S. Cardin (MB #5863)
P. Ryan Beckett (MB #99524)
B. Parker Berry (MB #104251)
J. Dillon Pitts (MB #106399)
**BUTLER SNOW LLP**
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
P.O. Box 6010, Ridgeland, MS 39158-6010
Phone: 601.948.5711
Fax:     601.985.4500
tommie.cardin@butlersnow.com
ryan.beckett@butlersnow.com
parker.berry@butlersnow.com
dillon.pitts@butlersnow.com


Rex M. Shannon III (MB #102974)
**STATE OF MISSISSIPPI**
**OFFICE OF THE ATTORNEY GENERAL**
**CIVIL LITIGATION DIVISION**
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov

                    MISSISSIPPI REPUBLICAN EXECUTIVE
                    COMMITTEE, INTERVENOR-DEFENDANT
                    By: */s/ Michael B. Wallace*
                    MICHAEL B. WALLACE (MB #6904)

OF COUNSEL:

Michael B. Wallace (MB #6904)
Charles E. Cowan (MB #104478)
**WISE CARTER CHILD & CARAWAY, P.A.**
401 East Capitol Street, Suite 600
P.O. Box 651, Jackson, MS 39201
Ph: (601) 968-5500
Fax: (601) 968-5519
mbw@wisecarter.com
cec@wisecarter.com

## **CERTIFICATE OF SERVICE**

      I, Tommie S. Cardin, one of the attorneys for the Defendants, do hereby certify that I have this day filed the above and foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

      This the 19th day of February, 2024.

                                                   */s/ Tommie S. Cardin*
                                                   Tommie S. Cardin

86012823.v1