# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

|  |  |
|---|---|
| MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; DR. ANDREA WESLEY; DR. JOSEPH WESLEY; ROBERT EVANS; GARY FREDERICKS; PAMELA HAMNER; BARBARA FINN; OTHO BARNES; SHIRLINDA ROBERTSON; SANDRA SMITH; DEBORAH HULITT; RODESTA TUMBLIN; DR. KIA JONES; MARCELEAN ARRINGTON; VICTORIA ROBERTSON, <br><br> *Plaintiffs,* <br><br> v. <br><br> STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi*, <br><br> *Defendants,* <br><br> AND <br><br> MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE <br><br> *Intervenor-Defendant.* | No. 3:22-cv-734-DPJ-HSO-LHS |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TRANSCRIPT REDACTIONS

Plaintiffs Mississippi State Conference of the National Association for the Advancement

of Colored People, Dr. Andrea Wesley, Dr. Joseph Wesley, Robert Evans, Gary Fredericks,

Pamela Hamner, Barbara Finn, Otho Barnes, Shirlinda Robertson, Sandra Smith, Deborah Hulitt,

Rodesta Tumblin, Dr. Kia Jones, Marcelean Arrington, and Victoria Robertson move for this Court

to permit redaction of certain information from the trial transcripts filed in the above-captioned

case, specifically the home addresses of the testifying Plaintiffs and witnesses at the following

citations:

| Document # of Transcript | Page | Line(s) | Proposed Redaction Requested |
|---|---|---|---|
| 022724_NAACP _V2 | 232 | 21 | I live in Okolona, **[REDACTED]**. |
| 022824_NAACP _V3 | 664 | 19 | **[REDACTED]**, Hattiesburg, Mississippi. |
| 022824_NAACP _V3 | 685 | 14 | **[REDACTED]** |
| 022824_NAACP _V3 | 711-712 | 711:25 – 712:4 | Okay, so I live right at **[REDACTED]**, which is that street right there, and I live probably off of **[REDACTED]**, which it's named **[REDACTED]** for all the churches, probably about right there. Give or take some, but I can't -- but that's probably where I live, at **[REDACTED]**. |
| 030124_NAACP _V5 | 918 | 15-16 | **[REDACTED]**, Ridgeland, Mississippi **[REDACTED]**. |

| 030124_NAACP _V5 | 919 | 15-16 | **[REDACTED]**, Ridgeland, Mississippi **[REDACTED]**. |
|---|---|---|---|
| 030124_NAACP _V5 | 918-919 | 918:25 – 919:1 | My current address is **[REDACTED]**, Jackson, Mississippi **[REDACTED]**. |
| 030124_NAACP _V5 | 923 | 17-20 | Well, as you can see, the blue area in this map is where Northpointe Village is actually listed off of Old Canton Road, as well as the area in the purple is where I currently live at **[REDACTED]**. |
| 030124_NAACP _V5 | 927 | 14-15 | Where it's **[REDACTED]**, is actually on the street to turn off of **[REDACTED]** |

District courts have broad discretion in determining whether to seal judicial records. *See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).  The public has a common law right to inspect and copy judicial records, however, the public's common law right of access is "not absolute" and "[e]very court has supervisory power over its own records and files."  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *see also Insurance Distributors Int'l (Bermuda) Ltd. v. Edgewater Consulting Grp. Ltd.*, No. A-08-CA-767 AWA, 2010 WL 3064003, at *1 (W.D. Tex. Aug. 2, 2010).  A party can overcome the "presumption of public access to court records" if the party seeking to seal records establishes "good cause" for placing the documents under seal.  *See Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, 2019 WL 13159728, at *1 (W.D. Tex. Dec. 4, 2019).  Courts analyzing the common law presumption should "consider the degree to which the subject matter is traditionally considered private rather than public."  *Insurance*

*Distributors Int'l.*, 2010 WL 3064003, at *2 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).

 Plaintiffs' motion to redact the transcript should be granted because it concerns home addresses, which are traditionally private information and have no relevance to the ultimate issues. *See, e.g. Martinez v. Texas Dep't of Crim. Just.*, No. 3:21-CV-00258, 2022 WL 2834294, at *1 (S.D. Tex. July 20, 2022) ("there is rarely a compelling justification for requiring the disclosure of home addresses, especially in a case like this where the Nurse Practitioners' home addresses have nothing to do with the ultimate issues."). Generally, "it should surprise nobody that district courts across the nation routinely permit the sealing of personal identifying information, such as home addresses." *Id*; *see also Krakauer v. Dish Network, L.L.C.*, 2015 WL 12750446, at *2 (M.D.N.C. Nov. 18, 2015) (granting motion to seal home addresses, as well as other contact information); *Schaechtel v. Md. Div. of Corr.*, No. PWG-14–2099, 2015 WL 5331254, at *1 n.1 (D. Md. Sept. 9, 2015) ("Given obvious confidentiality considerations, personal information regarding all home addresses shall immediately be placed under seal."). The parties have stipulated that the individual plaintiffs and NAACP members reside in each of the relevant districts. Joint Pretrial Order, ECF No. 199, at 2-18. It is therefore not necessary to disclose in the public record traditionally private information (the home addresses of those testifying) in order to establish their place of residence in the public record for purposes of standing. Moreover, that the testifying witnesses live in the areas at issue in the case remains public in the trial transcript without disclosing their exact home addresses.

Dated: March 25, 2024

/s/ *Joshua Tom*
Joshua Tom, MSB 105392
*jtom@aclu-ms.org*
ACLU OF MISSISSIPPI
101 South Congress Street
Jackson, MS 39201
(601) 354-3408

Robert B. McDuff, MSB 2532
*rbm@mcdufflaw.com*
MISSISSIPPI CENTER FOR JUSTICE
767 North Congress Street
Jackson, MS 39202
(601) 969-0802

Carroll Rhodes, MSB 5314
Law Offices of Carroll Rhodes
*crhodes6@bellsouth.net*
PO Box 588
Hazlehurst, MS 39083
(601) 894-1464

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Telephone:      +1.215.963.5000
Facsimile:      +1.215.963.5001
*john.lavelle@morganlewis.com*

Drew C. Jordan
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Ave., NW
Washington, DC 20004-2541
Telephone:      +1.202.739.3000
Facsimile:      +1.202.739.3001
*drew.jordan@morganlewis.com*

Ari J. Savitzky
*asavitzky@aclu.org*
Ming Cheung
*mcheung@aclu.org*
Casey Smith
*csmith@aclu.org*
Garrett Muscatel
*gmuscatel@aclu.org*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500

Patricia Yan
*pyan@aclu.org*
ACLU FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 457-0800

Ezra D. Rosenberg
*erosenberg@lawyerscommittee.org*
Jennifer Nwachukwu
*jnwachukwu@lawyerscommittee.org*
David Rollins-Boyd
*drollins-boyd@lawyerscommittee.org*
Javon Davis
*jdavis@lawyerscommittee.org*
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street NW Suite 900
Washington, DC 20005
(202) 662-8600

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Joshua Tom, do certify that on this day I caused to be served a true and correct copy of

the foregoing by electronic mail to all counsel of record.

This the 25th day of March, 2024.

s/Joshua Tom<br>
Joshua Tom