**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE; DR.
ANDREA WESLEY; DR. JOSEPH WESLEY;
ROBERT EVANS; GARY FREDERICKS; PAMELA
HAMNER; BARBARA FINN; OTHO BARNES;
SHIRLINDA ROBERTSON; SANDRA SMITH;
DEBORAH HULITT; RODESTA TUMBLIN; DR.
KIA JONES; MARCELEAN ARRINGTON;
VICTORIA ROBERTSON,

 *Plaintiffs*,

   vs.

STATE BOARD OF ELECTION COMMISSIONERS;
TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi*,

 *Defendants,*
AND

MISSISSIPPI REPUBLICAN EXECUTIVE
COMMITTEE,

 *Intervenor-Defendant.*

**CIVIL ACTION NO.
3:22-cv-734-DPJ-HSO-LHS**

**DEFENDANTS' RESPONSE TO THE COURT'S REQUEST FOR
A PROPOSED REMEDIAL SCHEDULE**

On July 8, 2024, the Court held a video conference on the timing of elections to address

the Court's July 2, 2024 opinion ruling that several legislative districts will need to be redrawn

and new elections held for them. After hearing the parties' positions, the Court asked the parties to propose a schedule for special elections.

Defendants respectfully maintain that the only sound way for the Mississippi Legislature to be afforded its well-established first opportunity to redraw districts is to give it a reasonable amount of time following the commencement of the 2025 Regular Legislative Session (on January 7, 2025) and that any elections for affected districts should follow promptly after that. Given fundamental limitations on a court's equitable authority (particularly this close to an election) and other relevant considerations (practical, political, logistical, and legal) no more expeditious remedy is available.

That said, Defendants appreciate the Court's careful, thorough consideration of this case and its desire to promptly remedy what it ruled to be violations of the Voting Rights Act. Defendants therefore present below the schedule, based on its understanding that the Court contemplates a schedule working backwards from a November 5, 2024 election date.  This proposed schedule sets out, based on Defendants' experience and the information available to Defendants, what would need to happen and by when for new maps to be adopted legislatively in time for Election Day this year on November 5, 2024. In preparing this schedule, Defendants have accounted for the following critical dates: August 14, the date by which local election officials must receive detailed maps showing district changes, information on which precincts are in each district, and detailed address ranges for each district to properly implement new district lines; September 6, the date of the candidate qualifying deadline; September 11, the date by which the Secretary of State must publish official sample ballots to election commissioners of each county, of which the form must be followed as nearly as practicable, and upon publishing such data no changes to districts in the Statewide Election Management System (SEMS) can

occur; and September 21, the date by which circuit clerks must send Uniformed and Overseas Citizens Absentee Voting Act (UOCAVA) ballots to those who have requested before this date. With those dates in mind, here is the timeline that would need to be met:

Before August 2, 2024: The Governor would have to exercise his discretionary authority under the Mississippi Constitution to call an extraordinary legislative session. *See* Miss. Const. art. V, § 121.

August 2, 2024: If the Governor has called an extraordinary session, the Legislature will need to have adopted remedial maps by this date. Defendants would submit those maps to the Court by that same date, along with any supporting data, documents, or reports.

August 9, 2024: The parties shall submit any objections and any proposed remedial plans no later than August 9, 2024, including any supporting data, documents, or reports.

August 13, 2024: The Court would need to approve the new maps. (This short window accounts for the time needed to meet the next deadline, given the potentially large number of map changes that, at least according to Plaintiffs, will be necessary.)

August 14, 2024: Local election officials must receive information to properly implement new district lines by this date. (This date was prepared given the potential for numerous changes in the maps. A lesser number of potential changes could allow for a later date.)

September 6, 2024: This is the candidate qualifying deadline.

November 5, 2024: This is Election Day.

November 26, 2024: This is the runoff day, if such a day is necessary.

Defendants emphasize that, if the Legislature is unable to produce redrawn maps on the timetable above, along with the necessary information to properly implement those maps, the proper course would be to allow the Legislature to produce new maps in the 2025 legislative

session. Holding elections in 2025 would still allow for a remedy of the violations the Court found, it would add just a few months to the process (and would not mean that current officeholders would serve out full terms in districts found in need of a remedy), it would inflict little if any harm on voters (the Legislature is not slated to be in session until 2025 and so there is very little that can occur legislatively in the interim), and it would achieve that aim on an orderly timetable and in an orderly way.

Defendants also emphasize that meeting the above schedule is likely impossible, due to many factors—practical, political, logistical, and legal. "Running elections state-wide is extraordinarily complicated and difficult." *Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring in grant of applications for stays). Redrawing legislative districts is an especially difficult, delicate, and involved part of the "enormous advance preparations" that an election requires. *Id.* Even "heroic efforts" by the Mississippi Legislature may not be enough to produce any redrawn maps—let alone maps that this Court will find to satisfy the "notoriously unclear and confusing" caselaw in this area. *Id.* at 880, 881. The complicated nature of the task is made all the clearer by Plaintiffs' position that the Legislature will need to redraw as many as *26 districts* even though this Court faulted only 3 districts. It took the State a considerable period of time to draw the current maps. Redrawing maps that Plaintiffs insist will affect nearly one quarter of the state is not realistically achievable by August 2, 2024. Beyond that, the complexity of the changes needed to be made in SEMS to implement the new districts and properly conduct an election will not be known until the Court has approved new maps, which could substantially alter the timetable described above for counties to receive necessary information, even to the point of being impossible to implement. And the dates below do not

even account for the primary elections that the Mississippi Republican Executive Committee has said would be appropriate.

The permissible scope of any injunction would itself also raise difficult legal questions that the parties are sure to disagree on and that will require briefing and then very swift resolution by this Court. All this—and more—is why the Supreme Court has repeatedly recognized "that federal courts ordinarily should not enjoin a state's election laws in the period close to an election" and has often "stayed lower federal court injunctions that contravened that principle." *Id.* at 880 (collecting many examples). That is true even where the Supreme Court ultimately *agrees* that a map violates federal law—which confirms that at times it is appropriate to leave even an *unconstitutional* map in place, as in *Milligan*. We are now "in the period close to an election." *Id.* Even where, as here, a thoughtful Court has "issued a lengthy opinion after considering a substantial record," *id.* at 882, these bedrock principles of election law must shape what follows.

If the Legislature were convened in extraordinary session yet was unable to adopt maps in time for the 2024 election—or if for any reason the Governor, in exercising the discretion given to him by the Mississippi Constitution, does not call the Legislature into special session this year—Defendants maintain that the appropriate course would be to allow for the Legislature to draw new maps in the 2025 regular legislative session, not issue court-drawn maps.

This the 10th day of July, 2024.

*/s/ Tommie S. Cardin*  
Tommie S. Cardin (MB #5863)  
P. Ryan Beckett (MB #99524)  
B. Parker Berry (MB #104251)  
J. Dillon Pitts (MB #106399)  
**BUTLER SNOW LLP**

5

Rex M. Shannon III (MB #102974)
**STATE OF MISSISSIPPI**
**OFFICE OF THE ATTORNEY GENERAL**
**CIVIL LITIGATION DIVISION**

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I, Tommie S. Cardin, one of the attorneys for the Defendants, do hereby certify that I have this day filed the above and foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

      This the 10th day of July, 2024.

                                                  */s/ Tommie S. Cardin*
                                                  Tommie S. Cardin

88567191.v1