# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; DR. ANDREA WESLEY; DR. JOSEPH WESLEY; ROBERT EVANS; GARY FREDERICKS; PAMELA HAMNER; BARBARA FINN; OTHO BARNES; SHIRLINDA ROBERTSON; SANDRA SMITH; DEBORAH HULITT; RODESTA TUMBLIN; DR. KIA JONES; MARCELEAN ARRINGTON; VICTORIA ROBERTSON,

*Plaintiffs*,

vs.

STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi*,

*Defendants,*

AND

MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE,

*Intervenor-Defendant.*

**CIVIL ACTION NO. 3:22-cv-734-DPJ-HSO-LHS**

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR FEES AND BILL OF COSTS**

Pursuant to LR 7(b)(4), Plaintiffs submit this Memorandum in support of their Motion for an extension of time to move for attorneys' fees, expenses, and costs. In support of their Motion, Plaintiffs state as follows:

1.       Plaintiffs request an order that would grant an extension of time to file a bill of costs and motion for attorneys' fees and expenses, with the requested extension of time running until the conclusion of any appeal or until the remedial acts occur before the end of the Mississippi legislature's 2025 regular session, whichever is later.

2.       Rule 54(d) allows a party to file a motion for costs other than attorneys' fees and also, in certain cases, a motion for attorneys' fees. *See* Fed. R. Civ. P. 54(d)(1) and (2). Under the Local Rules for this Court, the bill of costs must be filed "not later than thirty days after entry of judgment." *See* LR 54(c). And the "claim for attorney's fees and related nontaxable expenses" should be "filed no later than 14 days after the entry of judgment." *See* Fed. R. Civ. P. 54(d)(2)(A)-(B)(i). However, Rule 54(d) allows the deadline to be modified by "a court order." *Id.*; *see also* Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]").

3.       This Court has discretion to grant Plaintiffs' requested extension. *See McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) ("The permissive language of Rule 6(b) shows that any grant of an extension of time for when an act must be done falls to the district court's discretion."); *Jones v. Central Bank*, 161 F.3d 311, 312 (5th Cir. 1998) (finding that a district court did not abuse its discretion to grant an extension of time where the requested extension was sought after 15 days because a local rule modified the deadline, and also noting in dicta that even if the motion had been untimely, the district court still had "broad discretion" to extend filing deadlines); *see also* Fed. R. Civ. P. 54(d) Notes of Advisory Committee (explaining that the court may set a deadline other than 14 days).

4. Courts in this Circuit, in similar voting rights cases, have granted motions for extensions of time for parties to file their bill of costs and request for fees and expenses. *See, e.g.*, *Veasey v. Abbott*, No. 2:13-cv-193, 2020 WL 9888360, at *20 (S.D. Tex. May 27, 2020) (deciding motion for fees and costs and providing back that "this Court has granted every request for extension of time the parties have sought"); *see also id.* at ECF Nos. 1133, 1171, 1182, 1188, 1192, 1197, 1201, 1203, 1243, 1260, and 1271 (reflecting numerous motions for extensions of time to file the motion for fees and costs). In another case, the court also granted a requested extension to this deadline, "recognizing that . . . the judgments in various phases of this unorthodox case was not ordinary." *Balderas v. State*, No. 6:01-cv-158, 2002 WL 32113830, at *1 (E.D. Tex. Feb. 20, 2002).

5. Here, it is highly likely that there will be additional legal work performed by plaintiffs' counsel in the future on this matter. The possibility of an attempted appeal remains. And whether or not a notice of appeal is docketed, the remedial conduct will not be completed until 2025. As such, delaying any costs and motions for fees and expenses would—consistent with Rule 1—promote judicial economy by allowing all fee and cost issues to be resolved at one single time, at the conclusion of any appellate process and after the remedial actions are taken. The Court, therefore, should, in its discretion, grant the requested relief sought by this motion.

WHEREFORE, Plaintiffs respectfully request the Court grant this Motion and enter an order extending the deadline for the submission of requests for fees and costs, with the deadline to be set for 30 days after the remedial process is complete or any appeal has been resolved, whichever of these occurrences is latest.

This the 2nd day of August, 2024.

*s/ Joshua Tom*
Joshua Tom, MSB 105392
*jtom@aclu-ms.org*
ACLU OF MISSISSIPPI
101 South Congress Street
Jackson, MS 39201
(601) 354-3408

Robert B. McDuff, MSB 2532
*rbm@mcdufflaw.com*
MISSISSIPPI CENTER FOR JUSTICE
767 North Congress Street
Jackson, MS 39202
(601) 969-0802

Carroll Rhodes, MSB 5314
Law Offices of Carroll Rhodes
*crhodes6@bellsouth.net*
PO Box 588
Hazlehurst, MS 39083
(601) 894-1464

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-2921
Telephone:	+1.215.963.4824
Facsimile:	+1.215.963.5001
*john.lavelle@morganlewis.com*

Drew C. Jordan
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone:	+1.202.739.5962
Facsimile:	+1.202.739.3001
*drew.jordan@morganlewis.com*

*Attorneys for Plaintiffs*

Ari J. Savitzky
*asavitzky@aclu.org*
Ming Cheung
*mcheung@aclu.org*
Casey Smith
*csmith@aclu.org*
Garrett Muscatel
*gmuscatel@aclu.org*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500

Ezra D. Rosenberg
*erosenberg@lawyerscommittee.org*
Jennifer Nwachukwu
*jnwachukwu@lawyerscommittee.org*
David Rollins-Boyd
*drollins-boyd@lawyerscommittee.org*
Javon Davis
*jdavis@lawyerscommittee.org*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW Suite 900
Washington, DC 20005
(202) 662-8600

## **CERTIFICATE OF SERVICE**

I, Joshua Tom, do certify that on this day I caused to be served a true and correct copy of the foregoing by electronic mail to all counsel of record.

This the 2nd day of August, 2024.

s/ *Joshua Tom*
Joshua Tom