IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE; DR.
ANDREA WESLEY; DR. JOSEPH WESLEY;
ROBERT EVANS; GARY FREDERICKS; PAMELA
HAMNER; BARBARA FINN; OTHO BARNES;
SHIRLINDA ROBERTSON; SANDRA SMITH;
DEBORAH HULITT; RODESTA TUMBLIN; DR.
KIA JONES; MARCELEAN ARRINGTON;
VICTORIA ROBERTSON,

    *Plaintiffs*,

vs.

STATE BOARD OF ELECTION COMMISSIONERS;
TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi*,

    *Defendants,*
AND

MISSISSIPPI REPUBLICAN EXECUTIVE
COMMITTEE,

*Intervenor-Defendant.*

**CIVIL ACTION NO.
3:22-cv-734-DPJ-HSO-LHS**

### NOTICE AND OBJECTION TO PLAINTIFFS' REQUEST FOR A BRIEFING SCHEDULE

Defendants State Board of Election Commissioners, Governor Tate Reeves, Attorney General Lynn Fitch, and Secretary of State Michael Watson (collectively, "Defendants") respectfully object to Plaintiffs' Request for a Briefing Schedule. [Dkt. # 236].

In its Order issued on July 18, 2024, the Court allowed the Mississippi Legislature until the conclusion of the 2025 Regular Session to remedy the Section 2 violations that the Court found in its previous Order issued on July 2, 2024. The Court ordered:

> Should the Mississippi Legislature adopt a new redistricting plan, we ORDER counsel to provide formal notice to the court of that action *within seven days of its adoption*. Any party who objects to the new redistricting plan should be prepared *at that same time* to present an alternative redistricting plan.

[Dkt. # 229], p. 5 (emphasis added). Defendants understand this directive to mean that any party objecting to a legislative plan must file any objections within the seven (7) day period for formal notice to the Court. In that regard, the Mississippi Legislature finally adopted Joint Resolution 1 (the "House Plan") and Joint Resolution 202 (the "Senate Plan", collectively, the "Plans") on March 5, 2025.[1] Accordingly, Defendants intend to provide notice of the Plans and supporting documents to the Court no later than March 12, 2025, seven days from which the plans were adopted.

Defendants oppose Plaintiffs' request for a briefing schedule. The Plans adopted by the Legislature have been publicly available for ample time to afford Plaintiffs an opportunity to prepare any objections. Plaintiffs may file any objections within the allotted seven (7) day period and the Court can then assess whether any further activity is necessary to render a decision. Defendants believe it is unnecessary to extend the time period at this time to allow for additional briefing, particularly given the necessity for timely consideration of the submitted plans to afford elections to proceed in an orderly fashion as set forth in the proposed election schedule. The

---

[1] March 5, 2025, is the date of final adoption of the Plans. Plaintiffs claim March 7, 2025, is the date in which the Plans were adopted. However, March 7, 2025, was the date of enrollment, which is a ministerial act given that no further action was necessary to effectuate the Joint Resolutions since no motions to reconsider were filed nor was any further action necessary by the Governor.

proposed schedule includes an April 25, 2025, deadline to provide election data to county officials, with a qualifying period of May 19-30. Additional briefing threatens expeditious judicial approval so that this deadline and the ensuing deadlines can be achieved.

Therefore, Defendants object to Plaintiffs' Motion requesting a briefing schedule and respectfully request that the Court issue a prompt ruling on the legality of the Plans.

This the 11th day of March, 2025.

                              Respectfully submitted,

                              STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF MISSISSIPPI; LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI; MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE, DEFENDANTS

                              By: */s/ J. Dillon Pitts*
                                  J. Dillon Pitts (MB #106399)
                                  ONE OF THEIR COUNSEL

OF COUNSEL:

Tommie S. Cardin (MB #5863)
P. Ryan Beckett (MB #99524)
B. Parker Berry (MB #104251)
J. Dillon Pitts (MB #106399)
**BUTLER SNOW LLP**
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
P.O. Box 6010, Ridgeland, MS 39158-6010
Phone: 601.948.5711
Fax:   601.985.4500
tommie.cardin@butlersnow.com
ryan.beckett@butlersnow.com
parker.berry@butlersnow.com
dillon.pitts@butlersnow.com

Rex M. Shannon III (MB #102974)
**STATE OF MISSISSIPPI OFFICE OF THE ATTORNEY GENERAL**
**CIVIL LITIGATION DIVISION**
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov

**CERTIFICATE OF SERVICE**

      I, J. Dillon Pitts, one of the attorneys for the Defendants, do hereby certify that I have this day filed the above and foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

      This the 11th day of March, 2025.

                                                              */s/ J. Dillon Pitts*
                                                              J. Dillon Pitts