IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MISSISSIPPI STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE; DR.
ANDREA WESLEY; DR. JOSEPH WESLEY;
ROBERT EVANS; GARY FREDERICKS; PAMELA
HAMNER; BARBARA FINN; OTHO BARNES;
SHIRLINDA ROBERTSON; SANDRA SMITH;
DEBORAH HULITT; RODESTA TUMBLIN; DR.
KIA JONES; MARCELEAN ARRINGTON;
VICTORIA ROBERTSON,

    *Plaintiffs*,

vs.

STATE BOARD OF ELECTION COMMISSIONERS;
TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi*,

    *Defendants,*

AND

MISSISSIPPI REPUBLICAN EXECUTIVE
COMMITTEE,

*Intervenor-Defendant.*

CIVIL ACTION NO.
3:22-cv-734-DPJ-HSO-LHS

**AMICUS CURIAE BRIEF IN SUPPORT OF
PLAINTIFFS' OBJECTIONS TO REMEDIAL REDISTRICTING PLANS**

    DeSoto County, Mississippi ("DeSoto"), files this amicus curiae brief supporting objections to the remedial redistricting plans recently adopted by the Mississippi Legislature. This Court has "inherent authority to appoint or deny amici which is derived from Rule 29 of the Federal Rules of Appellate Procedure." *Rowland v. GGNSC Ripley, LLC*, No. 3:13-cv-11, 2016 WL

4136486, at *4 (N.D. Miss. Aug. 3, 2016) (quoting *Jin v. Ministry of State Sec'y*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008); *see also Republican Nat'l Comm. v. Wetzel*, No. 1:24-cv-25, No. 1:24-cv-37, 2024 WL 988383, at *5 (S.D. Miss. Mar. 7, 2024). District courts should "look to Federal Rule of Appellate Procedure 29 for guidance concerning the standards for filing an amicus brief." *Wetzel*, 2024 WL 988383, at *5. DeSoto respectfully requests the Court grant it leave to submit this "brief as an amicus curiae in order to assist the court in reaching a proper decision" on adopting the remedial redistricting plans. *Rowland*, 2016 WL 4136486, at *4.

## AMICUS CURIAE INTEREST & REASONS FOR THIS BRIEF

DeSoto County is a political subdivision of the State of Mississippi, established to more closely represent, govern, and be accountable to its constituents. This case involves whether Mississippi's redistricting maps adopted by the Legislature, particularly Senate Districts 1 and 11, are in accordance with traditional constitutional redistricting principles. DeSoto has a significant interest in maintaining constitutional representation for its citizens in the Mississippi Legislature. To achieve this representation, DeSoto has an interest in ensuring that neither Plaintiffs nor Defendants in this case subordinate traditional districting principles to other considerations. *See Alexander v. S.C. State Conf. of NAACP*, 602 U.S. 1, 17 (2024) (quoting *Miller v. Johnson*, 515 U.S. 900, 916 (1995)). When necessary, as is the case here, DeSoto will advocate and defend the constitutional rights of its constituents.

This brief is necessary because the proposed remedial redistricting map ("remedial maps") adopted by the Mississippi Legislature on March 7, 2025, violates traditional redistricting principles and places DeSoto residents' representative rights at risk. To be sure, DeSoto County has no doubt that the Legislature created these remedial maps in good faith and without any unlawful motive but in an effort to comply with this Court's orders. As will be discussed more

Exhibit "1"

fully, however, in DeSoto County in particular, the District 1 and District 11 Senate maps dismantle communities of interest, disregard natural geographical boundaries, and distort commonsense cartography. It is apparent from the face of Senate Districts 1 and 11 that the Legislature subordinated these traditional metrics of redistricting, and this amicus curiae brief is necessary to defend traditional districting principles and the rights of DeSoto County's citizens.

### NO PARTY'S COUNSEL AUTHORED OR PAID FOR THIS BRIEF

No party or party's counsel authored this brief or contributed money its preparation. The brief was instead paid for by Amicus Curiae and authored by its counsel.

### ARGUMENT

DeSoto calls on this Court to reject the remedial maps for violating traditional principles of redistricting, particularly Senate Districts 1 and 11 comprising a significant portion of DeSoto County. The Senate map, as it is written, is predominately motivated factors other than traditional redistricting principles.

Traditional redistricting districting principles include maintaining communities of interest and traditional boundaries. *League of United Latin Am. Citizens v. Perry*, 548 U.S. 399, 433 (2006) (*Perry*). Communities of interests are generally defined by the given state's districting guidelines. *Robinson v. Ardoin*, 86 F.4th 574, 590 (5th Cir. 2024). And as this Court has recognized, "the districting guidelines applicable here require communities that share a common interest, are likely to have similar legislative concerns, and might benefit from cohesive representation in the state legislature." *Miss. State Conf. of NAACP v. State Bd. of Election Comm'rs*, 739 F. Supp. 3d 383, 466 (S.D. Miss. 2024). Equal populations, continuity, and respect for existing political subdivisions like counties, cities, and towns would satisfy traditional districting criteria. *Allen v. Milligan*, 599 U.S. 1, 20 (2023). Most recently, the Supreme Court held that a traditional criterion

includes "geographical constraints and the legislature's partisan interests." *Alexander*, 602 U.S. at 24. As it relates to Senate Districts 1 and 11, the remedial Senate map adopted by the Mississippi Legislature in this case eschews these traditional redistricting principles resulting in the creation of an irregularly-shaped district.

The unusual shapes of districts, when viewed on the map, serve as a relevant consideration in this Court's inquiry as to whether traditional redistricting principles were followed. Districts that have been found "so irrational on [their] face" by the Supreme Court have been described as "snakelike," *Shaw v. Reno*, 509 U.S. 630, 635 (1993), a geographic monstrosity, *Miller*, 515 U.S. at 909, or overall, irregularly shaped, *Bush v. Vera*, 517 U.S. 952, 977 (1996). These irregular shapes—rejecting traditional geographic and pre-existing political community boundaries—serve as persuasive circumstantial evidence that a legislature did not adhere to traditional redistricting principles. The Senate map for Districts 1 and 11 in this case join this unusual group of districts:



Regarding remedial District 1, several traditional districting principles where either overlooked or simply ignored. Looking first to its shape, District 1 consists of five separate tentacles, three in its northeastern most area and two along its western border. On its face,

Exhibit "1"

moreover, District 1 is sprawling and no model of compactness; it spans more than 50 miles from its northeastern-most area to its southwestern-most area. As its location and more than 50-mile span suggests, District 1 includes rural areas coupled with more populated municipalities, but these various areas do not appear to have been drawn together with any consideration given to geography, communities of interest, or partisanship. Namely, a majority of the City of Hernando (a municipal area that traditionally leans heavily Republican) is collected into a district with several smaller towns throughout the heart of the Mississippi Delta that are more than 40 miles away, including Clarksdale, Marks, and Jonestown (each of which sit in a predominately agricultural area that traditionally leans heavily Democrat). In sum, District 1 does not appear to have been drawn consistent with traditional redistricting principles. *See generally Sensley v. Albritton*, 385 F.3d 591, 597 (5th Cir. 2004) (observing that two areas, which were roughly 15 miles apart from one another, and were linked by a narrow corridor resulted in an irregularly drawn district whose extended and distorted shape constituted strong evidence that the district was not reasonably compact, and further observing that two towns that were separated by considerable distance of approximately 18 miles and shared few community interests ignored traditional districting principles such as maintaining communities of interest and traditional boundaries).

Regarding remedial District 11, the shape is equally irregular as District 1, but in its own respect. There is no lawful explanation for the crosier-like hook into various areas in northern DeSoto County, and the decision to do so cannot possibly be the product of traditional districting principles. District lines drawn to form District 11 split numerous neighborhoods within DeSoto County and do not appear to have given geography or communities of interest much consideration, if any. The irregular shape of District 11 also lacks any semblance of compactness. At bottom, the

Exhibit "1"

remedial plan's District 11 appears to create a majority-minority district but without any regard to traditional districting principles. *See Miller*, 515 U.S. at 916.

   This Court clearly left to the Mississippi Legislature the decision as to how best to remedy the Section 2 violations found in this case, *see Miss. State Conf. of NAACP v. State Bd. of Election Comm'rs*, 739 F. Supp. 3d 383, 466 (S.D. Miss. 2024). At the same time, however, it would be unreasonable to dispute that the Legislature had reason to be motivated by a desire to create majority-minority districts in the aftermath of this Court's holding. *See id*. (observing "Plaintiffs' proposed remedy is to require districts be drawn 'in which Black voters have an opportunity to elect candidates of their choice in the areas in and around' the relevant illustrative districts" and agreeing that doing so "would satisfy the State's obligations" in the Court's view). The problem is that the State has failed to remedy the violation found by the Court. Indeed, in *Singleton v. Allen*, the Northern District of Alabama found that the state's congressional redistricting plan failed to completely remedy the violation of the Voting Rights Act through its failure to include an additional minority opportunity district, as required by the court. 690 F. Supp. 3d 1226, 1296 (N.D. Ala. 2023). On that point, the district court emphasized that the "requirement of a *complete* remedy means that we cannot accept a remedial plan that (1) perpetuates the vote dilution we found…or (2) only partially remedies it." *Id*. at 1294 (emphasis added). Thus, DeSoto County objects to those maps as a result. *See Miller*, 515 U.S. at 917 (reasoning that when the shape of a particular district and its population characteristics and densities were all considered alongside similar "additional evidence" related to the potential motivation of lawmakers conducting the redistricting, the redistricting plan was properly rejected).

Exhibit "1"

## CONCLUSION

For these reasons, DeSoto County request leave of this Court to file the incorporated Amicus Curiae Brief in support of Plaintiffs' objections to the Remedial Redistricting Plan.

Dated: March 14, 2025.

                                                                                Respectfully submitted,

                                                                                **PHELPS DUNBAR LLP**

                                                                                BY:   */s/ Nicholas F. Morisani*
                                                                                Nicholas F. Morisani, (MSB 104970)
                                                                                Sonya Dickson (MSB 106284)
                                                                                1905 Community Bank Way, Suite 200
                                                                                Flowood, Mississippi 39232
                                                                                Telephone: 601-352-2300
                                                                                Telecopier: 601-360-9777
                                                                                Email: Nick.Morisani@phelps.com
                                                                                                   Sonya.Dickson@phelps.com

                                                                               *Attorneys for DeSoto County, Mississippi*

Exhibit "1"

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS <u>AND TYPE STYLE REQUIREMENTS</u>

1. This brief complies with the type-volume limitation of Fed R. App. P. 29(b)(4) and Local Rule 7(b)(5) because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), it is seven (7) pages (1,526 words).

2. This brief complies with the typeface requirements of Local Rule 7(b)(5) because it has been prepared in proportionally-spaced typeface, including serifs, using Word, in Times New Roman 12-point font, except for the footnotes, which are in proportionally-spaced typeface, including serifs, using Word in Times New Roman 11-point font.

Dated: March 14, 2025.

Respectfully submitted,

 /s/ *Nicholas F. Morisani*
Nicholas F. Morsani

Exhibit "1"

## CERTIFICATE OF SERVICE

I certify that on March 14, 2025, I electronically filed this document with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF counsel of record in this action:

Tommie S. Cardin
P. Ryan Beckett
B. Parker Berry
J. Dillon Pitts
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
P.O. Box 6010, Ridgeland, MS 39158-6010
Phone: 601.948.5711
Fax: 601.985.4500
tommie.cardin@butlersnow.com
ryan.beckett@butlersnow.com
parker.berry@butlersnow.com
dillon.pitts@butlersnow.com

Rex M. Shannon III
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov

Joshua Tom, MSB 105392
jtom@aclu-ms.org
ACLU OF MISSISSIPPI
101 South Congress Street
Jackson, MS 39201
(601) 354-3408

Robert B. McDuff, MSB 2532
rbm@mcdufflaw.com
MISSISSIPPI CENTER FOR JUSTICE
767 North Congress Street
Jackson, MS 39202
(601) 969-0802

Carroll Rhodes, MSB 5314
LAW OFFICES OF CARROLL RHODES
crhodes6@bellsouth.net
PO Box 588
Hazlehurst, MS 39083
(601) 894-1464

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-3007
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
john.lavelle@morganlewis.com

Ari J. Savitzky
asavitzky@aclu.org
Ming Cheung
mcheung@aclu.org
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500

Jennifer Nwachukwu
jnwachukwu@lawyerscommittee.org
David Rollins-Boyd
drollins-boyd@lawyerscommittee.org
Javon Davis
jdavis@lawyerscommittee.org
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW Suite 900
Washington, DC 20005
(202) 662-8600

Exhibit "1"

PD.48730898.1

Drew Cleary Jordan
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone: +1.202.739.3000
Facsimile: +1.202.739.3001
drew.jordan@morganlewis.com

                                       */s/ Nicholas F. Morisani*
                                       Nicholas F. Morsani

**Exhibit "1"**