**phelps**

Phelps Dunbar LLP
1905 Community Bank Way
Suite 200
Flowood, MS 39232
601 352 2300

April 22, 2025

United States District Court for the
Southern District of Mississippi
Thad Cochran United States Courthouse
501 E. Court Street
Suite 2.500
Jackson, MS 39201

   Re: *Mississippi State Conference of the National Association for the Advancement of Colored People, et al. v. State Board of Election Commissioners, et al.*, 3:22-cv-734-DPJ-HSO-LHS – Letter Brief of DeSoto County, Mississippi

To The Court:

  Pursuant to the Findings of Fact and Conclusions of Law [254] entered April 15, 2025, and subsequent order entered April 17, 2025, DeSoto County, as amicus curiae, submits this letter brief addressing the relevance of traditional redistricting principles—such as compactness, contiguity, respect for political subdivisions, and preservation of communities of interest—when remedying a Section 2 violation.[1]

  It would make little sense to require a party pursuing a Section 2 violation to establish that illustrative maps can be drawn consistent with traditional redistricting principles only to allow, after the Section 2 violation is established, remedial maps to violate those same principles. Courts instead must ensure any remedy imposed corrects the violation while respecting constitutional and statutory requirements. *Abrams v. Johnson*, 521 U.S. 74, 84–85 (1997); *Singleton v. Merrill*, 582 F. Supp. 3d 924, 1033 (N.D. Ala. 2022) ("[A] state's freedom of choice to devise substitutes for a plan found to violate Section Two should not be restricted beyond the clear commands of the Constitution and the Voting Rights Act."); *cf. Wise v. Liscomb*, 437 U.S. 535, 540 (1978). Indeed, "[Section] 2 never require[s] adoption of districts that violate traditional redistricting principles. Its exacting requirements, instead, limit judicial intervention to 'those instances of intensive racial politics' where the 'excessive role [of race] in the electoral process…den[ies] minority voters equal opportunity to participate.'" *Callais v. Landry*, 732 F. Supp. 3d 574, 609 (W.D. La. 2024) (quoting *Allen v. Milligan*, 599 U.S. 1, 29–30 (2023)); *Ga. State Conf. of NAACP v. Fayette Cnty. Bd. of Com'rs*, 996 F. Supp. 2d 1353, 1358 (N.D. Ga. 2014) (observing that "Court-created plan cannot violate § 2" and explaining "[t]his means that the Court-created plan should follow the traditional redistricting principles, though these principles have less precedence than 'the requirements of the Constitution and Voting Rights Act.'") (citing cases). Thus, in approving remedial maps, the Court

---

  [1] Consistent with Federal Rule of Appellate Procedure 28(j), the body of this letter brief is limited to 350 words.

1

**Exhibit 1**

should ensure those maps cure the violation while adhering to traditional redistricting principles. *Singleton v. Allen*, 690 F. Supp. 3d 1226, 1291 (N.D. Ala. 2023) (quoting *McGhee v. Granville Cnty.*, 860 F.2d 110, 118 (4th Cir. 1988)).

Sincerely,

*/s/ Nicholas F. Morisani*
Nicholas F. Morisani, (MSB 104970)
Sonya Dickson (MSB 106284)
1905 Community Bank Way, Suite 200
Flowood, Mississippi 39232
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: Nick.Morisani@phelps.com
       Sonya.Dickson@phelps.com

*Attorneys for DeSoto County, Mississippi*

cc: Counsel of Record (via CM/ECF)

**Exhibit 1**