# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; DR. ANDREA WESLEY; DR. JOSEPH WESLEY; ROBERT EVANS; GARY FREDERICKS; PAMELA HAMNER; BARBARA FINN; OTHO BARNES; SHIRLINDA ROBERTSON; SANDRA SMITH; DEBORAH HULITT; RODESTA TUMBLIN; DR. KIA JONES; MARCELEAN ARRINGTON; VICTORIA ROBERTSON,

*Plaintiffs*,

vs.

STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi*,

*Defendants,*
AND

MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE,

*Intervenor-Defendant.*

CIVIL ACTION NO.
3:22-cv-734-DPJ-HSO-LHS

**MEMORANDUM IN SUPPORT OF MOTION BY AMICUS CURIAE
DESOTO COUNTY FOR LEAVE TO FILE LETTER BRIEF**

DeSoto County, Mississippi ("DeSoto"), as amici curiae, requests leave to file a letter brief addressing the relevance of traditional redistricting principles to remedying a Section 2 violation.

PD.49210546.1

**RELEVANT BACKGROUND**

On March 14, 2025, DeSoto sought leave to file a brief as amicus curiae in support of objections to specific remedial senate districts enacted by the Mississippi State Legislature. *See* Motion for Leave [245]. On March 25, the Court granted DeSoto's request and allowed DeSoto to file its Brief of Amicus Curiae [251], which DeSoto did later that same day. *See* March 25, 2025 Text Only Order.

On April 15, 2025, the Court issued its Findings of Fact and Conclusions of Law [254] acknowledging but opting not to address DeSoto's position that remedial Senate Districts 1 and 11 are inconsistent with traditional redistricting principles. The Court invited the parties to file letter briefs on the issue of the relevance of traditional redistricting principles when imposing a remedy for a Section 2 violation, [254] at 17, and the Court subsequently directed the parties to file letter briefs on that issue by April 22, 2025. *See* April 17, 2025 Text Only Order.

**ARGUMENT**

This Court has the sole discretion to permit amicus briefing in this case. *See Cazorla v. Koch Foods of Miss., LLC*, No. 3:10-cv-135–DPJ–FKB, No. 3:11-cv-391–DPJ–FKB, 2014 WL 2163151, at *3 (S.D. Miss. May 23, 2014) (acknowledging that "[t]he extent to which the court permits amicus briefing lies solely with the court's discretion.") (first citing *United States v. Olis*, No. H–07–3295, 2008 WL 620520, at *7 (S.D. Tex. March 3, 2008); and then citing *Waste Management of Pennsylvania v. City of York,* 162 F.R.D. 34, 36–37 (M.D. Pa.1995))). "Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case, and, with further permission of the court, to argue the case and introduce evidence." *Id*. (quoting *United States v. State of La.,* 751 F. Supp. 608, 620 (E.D. La. 1990)).

In its Findings of Fact and Conclusions of Law [254], this Court found that the remedial Senate District 1 (SD 1), previously named as Senate District 11 (SD 11), in the DeSoto County interest area failed to remedy the Section 2 violation. [254] at 17. In doing so, this Court "considered DeSoto County's arguments" related to traditional redistricting principles "but decline[d] to address them because they would not [have] alter[ed] this result." *Id*. But, the Court noted that "[n]onetheless, when making a final decision about proper districts for this area, we may need to decide the relevance of traditional redistricting principles when imposing a remedy for a Section 2 violation" and ordered the parties to docket letter briefs on that issue. *Id*.

Out of an abundance of caution, and to the extent required, DeSoto respectfully requests the Court grant it leave to submit the proposed Letter Brief "in order to assist the [C]ourt in reaching a proper decision" on the relevance of traditional redistricting principles when imposing a remedy for a Section 2 violation. *Republican Nat'l Comm. v. Wetzel*, No. 1:24-cv-25-LG-RPM, No. 1:24-cv-37-LG-RPM, 2016 WL 4136486, at *5 (S.D. Miss. Mar. 7, 2024); *Rowland v. GGNSC Ripley, LLC*, No. 3:13-cv-11-DMB-SAA, 2016 WL 4136486, at *4 (N.D. Miss. Aug. 3, 2016); *see, e.g., Cazorla*, 2014 WL 2163151, at *3 (granting the proposed amici curiae's motions for leave to file amicus curiae brief and for leave to file rebuttal memorandum); *see also* Proposed Letter Brief, attached as **Exhibit 1**.

### AMICUS CURIAE INTEREST & REASONS FOR THIS LETTER BRIEF

DeSoto County is a political subdivision of the State of Mississippi, established to more closely represent, govern, and be accountable to its constituents. This case involves whether Mississippi's new redistricting maps adopted by the Legislature remedies the Section 2 violations in the DeSoto County interest area, particularly Senate District 1 (formerly named Senate District 11), and are in accordance with state and federal constitutional and statutory requirements,

3

including respect for traditional redistricting principles. DeSoto County has a significant interest in maintaining constitutional representation for its citizens in the Mississippi Legislature. To achieve its representation, DeSoto County has an interest in ensuring that traditional redistricting principles are respected when remedying a Section 2 violation. *See Alexander v. S.C. State Conf. of NAACP*, 602 U.S. 1, 17 (2024) (quoting *Miller v. Johnson*, 515 U.S. 900, 916 (1995)). When necessary, as is the case here, DeSoto County will advocate and defend the constitutional rights of its constituents. To that end, this Letter Brief is necessary to defend traditional districting principles and the rights of DeSoto County's citizens.

## CONCLUSION

For these reasons, DeSoto County requests leave of this Court to file the attached Letter Brief addressing the relevance of traditional redistricting principles when imposing a remedy for a Section 2 violation.

Dated: April 22, 2025.

          Respectfully submitted,

          **PHELPS DUNBAR LLP**

          BY: */s/ Nicholas F. Morisani*
          Nicholas F. Morisani, (MSB 104970)
          Sonya Dickson (MSB 106284)
          1905 Community Bank Way, Suite 200
          Flowood, Mississippi 39232
          Telephone: 601-352-2300
          Telecopier: 601-360-9777
          Email: Nick.Morisani@phelps.com
                 Sonya.Dickson@phelps.com

          *Attorneys for DeSoto County, Mississippi*

## CERTIFICATE OF SERVICE

I certify that on April 22, 2025, I electronically filed this document with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF counsel of record in this action:

Tommie S. Cardin
P. Ryan Beckett
B. Parker Berry
J. Dillon Pitts
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
P.O. Box 6010, Ridgeland, MS 39158-6010
Phone: 601.948.5711
Fax: 601.985.4500
tommie.cardin@butlersnow.com
ryan.beckett@butlersnow.com
parker.berry@butlersnow.com
dillon.pitts@butlersnow.com

Rex M. Shannon III
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov

Joshua Tom, MSB 105392
jtom@aclu-ms.org
ACLU OF MISSISSIPPI
101 South Congress Street
Jackson, MS 39201
(601) 354-3408

Robert B. McDuff, MSB 2532
rbm@mcdufflaw.com
MISSISSIPPI CENTER FOR JUSTICE
767 North Congress Street
Jackson, MS 39202
(601) 969-0802

Carroll Rhodes, MSB 5314
LAW OFFICES OF CARROLL RHODES
crhodes6@bellsouth.net
PO Box 588
Hazlehurst, MS 39083
(601) 894-1464

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-3007
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
john.lavelle@morganlewis.com

Ari J. Savitzky
asavitzky@aclu.org
Ming Cheung
mcheung@aclu.org
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500

Jennifer Nwachukwu
jnwachukwu@lawyerscommittee.org
David Rollins-Boyd
drollins-boyd@lawyerscommittee.org
Javon Davis
jdavis@lawyerscommittee.org
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW Suite 900
Washington, DC 20005
(202) 662-8600

5

Drew Cleary Jordan
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone: +1.202.739.3000
Facsimile: +1.202.739.3001
drew.jordan@morganlewis.com


*/s/ Nicholas F. Morisani*
Nicholas F. Morisani