EXHIBIT NO. PTX-093 evid.
CAUSE NO. 3:22cv734-DPJ-HSO-LHS
WITNESS
CLERK: SHONE POWELL

FEB 26 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
Candice Crane, REPORTER

Case 3:18-cv-00441-CWR-FKB   Document 19   Filed 09/04/18   Page 1 of 10

**Exhibit 7** 12/18/2023 Lennep

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH THOMAS; VERNON AYERS;
and MELVIN LAWSON                                                     **PLAINTIFFS**

v.                                            CIVIL ACTION NO. 3:18-cv-441-CWR-FKB

PHIL BRYANT, Governor of the State of
Mississippi; DELBERT HOSEMANN,
Secretary of State of the State of Mississippi;
and JIM HOOD, Attorney General of the
State of Mississippi, all in their official capacities
of their own offices and in their official capacities
as members of the State Board of Election Commissioners          **DEFENDANTS**



3:22-cv-734
PTX-093

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
<u>ORAL ARGUMENT REQUESTED</u>

    1.    Defendants Governor Phil Bryant, Secretary of State Delbert Hosemann and Attorney General Jim Hood, in their official capacities of their respective offices and in their official capacities as members of the State Board of Election Commissioners ("Movants"), pursuant to Fed. R. Civ. Pro. 56, move this Court for summary judgment as to Plaintiffs' request for declaratory and injunctive relief related to the alleged violation of Section 2 of the Voting Rights Act of 1965 ("Act"), all as provided in Plaintiffs' First Amended Complaint [doc. #9]. Movants would respectfully show the following:

    2.    Plaintiffs' Section 2 claim is time-barred by the analogous state statute of limitations, Miss. Code Ann. § 15-1-49. When a federal claim has no express limitations period, the courts must "fill in the gap" by typically utilizing an appropriate state statute of limitations unless it conflicts with federal law or policy. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). Because the Act does not contain a limitations period for claims brought under the Act, this

Court should borrow the forum state's analogous limitations period—the general three-year "catch-all" limitations period of Miss. Code Ann.§ 15-1-49—to bar Plaintiffs' Section 2 claim.

3. Further, notwithstanding application of any applicable statute of limitations, Plaintiffs' claim and relief are barred by the doctrine of laches. "Laches is an equitable doctrine that, if proved, is a complete defense to an action irrespective of whether the analogous state statute of limitation has run." *Mecom v. Levingston Shipbuilding Co.*, 622 F. 2d 1209, 1215 (5th Cir. 1980). Thus, the doctrine of laches applies "when plaintiffs (1) delay in asserting a right or claim; (2) the delay was not excusable; and (3) there was undue prejudice to the party against whom the claim was asserted." *Tucker v. Hosemann*, 2010 WL 4384223, at *4 (N.D. Miss. Oct. 28, 2010) (citing *Save Our Wetlands, Inc. v U.S. Army Corps of Engineers*, 549 F. 2d 1021, 1026 (5th Cir. 1977). Plaintiffs knew or should have known the viability of their claim in 2012, when it became cognizable. Yet, despite this, Plaintiffs waited six years until the eve of qualifying for the 2019 statewide legislative elections and just prior to the commencement of statewide redistricting in 2020, to bring their challenge. This delay is inexcusable and prejudices the Movants, local officials and, most importantly, the voters of this State.

4. Finally, Movants are not the proper parties to this action. None of the defendants, whether in their official capacities of the offices held or in their capacities as members of the State Board of Election Commissioners, have any role in drawing or approving the state senate districts, including Senate District 22. Only the Mississippi Legislature has the constitutional duty to redistrict state legislative districts and none of the executive branch officials named as defendants herein participated in that process. *See* MISS. CONST. art 13, § 254. Accordingly, Plaintiffs have sued the wrong parties.

5.  In support of this motion, Movants rely on its Memorandum submitted contemporaneously herewith, the pleadings and other materials on file herein, as well as the following:

1. September 14, 2012 Department of Justice Preclearance Letter (copy attached hereto as Exhibit A); and

2. Affidavit of Madalan Lennep (copy attached hereto as Exhibit B).

WHEREFORE, premises considered, Movants pray that this Court will grant them, and each of them, summary judgment, together with such other or further relief, in law or equity, as to which they, or any of them, may be justly entitled.

## Oral Argument Requested

In accordance with Uniform Local Rule 7(b)(6), Movants request oral argument.

RESPECTFULLY SUBMITTED, this the 4th day of September, 2018.

                Governor Phil Bryant, Secretary of State Delbert Hosemann, and Attorney General Jim Hood in their official capacities of their respective offices and in their official capacities as members of the State Board of Election Commissioners

BY:  */s/ Tommie S. Cardin*
     TOMMIE S. CARDIN (MB # 5863)
     CHARLES E. GRIFFIN (MB #5015)
     BENJAMIN M. WATSON (MB # 100078)
     B. PARKER BERRY (MB # 104251)

     ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
Suite 1400
1020 Highland Colony Park
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158-6010
Tel: (601) 985-4570
Fax: (601) 985-4500
E-mail: tommie.cardin@butlersnow.com
E-mail: charles.griffin@butlersnow.com
E-mail: ben.watson@butlersnow.com
E-mail: parker.berry@butlersnow.com

## CERTIFICATE OF SERVICE

I, Tommie S. Cardin, hereby certify that on this day I caused the foregoing to be electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

SO CERTIFIED this, the 4th day of September, 2018.

/s/ *Tommie S. Cardin*
TOMMIE S. CARDIN

EXHIBIT A



**U.S. Department of Justice**

Civil Rights Division

*Office of the Assistant Attorney General*  Washington, D.C. 20530

SEP 14 2012

The Honorable Chris McDaniel
Chairperson, Mississippi Senate Elections Committee
P.O. Box 1018
Jackson, Mississippi 39215-1018

The Honorable William C. Denny, Jr.
Chairperson, Mississippi House of Representatives
  Apportionment and Elections Committee
P.O. Box 12185
Jackson, Mississippi 39236-2185

Dear Senator McDaniel and Representative Denny:

This refers to Joint Resolution No. 201 (2012), which provides the 2012 redistricting plan for the Senate, and Joint Resolution No. 1 (2012), which provides the 2012 redistricting plan for the House of Representatives, for the State of Mississippi, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. 1973c. We received your submission on July 16, 2012; additional information was received through September 11, 2012.

The Attorney General does not interpose any objection to the specified changes. However, we note that Section 5 expressly provides that the failure of the Attorney General to object does not bar subsequent litigation to enjoin the enforcement of the changes. *Procedures for the Administration of Section 5 of the Voting Rights Act of 1965*, 28 C.F.R. 51.41.

Sincerely,

Thomas E. Perez
Assistant Attorney General

EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

JOSEPH THOMAS; VERNON AYERS;
and MELVIN LAWSON                                                    PLAINTIFFS

v.                                         CIVIL ACTION NO. 3:18-cv-441-CWR-FKB

PHIL BRYANT, Governor of the State of
Mississippi; DELBERT HOSEMANN,
Secretary of State of the State of Mississippi;
and JIM HOOD, Attorney General of the
State of Mississippi, all in their official capacities
of their own offices and in their official capacities
as members of the State Board of Election Commissioners        DEFENDANTS

### AFFIDAVIT OF MADALAN LENNEP

STATE OF MISSISSIPPI

COUNTY OF Hinds

PERSONALLY APPEARED BEFORE ME, the undersigned notary public, in and for the aforesaid state and county, Madalan Lennep, an adult resident citizen of the State of Mississippi, and hereby makes this affidavit, based on personal knowledge, stating as follows:

1. My name is Madalan Lennep. I am over twenty-one years of age and of sound mind. I have personal knowledge of, and am competent to testify about, all of the matters set out in this Affidavit.

2. I am the President of Pharos Consulting Services ("Pharos"). Pharos provides elections consulting services to state and local governments in Mississippi. Currently, I am an independent contractor as a Statewide Elections Management System ("SEMS") consultant with the Mississippi Secretary of State's Office.

1

3.  SEMS, using Hewlett-Packard's Electus Voter Registrations and Election Management software, was implemented in 2005 as part of the Help America Vote Act (HAVA) initiative. SEMS has been used as the voter registration system for all 82 Mississippi counties since February of 2006. SEMS provides statewide comprehensive voter registration functionality, voter roll maintenance functionality, election management, jury management and petition management. Interfaces include the Department of Public Safety, Department of Health, Administrative Office of the Courts, Global Election Management System (GEMS) Results (for Voting Machine System), National Change of Address (NCOA) and Military/Overseas Voters (MOVE Act) for ballots.

The SEMS program, based on an Oracle database, is currently operating in two fully-redundant SEMS data centers in Jackson and Oxford, Mississippi. Approximately 950 county users connect to the data center through the Internet using 450 concurrent Citrix sessions. The system currently contains 1.8 million active voters with all registrations taking place at each county circuit clerk's office. All system administration functions are performed at the two data centers, and include backup, recovery, maintenance, monitoring and managing the security aspects of the network and servers.

The primary purpose of SEMS is to help local election officials maintain up-to-date voter rolls, provide election management functionality, and provide other functions which utilize the voter roll, like jury management and petition management.

4.  Upon passage of any redistricting plan, statewide or local, each county's election officials are responsible for redistricting in SEMS. This is an extensive process which is implemented in SEMS by changing district, precinct, split, and address range boundaries based

2

on the information provided. The Secretary of State's Office provides training and Help Desk support in these efforts but the work is completed by the county.

5. Accordingly, changing a district line, including those of District 22, could impact a number of counties based on the impact of the change on other districts. Each county with changes would require new maps and address range indexes. The county election officials would need to implement those changes in SEMS by modifying precincts, splits and address ranges.

Poll books would be impacted due to the potential for new splits and new ballot styles associated with the election. Voters would be moved according to the district and precinct/split changes and address library changes.

6. Once an election is created and ballots styles are generated, no redistricting changes are allowed in SEMS until the completion of the particular election. The timeline for election creation is generally about 55 days before an election day.

7. Finally, I have reviewed the voter history profiles in SEMS of Plaintiffs Joseph Thomas, Vernon Ayers and Melvin Lawson. These profiles, which are public records, indicate that Joseph Thomas voted in the Mississippi general elections of 2007, 2011 and 2015; Vernon Ayers voted in the general election of 2015; and Melvin Lawson voted in the general elections of 2007, 2011 and 2015.

FURTHER, AFFIANT SAYETH NOT.

This the 4 day of September, 2018.

_____
MADALAN LENNEP

SWORN TO AND SUBSCRIBED before me, this the 4th day of September, 2018.

_____
NOTARY PUBLIC

My Commission Expires:

[Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID # 45127, KIMBERLY TURNER, Commission Expires Aug. 23, 2021, HINDS COUNTY]

4