# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; DR. ANDREA WESLEY; DR. JOSEPH WESLEY; ROBERT EVANS; GARY FREDERICKS; PAMELA HAMNER; BARBARA FINN; OTHO BARNES; SHIRLINDA ROBERTSON; SANDRA SMITH; DEBORAH HULITT; RODESTA TUMBLIN; DR. KIA JONES; MARCELEAN ARRINGTON; VICTORIA ROBERTSON,

   *Plaintiffs*,

   vs.

STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi,*

   *Defendants,*

AND

MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE,

*Intervenor-Defendant.*

|  |
|---|
| **CIVIL ACTION NO. 3:22-cv-734-DPJ-HSO-LHS** |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR URGENT AND NECESSITOUS MOTION FOR A TEMPORARY RESTRAINING ORDER

**INTRODUCTION**

Defendant Secretary of State Michael Watson has moved unilaterally to alter the state legislative district lines in a way that would interfere with the Court's jurisdiction and prejudice Plaintiffs. Specifically, Secretary Watson has apparently ordered the Circuit Clerks across Mississippi to immediately update the Statewide Election Management System (SEMS) to revert to the 2022 lines, claiming as authority the Supreme Court's vacatur order in this case. *See* Ex. A, Decl. of Ari Savitzky (Savitzky Decl.).

The parties disagree on the effect of the U.S. Supreme Court's vacatur of the judgment in this case, and specifically how if at all that vacatur affects the operative Mississippi Senate and House districts. Plaintiffs believe the 2025 lines enacted by the Mississippi Legislature and used in 2025 remain in effect notwithstanding the vacatur order, and Defendants have a different view. The parties have briefed that issue, which relates to the application of the law of the case and implicates the jurisdiction of the Court and the scope of the litigation going forward, and presented it to the Court for resolution. A hearing is set for August 28, 2026. But Defendant Secretary Watson is front-running that process and attempting to change the facts on the ground.

Immediate relief is required to maintain the status quo and to stop Defendant Secretary Watson from improperly ordering circuit clerks, based on incorrect assertions about the law of this case, to unlawfully change the legislatively-enacted district lines in Mississippi and revert by fiat to lines which dilute the voting strength of Black Mississippians. Defendant Secretary Watson's actions risk sowing confusion for election administrators and seriously prejudicing Plaintiffs, both in their litigation of the issue presently before the Court, and more generally. If Defendant Secretary Watson's actions are not enjoined pending the Court's orderly decision on the question of which lines apply, Plaintiffs will be forced to spend significant resources preparing and filing an otherwise premature preliminary injunction motion against the improperly re-installed 2022

lines and otherwise advancing with expedited discovery, and this Court will then need to spend its resources adjudicating such proceedings.

Defendant Watson cannot and must not front-run this Court. The Court should restrain Secretary Watson from ordering the re-installation of the 2022 lines pending this Court's consideration of the issue and order Defendant Watson to tell the Circuit Clerks to stand down in their efforts and return to the status quo ante while this litigation proceeds.

## BACKGROUND

The procedural history of this case and the legislative history of the 2025 legislative lines are recounted in Plaintiffs' Brief Regarding Next Steps, Dkt. 305 (July 29, 2026) (Pls.' Br.), which Plaintiffs incorporate here by reference. In that brief, Plaintiffs set forth their position that, following the U.S. Supreme Court's short-form vacatur order in this case, the operative Mississippi House and Senate lines remain those duly enacted by the Legislature in 2025, when the Legislature was given the option to enact new districts following this Court's liability ruling, chose to do so, and provided in doing so that the old 2022 lines would be "null and void upon the date this joint resolution is effectuated." *Id.* at 5-9. Defendants took a different view, arguing in their own brief that the U.S. Supreme Court's order in this case caused the lines to revert to the old, nullified 2022 lines. Defendants' Response to Order Regarding Status of the Case, Dkt. 306 (July 29, 2026) (Defs.' Br.), at 7-12.

As Plaintiffs explained, the effect of the U.S. Supreme Court's vacatur order on the operative lines would be "critical to determining the scope of the remaining litigation in this case, and the pace of any next steps that may be needed." *See* Pls.' Br. 9. That was because, if Defendants were somehow correct, "then a fairly expedited supplemental discovery schedule

would be necessary in order to give Plaintiffs an opportunity to obtain relief before the 2027 elections," including if necessary via a motion for a preliminary injunction. *Id.* at 9-11 & n.7.

With this threshold issue teed up for resolution, the Court contacted the parties to set a date for a hearing, which has now been put on the calendar for August 28, 2026. *See* Notice of Zoom Status Conference (docketed August 6, 2026).

On August 10, 2026, Plaintiffs learned that Defendant Secretary of State Watson was seeking to alter the lines on a unilateral basis. The acting director of Secretary Watson's Elections Division, Laura Henderson-Courtney, apparently emailed the following message to Circuit Clerks in parts of Mississippi affected by the 2025 redistricting on July 24, 2026:

> Dear Circuit Clerks:
>
> Your counties were redistricted in 2025 pursuant to legislative redistricting and a Court order entered in NAACP v. SBEC, Civil No. 3:22-CV-734-DPJ-HSO-LHS on May 7, 2025. The United States Supreme Court vacated that judgment and the case has been remanded back to the United States District Court for further consideration. The last legislative redistricting for your counties that was not ordered by the Court was in 2022, and therefore, those House and Senate district lines should be restored to what they were prior to the redistricting in 2025. The Maris maps showing the current lines are located here:
>
> [HYPERLINK] MS Redistricting 2025
>
> There is a layer list, and you will need to select MS Voting Precincts and MS Senate Districts 2025 and MS county Boundaries in your layer to see the State Senate Districts. If you wish to view the State House Districts, you will do the same with the layers, substituting MS House Districts May 2025 instead of Senate.
>
> The 2022 maps are located here: [HYPERLINK] Redistricting Benchmark 2020 These were adopted on March 29, 2022.
>
> If you need assistance in restoring voter registration information in SEMS to the 2022 redistricting lines, please reach out to Madalan Lennep to discuss how she can assist you.

Savitzky Decl., Ex. A, at ¶ 5 & Ex.1. At least some Circuit Clerks have begun or are likely to imminently begin making changes to the SEMS system to reinstate the 2022 lines as a result of this email. *Id.* at ¶ 6.

Upon learning of this email, Plaintiffs' counsel conferred with counsel for the Defendants, who confirmed that Defendant Secretary Watson's office had indeed sent it. *Id.* at ¶ 7.

## ARGUMENT

The standard for granting a temporary restraining order or other such injunctive relief is well established. The movant must show: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Perez v. Bruister*, No. 3:13-CV-1001-DPJ-FKB, 2015 WL 237126, at *2 (S.D. Miss. Jan. 16, 2015) (quoting *Janvey v. Alguire,* 647 F.3d 585, 595 (5th Cir. 2011)). Here, Plaintiffs seek targeted relief to maintain the status quo while the Court resolves the underlying dispute over the effect of the Supreme Court's vacatur order. That relief should be granted immediately. *See* Fed. R. Civ. P. 65(b)(1).

***First***, and for the reasons explained in Plaintiffs' Brief Regarding Next Steps, Dkt. 305, Plaintiffs are likely to succeed on the merits. The 2025 districts enacted by the Mississippi Legislature via Joint Resolutions 1 and 202 are the operative districts today, and Defendant Secretary Watson's claim to the Circuit Clerks that the U.S. Supreme Court's vacatur order in this case requires reversion to "[t]he last legislative redistricting for your counties that was not ordered by the Court" is wrong on multiple levels. *See* Pls.' Br. 5-9.

The resolutions effectuating the 2025 redistricting each specified that "this resolution shall take effect and be in force from and after its approval by the United States District Court for the

4

Southern District of Mississippi, Northern Division, in the matter styled <u>Mississippi State Conf. of the NAACP v. State Bd. of Election Comm'rs.</u>, No. 3:22-CV-734." *See* JR 1; JR 202. By the terms of those resolutions, the new lines were "in force from and after" the issuance of the Court's April 15, 2025 remedial order. *MS NAACP III*, 782 F. Supp. 3d at 349. The 2025 resolutions do not contain any type of "reverter" language, even though the Legislature has in other contexts used such clauses to achieve its ends. *See* Pls.' Br. 6-7. To the contrary, the 2025 resolutions repealed the 2022 districts, expressly declaring them "null and void," J.R. 1; J.R. 202, which means they are inoperative as a matter of Mississippi law. *See* Miss. Const., art. IV, § 60; Miss. Code Ann. § 1-1-25.

The premise of Defendant Secretary Watson's email is that the 2025 redistricting was "ordered by the Court." Savitzky Decl. ¶ 5 & Ex. 1. But that is not right. This Court rather gave the Legislature the "opportunity" to redraw the lines, consistent with the need to respect the Legislature's primary role in the line-drawing process, following its liability determination. *MS NAACP I*, 739 F. Supp. 3d at 466; *accord MS NAACP II*, 741 F. Supp. 3d at 512. This Court did not compel the Legislature to enact the district lines chosen by the Legislature in 2025 (and could not have done so).

Defendant Secretary Watson has no authority to unilaterally re-implement the 2022 districts absent new legislation. Under the Mississippi Constitution and the Mississippi Code, the power and duty of apportionment is assigned to the Legislature alone. Miss. Const., art. 13, § 254; Miss. Code Ann. § 5-3-93. *Accord Mauldin v. Branch*, 866 So.2d 429, 433 (Miss. 2003) (redistricting power "is not granted to any other governmental entity [other than the Legislature] by the Mississippi Constitution, statutes, or case law"). His unilateral instruction to Circuit Clerks to impose lines that were repealed by the Legislature is likely unlawful, and in all cases blatantly

5

front-runs this Court's resolution of that issue.

*Second*, Defendant Secretary Watson's unilateral action will cause multiple levels of irreparable harm unless stopped.

For one, and as noted, the question of which legislative lines are currently in operation is currently briefed to this Court and *sub judice*. Plaintiffs will be prejudiced if Defendant Secretary Watson is able to force Defendants' legal position into reality by fiat. This is especially so because, according to Secretary Watson, SEMS cannot be changed from on or about September 4, 2026 until mid-December, 2026. *See* Defs.' Br., Ex. D (June 9, 2026 Letter of Secretary Watson). Meanwhile, the qualification process to run for Mississippi House and Senate begins in January 2027. Thus, the effect of the unilateral change ordered by Secretary Watson will be to eliminate district lines that allow Black voters in places like DeSoto County and Hattiesburg to elect candidates of choice despite racially polarized voting during the crucial period when candidates in Black communities are deciding whether to run, organizing in their communities, and preparing to mount campaigns. *See* Ex. B, Decl. of Johnny Dupree, at ¶ 8. Defendants may argue that SEMS can always be changed again in December, but Secretary Watson's order will have already caused significant confusion by then, interfering with constituent services and campaign operations, not to mention forcing election officials to waste public resources and engage in unnecessary work. *Id.* ¶¶ 7–9. By December, candidates and organizers seeking to represent and obtain support from Black voters in the areas at issue will have already lost months of time and potential effort. And voters who contact election officials in the interim to inquire about the legislative district to which they are assigned will have been be told inaccurate information. All of which begs the question of why, if the lines can be changed again in December, Defendant Secretary Watson is rushing to change the lines now in the first place.

6

And this is to say nothing of the potential application of the *Purcell* principle.  *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006); *see also, e.g.*, *Abbott v. League of United Latin Am. Citizens*, 146 S. Ct. 418, 419 (2025).  If Defendant Secretary Watson is able to unilaterally change the lines to the repealed and vote-dilutive 2022 lines and then freeze them until mid-December, then Plaintiffs will have only a short window to seek their rightful return to the 2025 lines (and this Court will have little, if any, time to rule) before Defendants will contend it is too late—that is, too close to the election—for any federal court to order such a change into effect.  *See* Defs.' Memo. on Remedial Issues at 23-25, *White v. SBEC*, No. 22-CV-62, Dkt. 295 (same Defendants as here arguing that it was too late to issue judicial relief five months before election).  The *Purcell* time-crunch created by Defendant Secretary Watson's actions is a potentially severe source of prejudice.

In addition, Defendant Secretary Watson's actions will also prejudice Plaintiffs in their continued prosecution of this litigation.  As noted in Plaintiffs' Brief Regarding Next Steps, if the 2022 lines are in effect, then Plaintiffs will seek an expedited course of discovery and may seek preliminary injunctive relief for the 2027 election cycle.  *See* Pls.' Br. 9-11 & n.7.  Forcing the 2022 lines back into place would in turn force Plaintiffs to expend significant resources preparing to rapidly litigate the underlying Section 2 case here in advance of the 2027 elections, including preparing and disclosing significant new expert analysis much earlier than would otherwise be necessary.  *See id.* 11-15.  The strategic disadvantage to Plaintiffs as well as the drain on their resources would be another source of prejudice and irreparable harm.

*Third*, the balance of harms and the public interest support tailored, temporary relief to maintain the status quo until the Court can hear the parties on the underlying issue of which lines are currently in effect, which it is already scheduled to do in a few short weeks.

Forcing these changes into effect now unnecessarily burdens candidates, voters, and

7

election administrators, who are now being tasked to make modifications to SEMS that are totally unnecessary to administer the upcoming 2026 election (which does not feature any state legislative races in any of the areas affected by the 2025 redistricting).    Again, according to Secretary Watson's own statements, any changes to SEMS for the 2027 election can be made at any time between December 2026 and June 2027.  *See* Defs.' Br., Ex. D (June 9, 2026 Letter of Secretary Watson).

Defendant Secretary Watson's actions will also drain the resources of the parties and the Court, which would need to preside over expedited discovery and potential preliminary injunction proceedings that only need to take place if the vote-dilutive 2022 lines are in effect.

Finally, Defendant Secretary Watson's actions disserve the public interest by front-running both the Legislature and the Court.  As Defendants have pointed out, the Legislature is considering engaging in further state legislative redistricting, and Secretary Watson's actions undermine that process by imposing unlawful, repealed lines as the potential baseline for any further drawing. Worse, Defendant Secretary Watson's actions attempt to impose by sheer force the answer to a question that has been briefed to this Court for judicial resolution by law.

Under the circumstances, Plaintiffs seek limited, targeted relief to maintain the status quo until the Court can resolve the question before it regarding which lines are currently in effect. Their motion should be granted.

## CONCLUSION

The Court should restrain Defendant Secretary Watson from ordering the re-installation of the 2022 lines pending this Court's decision regarding the effect, if any, of the U.S. Supreme Court's order on the operative state legislative lines and order Defendant Secretary Watson to

cause any changes to the state legislative lines in SEMS that have already been instituted as a result

of his email to be reversed and returned to the *status quo ante*.

9

This the 11th day of August, 2026.

/s/ Ari J. Savitzky
Ari J. Savitzky
*asavitzky@aclu.org*
Ming Cheung
*mcheung@aclu.org*
Nina Nayiri McKay*
*nmckay@aclu.org*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500

Robert B. McDuff, MSB 2532
*rbm@mcdufflaw.com*
MISSISSIPPI CENTER FOR JUSTICE
767 North Congress Street
Jackson, MS 39202
(601) 969-0802

Carroll Rhodes, MSB 5314
Law Offices of Carroll Rhodes
*crhodes6@bellsouth.net*
PO Box 588
Hazlehurst, MS 39083
(601) 894-1464

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-2921
Telephone:        +1.215.963.4824
Facsimile:        +1.215.963.5001
*john.lavelle@morganlewis.com*

Drew C. Jordan
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone:        +1.202.739.5962
Facsimile:        +1.202.739.3001
*drew.jordan@morganlewis.com*

Joshua Tom, MSB 105392
*jtom@aclu-ms.org*
ACLU OF MISSISSIPPI
101 South Congress Street
Jackson, MS 39201
(601) 354-3408

Jennifer Nwachukwu
*jnwachukwu@lawyerscommittee.org*
David Rollins-Boyd
*drollins-boyd@lawyerscommittee.org*
Javon Davis
*jdavis@lawyerscommittee.org*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
UNDER LAW
1500 K Street NW Suite 900
Washington, DC 20005
(202) 662-8600

*\*Pro hac vice motion forthcoming*
*Attorneys for Plaintiffs*

10

## **CERTIFICATE OF SERVICE**

I, Ari J. Savitzky, do certify that on this day I caused to be served a true and correct copy of the foregoing by electronic mail to all counsel of record.

This the 11th day of August, 2026.

/s/_Ari J. Savitzky_____
Ari J. Savitzky