**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; DR. ANDREA WESLEY; DR. JOSEPH WESLEY; ROBERT EVANS; GARY FREDERICKS; PAMELA HAMNER; BARBARA FINN; OTHO BARNES; SHIRLINDA ROBERTSON; SANDRA SMITH; DEBORAH HULITT; RODESTA TUMBLIN; DR. KIA JONES; MARCELEAN ARRINGTON; VICTORIA ROBERTSON,

*Plaintiffs*,

vs.

STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi,*

*Defendants,*

AND

MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE,

*Intervenor-Defendant.*

**CIVIL ACTION NO. 3:22-cv-734-DPJ-HSO-LHS**

**PLAINTIFFS' URGENT AND NECESSITOUS MOTION FOR A SCHEDULING ORDER**

Plaintiffs hereby move the Court for a scheduling order that provides for supplemental discovery and additional trial days on an expedited basis, such that this Court can determine liability in this case and provide relief sufficiently before Mississippi's general election in November 2027. As grounds for this motion, Plaintiffs state as follows:

1. On April 29, 2026, the U.S. Supreme Court issued *Louisiana v. Callais*, which altered the legal standard for proving vote dilution under Section 2 of the Voting Rights Act. 146 S. Ct. 1131, 1159 (2026).
2. Defendants' appeal of this Court's Section 2 ruling was pending at the time, and the Supreme Court vacated and remanded this Court's judgment "for further consideration in light of" *Callais*. Dkt. 318 at 3 (quoting *SBEC v. Miss. NAACP*, 224 L. Ed. 2d 827 (May 18, 2026)).
3. Following that vacatur, on September 11, 2026, this Court denied Plaintiffs' motion for a temporary restraining order to prohibit the Secretary of State from reverting back to the district lines enacted by the Legislature in 2022 that were originally challenged in this action. Dkt. 318 at 10. Thus, for election administration purposes, the operative state legislative districts for future elections will be those enacted by the Mississippi Legislature in 2022.
4. This Court also concluded that granting a temporary restraining order was unnecessary because there is still "sufficient time . . . to address [Plaintiffs'] alleged injuries" before the 2027 election. Dkt. 318 at 6–7.
5. Because of the change in law, the Parties should have an opportunity to conduct additional discovery and introduce evidence pertinent to the updated legal standard under *Callais*.
6. Because Plaintiffs will suffer irreparable harm if vote dilution caused by the 2022 lines is not remedied sufficiently in time before the next general election for state legislative office in November 2027, this Court should set a schedule that preserves its ability to issue a remedy in advance of those elections in the event that Plaintiffs prevail, as the

Court did when setting an expedited trial schedule in 2023. Dkt. 44.

7. Plaintiffs' propose a schedule that would enable the Parties to complete the limited discovery needed to conform the existing record to *Callais*'*s* updated Section 2 standard, hold additional hearing days, and provide the Court with an updated trial record to support a new ruling on liability, on a timeline similar to the Court's previous remedial order. *See Miss. NAACP v. SBEC*, 782 F. Supp. 3d 349, 361 (S.D. Miss. 2025).

8. Plaintiffs have conferred with Defendants, who maintain that this case should be stayed.

For those reasons, as detailed further in the accompanying memorandum of law, Plaintiffs respectfully request that the Court grant the motion for a scheduling order and set a schedule for supplemental expert discovery and additional trial days that preserves Plaintiffs' ability to obtain a remedy in time for the state legislative elections in November 2027.

Because of the need for expedition, Plaintiffs have styled this motion as urgent and necessitous and request that the Court order Defendants to respond by Thursday, September 24, 2026.

Respectfully submitted,

This the 18th day of September, 2026.

*<u>/s/ Ari J. Savitzky</u>*
Ari J. Savitzky
*asavitzky@aclu.org*
Ming Cheung
*mcheung@aclu.org*
Nina Nayiri McKay*
*nmckay@aclu.org*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004

Joshua Tom, MSB 105392
*jtom@aclu-ms.org*
ACLU OF MISSISSIPPI
101 South Congress Street
Jackson, MS 39201
(601) 354-3408

Jennifer Nwachukwu
*jnwachukwu@lawyerscommittee.org*
David Rollins-Boyd

(212) 549-2500

Kelli Slater*
*kslater@aclu.org*
ACLU FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 457-0800

Robert B. McDuff, MSB 2532
*rbm@mcdufflaw.com*
MISSISSIPPI CENTER FOR JUSTICE
767 North Congress Street
Jackson, MS 39202
(601) 969-0802

Carroll Rhodes, MSB 5314
Law Offices of Carroll Rhodes
*crhodes6@bellsouth.net*
PO Box 588
Hazlehurst, MS 39083
(601) 894-1464

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.4824
Facsimile: +1.215.963.5001
*john.lavelle@morganlewis.com*

*drollins-boyd@lawyerscommittee.org*
Javon Davis
*jdavis@lawyerscommittee.org*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW Suite 900
Washington, DC 20005
(202) 662-8600

Drew C. Jordan
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone: +1.202.739.5962
Facsimile: +1.202.739.3001
*drew.jordan@morganlewis.com*

**Pro hac vice motion forthcoming*
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Ari J. Savitzky, do certify that on this day I caused to be served a true and correct copy of the foregoing by electronic mail to all counsel of record.

This the 18th day of September, 2026.

*/s/ Ari J. Savitzky*
Ari J. Savitzky