**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; DR. ANDREA WESLEY; DR. JOSEPH WESLEY; ROBERT EVANS; GARY FREDERICKS; PAMELA HAMNER; BARBARA FINN; OTHO BARNES; SHIRLINDA ROBERTSON; SANDRA SMITH; DEBORAH HULITT; RODESTA TUMBLIN; DR. KIA JONES; MARCELEAN ARRINGTON; VICTORIA ROBERTSON,

*Plaintiffs*,

vs.

STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi,*

*Defendants,*

AND

MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE,

*Intervenor-Defendant.*

**CIVIL ACTION NO. 3:22-CV-734-DPJ-HSO-LHS**

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Plaintiffs hereby submit this Response in Opposition to Defendants' Motion to Stay Proceedings (Dkt. 323). Because Defendants' Motion raises virtually identical issues as their simultaneously-filed opposition to Plaintiffs' Urgent and Necessitous Motion for a Scheduling Order (Dkt. 319), Plaintiffs have prepared and filed a combined memorandum of law in reply in

support of Plaintiffs' Motion and in response in opposition to Defendants' Motion. To ensure compliance with Local Rule 7(b)(3), Plaintiffs are separately filing the combined memorandum of law to accompany this Response but note for the Court's convenience that the brief is identical to the already-filed reply memorandum of law submitted in support of Plaintiffs' Motion (Dkt. 326).

For the reasons set forth below and as detailed in the accompanying memorandum, the Motion should be denied:

1. Defendants bear the burden of showing that a stay of litigation is justified, and they have failed to do so. *See In re Toronto-Dominion Bank*, 59 F.4th 1326, 1327 (5th Cir. 2023); *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, No. 13-CV-366, 2015 WL 13227930, at *5 (E.D. La. Dec. 4, 2015).

2. A stay will irreparably harm Plaintiffs' right to vote and prevent this Court from granting timely relief if it determines, for the second time, that the 2022 state legislative districts violate Section 2 of the Voting Rights Act. *See Robinson v. Ardoin*, 86 F.4th 574, 600 (5th Cir. 2023); *Miss. NAACP v. SBEC*, 739 F. Supp. 3d 383, 464–65 (S.D. Miss. 2024).

3. This Court previously determined that there currently remains sufficient time for Plaintiffs to seek and obtain relief before the November 2027 election, but the stay requested by Defendants risks running out the clock. *See Miss. NAACP v. SBEC*, No. 22-CV-734, 2026 WL 2676633, at *3 (S.D. Miss. Sept. 11, 2026). That risk is particularly pronounced given the absence of any assurance by Defendants that judicial relief is feasible for *Purcell* purposes if granted after May 3, 2027.

4. The "public interest [also] favors prompt resolution of cases concerning federal voting rights violations," and denying the stay would enable "resolution of the dispute as

quickly as practicable." *La. NAACP v. Louisiana*, 495 F. Supp. 3d 400, 419 (M.D. La. 2020).

5. Defendants cannot overcome the risk of irreparable harm to Plaintiffs by pointing to the consumption of litigation resources, which Defendants agree does not rise to the level of irreparable harm, Defs.' Opp. at 2, 7. *See SEC v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981) (affirming district court decision not to stay proceedings because stay was not necessary "to prevent a party from suffering substantial and irreparable prejudice").

6. Defendants' contention that proceeding with litigation will waste resources because of the possibility of new redistricting legislation is also speculative. *See In re Ramu Corp.*, 903 F.2d 312, 320 (5th Cir. 1990) (holding that "good cause [for a stay] requires more than the mere possibility of prejudice"); *X Corp. v. Media Matters for Am.*, No. 23-CV-1175, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024) (holding that "a stay of discovery is an 'extraordinary step'" and that "courts should only exercise 'discretion to stay discovery for good cause shown'" (citation omitted)). No special session has been called, and even if one is called, legislation may not be enacted. And even if legislation is enacted, much of the supplemental discovery that the parties will pursue will remain relevant for resolving this case.

7. Preserving this Court's ability to order relief in 2027 if liability is established not only prevents irreparable harm to Plaintiffs but also minimizes disruption by ensuring that any state legislative elections in remedial district lines can be held at the same time as the regularly scheduled general election in November 2027, rather than ordering off-

cycle special elections and truncating elected officials' terms of office for what would be the second time in this litigation.

Plaintiffs therefore respectfully request that the Court deny Defendants' motion to stay proceedings and instead grant Plaintiffs' motion for a scheduling order and set a schedule for supplemental expert discovery and additional trial days that preserves Plaintiffs' ability to obtain a remedy in time for the state legislative elections in November 2027.

Respectfully submitted,

This the 28th day of September, 2026.

*_/s/_ Ari J. Savitzky______*
Ari J. Savitzky
*asavitzky@aclu.org*
Ming Cheung
*mcheung@aclu.org*
Nina Nayiri McKay*
*nmckay@aclu.org*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500

Kelli Slater*
*kslater@aclu.org*
ACLU FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 457-0800

Robert B. McDuff, MSB 2532
*rbm@mcdufflaw.com*
MISSISSIPPI CENTER FOR JUSTICE
767 North Congress Street
Jackson, MS 39202
(601) 969-0802

Carroll Rhodes, MSB 5314
Law Offices of Carroll Rhodes
*crhodes6@bellsouth.net*
PO Box 588
Hazlehurst, MS 39083
(601) 894-1464

Joshua Tom, MSB 105392
*jtom@aclu-ms.org*
ACLU OF MISSISSIPPI
101 South Congress Street
Jackson, MS 39201
(601) 354-3408

Jennifer Nwachukwu
*jnwachukwu@lawyerscommittee.org*
David Rollins-Boyd
*drollins-boyd@lawyerscommittee.org*
Javon Davis
*jdavis@lawyerscommittee.org*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW Suite 900
Washington, DC 20005
(202) 662-8600

Drew C. Jordan
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone: +1.202.739.5962
Facsimile: +1.202.739.3001
*drew.jordan@morganlewis.com*

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.4824
Facsimile: +1.215.963.5001
*john.lavelle@morganlewis.com*

**Pro hac vice motion forthcoming*
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Ari J. Savitzky, do certify that on this day I caused to be served a true and correct copy of the foregoing by electronic mail to all counsel of record.

This the 28th day of September, 2026.

*/s/_ Ari J. Savitzky_____*
Ari J. Savitzky