UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL. PLAINTIFFS

V. CIVIL ACTION NO. 3:22-CV-734-DPJ-HSO-LHS

STATE BOARD OF ELECTION COMMISSIONERS, ET AL. DEFENDANTS

MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION [319] FOR A SCHEDULING ORDER AND DENYING DEFENDANTS' MOTION [323] TO STAY.

Before Southwick, Circuit Judge, Ozerden, Chief District Judge, and Jordan, District Judge Per Curiam:

After the United States Supreme Court remanded this case for further consideration under *Louisiana v. Callais*, 146 S. Ct. 1131 (2026), Plaintiffs moved for a preliminary injunction seeking to preserve the 2025 maps this Court imposed. Pls.' Mot. [308]. Specifically, they sought an order that would (1) prevent Defendant Mississippi Secretary of State Michael Watson from "ordering the re-installation of the 2022 lines" and (2) reverse "any changes to the state legislative lines in SEMS that have already been instituted." *Id.* at 3. The Court denied that motion on September 11, 2026, finding that the Supreme Court's remand order revived the 2022 lines for the next regular election cycle. Order [318] at 10.

When denying the requested preliminary injunction, the Court found, among other things, that the risk of harm was not imminent "because no regular legislative election will occur until 2027." *Id.* at 6. The Court further noted that "[t]he 2027 general election is 14 months away, which allows adequate time for courts or the Legislature to act before any harm would occur."

*Id.* (citing *Robinson v. Ardoin*, 86 F.4th 574, 600 (5th Cir. 2023)). The "harm" the Court contemplated was new elections under legally deficient maps should Plaintiffs prevail.[1]

Plaintiffs now seek a scheduling order to allow discovery and a supplemental hearing to reevaluate the 2022 lines under *Callais*. Pls.' Mot. [319] at 3. Defendants oppose that motion and have also sought a stay "until the earliest of: (1) enactment of new legislative redistricting plans; (2) Defendants' filing of notice that no new plans will be considered before the 2027 Regular Session; or (3) December 28, 2026." Defs.' Mot. [323] at 1.

Defendants' primary point has some merit. They note that any discovery related to the 2022 lines would waste resources *if* the state redraws those lines ahead of the 2027 elections. *See id.* at 2. While the Court acknowledges that *Callias*-based discovery related to the 2022 maps could become moot, that hasn't happened yet. The state could decide to keep those maps. And if it does, then the requested stay would push the litigation back just enough to make any *potential* relief before the 2027 elections unlikely. That would cause injury, and it could also

[1] The Court found sufficient time to act based in part on Defendants' statement that no imminent harm exists. According to Defendants, "[e]ven if no new legislation were enacted," i.e., the legislature decided not to replace the 2022 maps, "Plaintiffs identify no reason this Court could not adjudicate any remaining federal dispute and, if warranted, afford effective relief well before the 2027 legislative elections." Defs.' Mem. [317] at 6–7. Defendants noted, as to that position, that Plaintiffs had requested post-*Callias* "supplemental discovery, new expert work, an additional evidentiary hearing, updated submissions, and—if necessary—preliminary injunctive relief 'in advance of the 2027 election cycle.'" *Id.* at 7 (quoting Pls.' Mem. [305] at 10–15 & n.7). Defendants said Plaintiffs' "own proposed procedure therefore confirms that effective judicial relief remains available without an injunction governing SEMS in August 2026." *Id.* Defendants now say these arguments didn't relate to post-*Callias* litigation. Defs.' Reply [329] at 2. And they correctly note that elsewhere in the same briefing they said there wasn't enough time for that. *Id.* (citing Defs.' Mem. [317] at 12).

While the Court will not apply judicial estoppel, it did find no irreparable injury from the SEMS changes in part because it believed the real harm would occur in November 2027 if the Plaintiffs proved the 2022 maps violate the Voting Rights Act under *Callias*. *See* Order [318] at 6. And it accepted Defendants' initial position that the Court could "adjudicate *any* remaining federal dispute and, if warranted, afford effective relief *well before the 2027 legislative elections*." Defs.' Mem. [317] at 6–7 (emphasis added).

necessitate special elections which would themselves be costly and burdensome. Weighing the alternatives, the Court is unwilling to delay this matter based on the possibility that the state might act in a way that Defendants believe would moot the point. If the state adopts new maps, then the Court will reassess.

Defendants also argue that a stay until December 28, 2026, would cause no prejudice because it is already too late to litigate the 2022 lines under *Callais*. *See* Defs.' Mem. [324] at 7. But the parties are not starting from scratch. While *Callais* obviously changes things, it would not require new discovery of every issue. In short, the Court finds that discovery should begin.

That said, Defendants may have different ideas about the scheduling order Plaintiffs proposed. If Defendants have other deadlines in mind that would still offer enough time to grant relief before the regular 2027 election (if Plaintiffs prevail), then they should first consult with Plaintiffs to develop an agreed-upon schedule. The parties should inform the Court no later than October 19 whether it should enter the Plaintiffs' suggested schedule. If they cannot agree, then Defendants should submit a competing schedule by that same date and contact the magistrate judge to set an immediate status conference.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiffs' Motion [319] is **GRANTED** and Defendants' Motion [323] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 14th day of October, 2026.