**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; DR. ANDREA WESLEY; DR. JOSEPH WESLEY; ROBERT EVANS; GARY FREDERICKS; PAMELA HAMNER; BARBARA FINN; OTHO BARNES; SHIRLINDA ROBERTSON; SANDRA SMITH; DEBORAH HULITT; RODESTA TUMBLIN; DR. KIA JONES; MARCELEAN ARRINGTON; VICTORIA ROBERTSON,

*Plaintiffs*,

vs.

STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, *in his official capacity as Governor of Mississippi*; LYNN FITCH, *in her official capacity as Attorney General of Mississippi*; MICHAEL WATSON, *in his official capacity as Secretary of State of Mississippi,*

*Defendants,*

AND

MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE,

*Intervenor-Defendant.*

**CIVIL ACTION NO.**
**3:22-cv-734-DPJ-HSO-LHS**

**DEFENDANTS' RESPONSE TO THE COURT'S ORDER**

Defendants submit this response in compliance with the Court's October 14, 2026 Order [331] directing the parties to propose a schedule for further proceedings. Defendants expressly preserve and invoke their objection under *Purcell v. Gonzalez,* 549 U.S. 1 (2006), to any court ordered changes affecting Mississippi's 2027 legislative elections. Under either Plaintiffs' proposed schedule or Defendants' proposal herein, the candidate qualification period will have

closed before the Court reaches any liability determination. Accordingly, Defendants' submission of proposed dates should not be construed as a concession that a judicial remedy could lawfully alter or practically govern the 2027 legislative elections. Nor does it waive any argument concerning the availability, feasibility, or timing of election related relief. *See id.* at 4–5.

As directed, the parties conferred and were unable to agree on a scheduling proposal.[1] Defendants therefore propose dates that give practical effect to *Growe v. Emison*, 507 U.S. 25, 33–27 (1993), by allowing Mississippi's ongoing redistricting process a meaningful opportunity to take place before the supplemental trial, which could moot the underlying litigation. Defendants do not contend that Plaintiffs are foreclosed from pursuing their claims. Instead, the distinct questions are how this litigation should proceed and whether any resulting judicial remedy may alter the 2027 election cycle. The Defendants' proposed schedule preserves adjudication of any remaining claims under definite deadlines without conceding that a resulting judicial remedy may alter the 2027 election cycle.

## I. DEFENDANTS' PROPOSED SCHEDULE GIVES EFFECT TO THE STATE'S PRIMARY ROLE IN AN ACTIVE REDISTRICTING PROCESS

The Supreme Court's instruction in *Growe* is more specific than a general admonition to respect state legislative preferences. 507 U.S. at 33–37. The Court explained that federal judges must "defer consideration of disputes involving redistricting where the State, through its legislative or judicial branch, has begun to address that highly political task itself." *Id.* at 33. It further instructed that, absent evidence the State will fail to act in a timely manner, a federal court must not obstruct state reapportionment or permit federal litigation to impede that process. *Id.* at 34. *Growe* addresses when federal courts should defer consideration of redistricting disputes while a

[1] Following consultation with opposing counsel, Plaintiffs indicated their willingness to agree to a one week extension of their proposed scheduling deadlines.

State is actively undertaking that responsibility, not simply which institution should draw a remedial map following a federal liability judgment. The principle does not extinguish federal jurisdiction, but it does require consideration of timely State efforts before federal litigation overtakes them. *Id.* at 33–37.

Mississippi has clearly begun the redistricting process. The House and Senate have formed redistricting committees, the Standing Joint Committee has been appointed, and nine statewide public hearings have been conducted. *See* [306] at 2–3, 14–16; [324] at 3, 5 & Ex. A. The redistricting task has already been initiated; this is not merely the abstract possibility of future legislation. Defendants understand that a special session devoted to legislative redistricting is likely. However, even if no special session is called, given the formation of the Select Committees and the Standing Joint Committee, the Legislature is expected to take up redistricting when its regular session begins January 5, 2027—less than three months from the date of this response. The Legislature cannot enact replacement plans while out of session, but its committees can undertake the preparatory work necessary for legislative consideration—which is precisely what they are doing. Miss. Const. art. IV, § 36; art. V, § 121; art. XIII, § 254.

The Supreme Court has expressly approved a State-first timetable that retains federal jurisdiction. In *Scott v. Germano*, 381 U.S. 407, 409–10 (1965) (per curiam), the Court directed that state institutions receive a reasonable period to reapportion before federal action. And *Growe* recognized that a district court may fix a date after which federal proceedings would continue if the State did not act. 507 U.S. at 36–37. More recently, the Fifth Circuit in *Robinson v. Ardoin*, 86 F.4th 574, 601–02 (5th Cir. 2023), expressly directed that substantive district court proceedings await either legislative action, notice that no plan would be enacted, or a date certain. The point is not that every legislative proposal requires an indefinite stay. It is that a defined opportunity for

timely State redistricting is an established means of reconciling federal judicial oversight with the State's primary responsibility.

Defendants do not renew the request for a stay that the Court denied in Order [331]. Their proposal is more limited: allow discovery and expert disclosures to proceed under definite deadlines that contemplate a supplemental merits trial the week of February 22–26, 2027—giving the Legislature opportunity to act in either a special or its regular legislative session. This allows the Legislature to move before the completion of extensive discovery and before the supplemental trial. It gives practical effect to *Growe*'s directive to defer consideration while an active state redistricting process advances, without foreclosing Plaintiffs' opportunity to present their claims. And it also respects the Court's express indication that it will reassess the case if Mississippi adopts new maps. [331] at 3. If the Legislature does not act, litigation proceeds on the stated dates unless the Court orders otherwise.

Allowing the Legislature a meaningful period to act before discovery concludes and trial occurs also serves more than federalism and judicial restraint. New maps would moot the Plaintiffs' claims directed at the operative 2022 Plans by altering district configurations, the legislative record, and the relevant evidence required under *Callais*. *See Thomas v. Reeves*, 961 F.3d 800, 801 (5th Cir. 2020) (en banc); *Diffenderfer v. Central Baptist Church*, 404 U.S. 412, 414–15 (1972) (per curiam). Defendants do not contend that legislation not yet enacted has already mooted this action. Rather, Defendants' proposed schedule allows the ongoing State process to advance before the close of discovery and trial, which permits the Court to determine, based on enacted law rather than speculation, which claims and requests for relief remain, if any.

## II. THE 2027 ELECTION PROCESS WILL BE UNDERWAY BEFORE ANY POTENTIAL REMEDY

Mississippi's election process does not begin on general election day. Candidate qualification begins in January 2027 and closes on February 1. The first legislative primary is scheduled for August 3, 2027, with military and absentee ballots going out well before then. Miss. Code Ann. §§ 23-15-299, 23-15-191.

Under Plaintiffs' proposal, trial would conclude in January 2027 with a liability ruling anticipated in February or March. Under Defendants' proposal, trial would occur in late February with a suggested liability ruling date of March 22, 2027. Under either scenario, the qualification process would already be underway before the Court reached the merits. That reality—not the relatively modest difference between the parties' proposals—is what gives rise to Defendants' timing objection under *Purcell*. The issue exists under either schedule.

*Purcell* requires courts to consider the disruption caused by judicial intervention as elections approach. 549 U.S. at 4–5. More recently, the Supreme Court stayed a redistricting injunction in *Abbott v. League of United Latin American Citizens*, emphasizing concerns associated with federal intervention during an active election cycle. 146 S. Ct. 418, 419–20 (2025).

Once candidates qualify under existing district lines, changing those lines may require reconsidering qualifications, reopening candidate entry, revising campaign activity, and modifying election administration. Those concerns become especially significant where liability proceedings must still be followed by remedial proceedings and implementation efforts. As another Mississippi court recently recognized, the potential ability to adjust deadlines does not itself establish the practical feasibility of election related relief. *Foster v. State of Mississippi*, No. 3:26-cv-181-SA-JMV, 2026 WL 2352910, at *14–15 (N.D. Miss. Aug. 13, 2026). Defendants therefore preserve

their position that any request for judicially imposed maps affecting the 2027 elections raises substantial timing concerns, regardless of which proposal the Court adopts.

Thus, Defendants raise and preserve their *Purcell* objection now, before the Court selects a schedule. Providing dates for discovery, expert disclosures, trial, and post-trial proceedings does not constitute an assurance that either timetable permits timely or feasible map changes for the 2027 elections. Defendants request adoption of the proposed dates without treating their submission or participation in proceedings as a waiver of the *Purcell* objection or a determination that relief altering the 2027 election is available.

## III. A SCHEDULING ORDER DOES NOT RESOLVE THE *PURCELL* OBJECTION

The federalism argument is separate from, and consistent with, Defendants' *Purcell* objection. *Growe* concerns deference to timely state redistricting activity. 507 U.S. at 32–37, 42. *Purcell* concerns the distinct equitable limits on federal judicial changes to election rules as an election approaches. *See Merrill v. Milligan*, 142 S. Ct. 879, 880–81 (2022) (Kavanaugh, J., concurring). Allowing the State's own process to move forward does not concede that a court-imposed map could be implemented for the 2027 elections. Defendants maintain that objection under either proposed schedule.

## IV. DEFENDANTS' PROPOSED SCHEDULE

Subject to the objections stated above, Defendants propose the following schedule:

| | Plaintiffs' Proposal | **Defendants' Proposal** |
|---|---|---|
| Plaintiffs' expert reports | Oct. 23, 2026 | **Nov. 16, 2026** |
| Defendants' expert reports | Nov. 23, 2026 | **Jan. 8, 2027** |
| Plaintiffs' rebuttal reports | Dec. 7, 2026 | **Jan. 22, 2027** |
| Close of discovery/ depositions | Dec. 18, 2026 | **Feb. 5, 2027** |
| Supplemental witness/exhibit lists and pretrial briefing | Jan. 5, 2027 | **Feb. 15, 2027** |
| Trial | Jan. 11–15, 2027 | **Feb. 22–26, 2027** |
| Post-trial briefing/proposed findings [if desired] | Jan. 22, 2027 | **Mar. 5, 2027** |
| Liability ruling | Feb./Mar. 2027 | **Mar. 22, 2027** |
| [If needed] Deadline for the Legislature to enact any remedial plans[*] | March 31, 2027 | **Mar. 31, 2027 (SAME)** |
| [If needed] All parties to submit any objections and alternative plans to any remedial plan enacted by the Legislature* | April 14, 2027 | **Apr. 14, 2027 (SAME)** |
| [If needed] All parties to file any response to objections and alternative plans* | April 21, 2027 | **Apr. 21, 2027 (SAME)** |
| Remedial ruling* | May 3, 2027 | **May 3, 2027 (SAME)** |

[*] Note the dates post-liability ruling do not change from the dates proposed by Plaintiffs.

## V. CONCLUSION

WHEREFORE, Defendants therefore respectfully request that the Court adopt Defendants' proposed schedule, recognize that Defendants have expressly preserved their *Purcell* objection, and clarify that entry of a scheduling order does not waive or resolve any dispute concerning the availability, feasibility, or timing of election related relief.

THIS the 19th day of October, 2026.

Respectfully submitted,

STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF MISSISSIPPI; LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI; MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE, DEFENDANTS

By: *<u>/s/ Tommie S. Cardin</u>*
Tommie S. Cardin (MB #5863)
ONE OF THEIR COUNSEL

OF COUNSEL:

Tommie S. Cardin (MB #5863)
P. Ryan Beckett (MB #99524)
B. Parker Berry (MB #104251)
J. Dillon Pitts (MB #106399)
**BUTLER SNOW LLP**
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
P.O. Box 6010, Ridgeland, MS 39158-6010
Phone: 601.948.5711
Fax: 601.985.4500
tommie.cardin@butlersnow.com
ryan.beckett@butlersnow.com
parker.berry@butlersnow.com
dillon.pitts@butlersnow.com

Douglas T. Miracle (MB #9648)
**STATE OF MISSISSIPPI**
**OFFICE OF THE ATTORNEY GENERAL**
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
doug.miracle@ago.ms.gov

**CERTIFICATE OF SERVICE**

I, Tommie S. Cardin, one of the attorneys for the Defendants, do hereby certify that I have this day filed the above and foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

This the 19th day of October, 2026.

*/s/ Tommie S. Cardin*
Tommie S. Cardin

103141327.v3