UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MISSISSIPPI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL. PLAINTIFFS

V. CIVIL ACTION NO. 3:22-CV-734-DPJ-HSO-LHS

STATE BOARD OF ELECTION COMMISSIONERS, ET AL. DEFENDANTS

ORDER

This Voting Rights Act case is before the Court for scheduling purposes. On May 18, 2026, the Supreme Court vacated the three-judge panel's judgment and remanded the case for consideration in light of its decision in *Louisiana v. Callais*, 608 U.S. 85(2026). The panel invited briefs from the parties regarding next steps, and Plaintiffs moved for a temporary restraining order requiring Secretary of State Michael Watson to use the 2025 legislative district lines adopted as a result of the panel's liability ruling rather than the 2022 legislative district lines challenged in this lawsuit. The panel denied the motion, finding that "[a]ny supposed harm posed by a return to the 2022 lines would not" materialize "until the 2027 election cycle," meaning there was "adequate time for courts or the [Mississippi] Legislature to act before any harm would occur." Order [318] at 6.

Shortly after the panel denied Plaintiffs' TRO motion, Plaintiffs filed a motion for entry of a scheduling order. Mot. [319]. Defendants responded in opposition to that motion and filed a motion to stay the case "until the earliest of: (1) enactment of new legislative redistricting plans; (2) Defendants' filing of notice that no new plans will be considered before the 2027 Regular Session; or (3) December 28, 2026." Mot. [323] at 1. The panel denied Defendants' motion to stay, finding that if the state decided to keep the 2022 maps, "the requested stay would push the

litigation back just enough to make any *potential* relief before the 2027 elections unlikely." Order [331] at 2. It also granted Plaintiffs' motion for a scheduling order and directed the parties to confer in an effort "to develop an agreed-upon schedule." *Id.* at 3. The parties could not agree on a schedule, so on October 19, 2026, Defendants filed their own proposed schedule. Per the panel's order, the undersigned held a telephonic status conference on October 21, 2026, ruled that discovery could begin, and set an October 30 deadline for Plaintiffs' expert designations and a November 30 deadline for Defendants' expert designations. The balance of the schedule (announced below) flows from those dates, but before setting additional deadlines, the Court briefly addresses why it adopted Plaintiffs' proposed expert deadlines rather than Defendants'.

Defendants raised three primary arguments in favor of its more delayed schedule. First, in support of its longer delay between Plaintiffs' and Defendants' expert-designation deadlines, Defendants said they anticipate needing more than one month to designate experts following Plaintiffs' disclosures. But this argument is speculative and premature. Once they receive Plaintiffs' disclosures—all of which Plaintiffs have represented will come from already disclosed experts—they will be in a better position to assess whether (and how much) additional time is needed. The Court will not preemptively assume that the customary 30 days is insufficient.

Next, Defendants argued that if the issues become moot by passage of new legislative district lines, the parties will have wasted time and money engaging in discovery on dead issues. Defendants made that argument to the panel in their motion to stay, and the panel rejected it. Order [331] at 2. Finally, they raise related federalism concerns: they argue the Court should let the legislative process play out longer than Plaintiffs' plan allows in deference to state redistricting activity. They raised those concerns in their motion to stay, which the panel denied. *See* Mem. [324] at 6. But Defendants' own proposed schedule sets trial during the legislative

session, leaving the sole disagreement about how much time to give the Legislature. It appears to the undersigned that, given the schedule announced in this Order, it is within the Legislature's power to endeavor to address the maps in an expeditious manner.

Turning to the deadlines, the parties agree that Plaintiffs' rebuttal expert designations should be due two weeks after Defendants' expert designations. The Court therefore sets a December 14, 2026 deadline for Plaintiffs' rebuttal expert designations. The parties' positions as to the close of discovery are also close—Plaintiffs' proposed deadline is 11 days after the rebuttal-expert deadline, and Defendants' requested schedule puts 2 weeks between the two deadlines. Given the intervening holidays and the panel's availability for trial, the Court gives both sides more breathing room than their proposed schedules and sets a January 29, 2027 discovery deadline.

So that leaves trial and the deadlines that go along with it.[1] Having consulted with the members of the panel, the Court sets the case for a bench trial to be held on February 16–22, 2027. That makes witness lists, exhibit lists, and pretrial briefs due February 8, 2027, and post-trial briefs due March 1, 2027. The Court also orders that this case be reopened in accordance with the panel's Order [331] authorizing a scheduling order and discovery.

**SO ORDERED AND ADJUDGED** this the 28th day of October, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

[1] At the telephonic status conference before the undersigned, both sides represented that they did not anticipate any *Daubert* or dispositive motions and therefore did not seek a deadline for such motions, so the Court has not set one. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Should a party decide it wishes to file a *Daubert* or dispositive motion, it should inform the undersigned sufficiently in advance of trial so that a schedule for briefing any motions may be put in place.